# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | |
| LYNN TILTON,<br>PATRIARCH PARTNERS, LLC,<br>PATRIARCH PARTNERS VIII, LLC,<br>PATRIARCH PARTNERS XIV, LLC,<br>PATRIARCH PARTNERS XV, LLC<br>PATRIARCH PARTNERS AGENCY SERVICES, LLC,<br>PATRIARCH PARTNERS MANAGEMENT GROUP, LLC<br>OCTALUNA, LLC,<br>OCTALUNA II, LLC,<br>ARK II CLO 2001-1, LLC,<br>ARK INVESTMENT PARTNERS II, L.P.,<br>LD INVESTMENTS, LLC<br>ZOHAR HOLDING, LLC, and<br>ZOHAR HOLDINGS, LLC | |
| Defendants. | |

**MOTION OF MBIA INSURANCE CORPORATION FOR AN ORDER
TO FILE COMPLAINT UNDER SEAL**

MBIA Insurance Corporation ("MBIA") files this motion (the "Motion to Seal")

seeking entry of an order substantially in the form annexed hereto as Exhibit A (the "Order"),

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing MBIA to file under seal its *Complaint* (the "Complaint")[2] filed concurrently herewith. In support of this Motion to Seal, MBIA respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this Motion to Seal, MBIA seeks entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing MBIA to file its Complaint under seal.

## BASIS FOR RELIEF

3. The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

5. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

6. The Complaint includes sensitive information regarding the Debtors and their Portfolio Companies which information, if disclosed, could impact the implementation of the monetization process, and particularly the ongoing marketing processes and operations of those Portfolio Companies during that monetization process under the settlement agreement approved by the Court in the above-captioned chapter 11 cases on May 21, 2018 [D.I. 266]. The Complaint asserts certain claims and causes of action against Lynn Tilton and various Patriarch Stakeholders, and Ms. Tilton is one of the participants in the monetization process for certain of the Portfolio Companies. The Complaint includes information that may conceivably impact the monetization process, to the detriment of the Debtors and all stakeholders in their Chapter 11 cases. MBIA thus believes it is appropriate to file its Complaint under seal.

7. Further, MBIA submits that the Complaint should be sealed in its entirety while the monetization process continues. As the Debtors provided in a recent similar motion


seeking to seal their complaint against substantially the same defendants named in MBIA's Complaint, "[w]ere the contents of the Complaint to be made publicly available at this stage of these cases, it would risk undermining the consummation of critical business transactions and otherwise may risk damaging the Debtors' ability to maximize the value of their assets for the benefit of all stakeholders." *See* [Adv. Proc. No. 20-50534, D.I. 7]. The Court granted the Debtors similar request to seal that complaint in its entirety. *See* Order Authorizing Filing of the Complaint Under Seal, Docket No. 11, Adv. Proc. No. 20-50534 (KBO).

8. MBIA further submits that filing its Complaint under seal will not cause undue prejudice to any parties in interest, including because it is of limited duration. That is, MBIA requests that the Complaint remain under seal only while the monetization process is ongoing and that the Complaint be unsealed when the monetization process concludes. MBIA will confer with the Defendants, the Debtors and other interested parties with respect to proposed redactions to the Complaint. At the conclusion of the monetization process, MBIA will file with the Court a publicly viewable form of the Complaint in accordance with Local Rule 9018-1(d).

9. MBIA has or will immediately share unredacted versions of the Complaint with the Court, the Office of the United States Trustee for the District of Delaware, counsel for the Debtors, counsel to the Defendants, counsel to the Zohar III Controlling Class, and counsel to U.S. Bank, in its capacity as Trustee for the Zohar Funds.

**NOTICE**

10. Notice of this Motion to Seal shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Defendants; and (d) counsel to the Zohar III Controlling Class. MBIA submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

11. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, MBIA respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A.

Dated: July 30, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Timothy P. Cairns*
Laura Davis Jones (Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
          tcairns@pszjlaw.com

-and-

CADWALADER, WICKERSHAM & TAFT LLP
Gregory M. Petrick
Ingrid Bagby
Michele C. Maman
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Email: gregory.petrick@cwt.com
          ingrid.bagby@cwt.com
          michele.maman@cwt.com

*Counsel to MBIA Insurance Corporation*