# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| MBIA INSURANCE CORPORATION,<br><br>        Plaintiff,<br><br>-against-<br><br>LYNN TILTON,<br>PATRIARCH PARTNERS, LLC,<br>PATRIARCH PARTNERS VIII, LLC,<br>PATRIARCH PARTNERS XIV, LLC,<br>PATRIARCH PARTNERS XV, LLC<br>PATRIARCH PARTNERS AGENCY<br>SERVICES, LLC,<br>PATRIARCH PARTNERS MANAGEMENT<br>GROUP, LLC<br>OCTALUNA, LLC,<br>OCTALUNA II, LLC,<br>ARK II CLO 2001-1, LLC,<br>ARK INVESTMENT PARTNERS II, L.P.,<br>LD INVESTMENTS, LLC<br>ZOHAR HOLDING, LLC, and<br>ZOHAR HOLDINGS, LLC,<br><br>        Defendants. | Adversary No. 20-50776 (KBO) |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING WITH RESPECT TO THE PATRIARCH DEFENDANTS' MOTION TO EXTEND TIME TO <u>ANSWER OR OTHERWISE RESPOND TO COMPLAINT</u>**

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

57772/0001-21096929v1

Defendants Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Patriarch Partners Agency Services, LLC; Patriarch Partners Management Group, LLC; Octaluna, LLC; Octaluna II, LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, L.P.; LD Investments, LLC; Zohar Holding, LLC; and Lynn Tilton (collectively, the "Patriarch Defendants") hereby submit this motion for entry of an order shortening the notice period and scheduling hearing (the "Motion to Shorten") on the Motion to Extend Time to Answer or Otherwise Respond to Complaint ("Motion to Extend")[2] pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Motion to Shorten, Patriarch represents as follows:

## RELIEF REQUESTED AND BASIS FOR RELIEF

1.      On July 30, 2020, MBIA Insurance Corporation ("MBIA") filed the above-captioned adversary proceeding against Patriarch.

2.      The Summons and Complaint were served on the Patriarch Defendants by United States Postal Service, *see* D.I. 3 at 3. Shortly after the Patriarch Defendants received copies of the papers, they reached out to MBIA in an effort to reach agreement regarding an extension of time to answer. Unfortunately, the parties have not been able to agree on a schedule.

3.      The current deadline to file an answer or otherwise respond to the Complaint is August 31, 2020 (the "Answer Deadline").

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion to Extend.

4.      Contemporaneous with the filing of this Motion to Shorten, the Patriarch Defendants filed the Motion to Extend. The Motion to Extend seeks, in part, entry of an order extending the time to answer or otherwise respond to the Complaint until after the SDNY rules on the Remand and Transfer motions or, in the alternative, an extension of 60 days to October 30, 2020.

5.      Local Rule 7007-1 provides, in part, that a party shall have no later than fourteen (14) days to file a response to a motion file in an adversary proceeding. Del. Bankr. L.R. 7007-1(a)(ii). Local Rule 7007-3 provides, in part, that "no hearing will be scheduled on motions filed in adversary proceedings, unless the Court orders otherwise, except for discovery-related motions which shall be governed by Local Rule 9006-1(b)." Del. Bankr. L.R. 7007-3. Local Rule 7007-4 provides, in part, that "no earlier than seven (7) days and no later than fourteen (14) days after completion of briefing or expiration of a deadline on an adversary proceeding motion, counsel to the movant shall file and serve on counsel for all parties in the adversary proceeding a 'Notice of Completion of Briefing' containing a list of all relevant pleadings with related docket numbers or a 'Certificate of No Objection' to the extent the respective motion or pleading was unopposed and no briefing occurred." Del. Bankr. L.R. 7007-4.

6.      By this Motion to Shorten, Patriarch respectfully requests the entry of an Order shortening the notice period and setting the Motion to Extend for the hearing scheduled on August 25, 2020 (the "August 25 Hearing") and establishing a shortened deadline for responding to the Motion to Extend.

7.      Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or

3

allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8.    The facts justify shortening notice and the relief requested herein should be granted. Under the Local Rules, MBIA's deadline to respond to the Motion to Extend and related time period to file a notice of completion and request for oral argument under the Local Rules would not occur until after the Answer Deadline. The Patriarch Defendants submit that the Motion to Extend should be heard at the August 25 Hearing because a delay in scheduling the Motion to Extend until the next regularly scheduled omnibus hearing would not provide the Patriarch Defendants with a decision on the Motion to Extend prior to the Answer Deadline. MBIA will not be prejudiced by the Motion to Shorten because the issues in the Motion to Extend are straightforward and simple, and MBIA is well aware that Patriarch was going to file a motion for relief with the Court. Consequently, Patriarch submits that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

## CERTIFICATION

9.    In accordance with Local Rule 9006-1(e), Delaware Counsel states that counsel to MBIA was contacted regarding the relief requested in this Motion to Shorten, but MBIA has not yet responded.  The Office of the United States Trustee has no objection.

4

**WHEREFORE**, the Patriarch Defendants respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing on the Motion to Extend on August 25, 2020 at 1:00 p.m. (prevailing Eastern Time); (ii) permitting responses or objections to the Motion to Extend be presented at the hearing; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 19, 2020

**COLE SCHOTZ P.C.**

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
preilley@coleschotz.com

-and-

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Michael Tremonte (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com
mtremonte@shertremonte.com

*Counsel to Patriarch*

57772/0001-21096929v1