## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | |
| LYNN TILTON;<br>PATRIARCH PARTNERS, LLC;<br>PATRIARCH PARTNERS VIII, LLC;<br>PATRIARCH PARTNERS XIV, LLC;<br>PATRIARCH PARTNERS XV, LLC;<br>PATRIARCH PARTNERS AGENCY<br>SERVICES, LLC;<br>PATRIARCH PARTNERS MANAGEMENT<br>GROUP, LLC;<br>OCTALUNA LLC; OCTALUNA II LLC;<br>ARK II CLO 2001-1, LLC;<br>ARK INVESTMENT PARTNERS II, LP;<br>LD INVESTMENTS, LLC;<br>ZOHAR HOLDING, LLC; and<br>ZOHAR HOLDINGS, LLC, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR AN ORDER AUTHORIZING DEFENDANTS TO EXCEED PAGE LIMITATION ON THEIR REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Defendants Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, Zohar Holding, LLC, and Lynn Tilton (collectively, the "Defendants"), by and through their counsel, hereby submit this motion (the "Motion to Exceed the Page Limit") for entry of an order granting leave to exceed the page limitations for their Reply in Further Support of their Motion to Dismiss ("Reply") the Complaint filed on July 30, 2020 [Adv. D.I. 2] (the "Complaint") by Plaintiff MBIA Insurance Corporation ("Plaintiff" or "MBIA"). In support of the Motion to Exceed the Page Limit, the Defendants respectfully state as follows:

## **BACKGROUND**

1.     Defendants are parties to the above-captioned adversary proceeding (the "Adversary Proceeding").

2.     Defendants seek to file a response to the Complaint. Because of the length and complexity of the Complaint – which is more than 90 pages long and asserts 11 counts against fourteen separate parties[2] – and the diversity of factual and legal issues presented therein, Defendants seek leave to file a Brief in excess of the thirty (30) page limit set forth in Local Rule 7007-2(a)(iv) in the Adversary Proceeding.

---

[2] On December 3, 2020, MBIA voluntarily dismissed Zohar Holdings, LLC from these proceedings [Adv. D.I. 45]; therefore, only thirteen separate defendants remain party to this lawsuit.

## RELIEF REQUESTED

3.      By this Motion to Exceed the Page Limit, Defendants seek leave of Court to exceed the page limitations for the concurrently filed Brief under Local Rule 7007-2(a)(iv).

## BASIS FOR RELIEF

4.      Local Rule 7007-2(a)(iv) provides that "[w]ithout leave of Court . . . no reply shall exceed fifteen (15) pages." Local Rule 7007-2(a)(iv) thereby permits the Defendants to file a reply brief of up to fifteen (15) pages.

5.      Defendants seek leave of the Court to file their Reply in excess of fifteen (15) pages to address the numerous counts asserted in the Complaint and to address the complex legal issues raised in MBIA's Opposition [Adv. D.I. 46].

6.      Defendants submit that cause exists to justify the relief requested herein. The Reply implicates complex legal and factual issues surrounding MBIA's various statutory and common law claims related to Defendants' rights and obligations under dozens of agreements referenced in the Complaint. The Reply raises arguments under, *inter alia*, the statutory and common law of multiple states, the Bankruptcy Code, and the U.S. Constitution. The Reply also addresses and provides a comprehensive analysis of the complex legal and factual issues related to: two tortious interference claims; one breach of fiduciary duty claim; one aiding and abetting breach of fiduciary duty claim; one conversion claim; one unjust enrichment claim; one breach of contract claim; one declaratory judgment claim; one faithless servant claim; one malicious prosecution claim; and one abuse of process claim.

7.      Courts routinely grant motions to file pleadings in excess of page limits specified by local rules when the issues addressed are significant and complex. *See Jannota v. Subway Sandwich Shops, Inc.*, 1995 U.S. Dist. LEXIS 7586 at * 3, n.3 (N.D. Ill. June 1, 1995) (leave granted in situations where parties represent that complexity of issues requires additional space).

3

In the matter of the Complaint and Opposition, both the complexity of the issues addressed and the sheer volume of allegations and parties require a detailed explanation so that the Court can make an informed decision.

8.      Further, the Court previously granted similar motions to exceed the page limitations with respect to Defendants' *Brief in Support of the Patriarch Defendants' Motion to Dismiss the Complaint* [Adv. D.I. 25]. *See* Adv. D.I. 42.

9.      Defendants therefore respectfully request leave to file their Reply in excess of the fifteen (15) page limit.

## NOTICE

10.     Notice of this Motion to Exceed the Page Limit has been provided to all parties to the Adversary Proceeding. In light of the nature of the relief requested, Defendants submit that no other or further notice need be provided.

WHEREFORE, the Defendants respectfully request entry of an order granting leave to file their Reply in excess of fifteen (15) pages.

Dated: January 8, 2021                **COLE SCHOTZ P.C.**

                                      By: */s/ Patrick J. Reilley*
                                      Norman L. Pernick (No. 2290)
                                      Patrick J. Reilley (No. 4451)
                                      G. David Dean (No. 6403)
                                      500 Delaware Avenue, Suite 1410
                                      Wilmington, DE  19801
                                      Telephone: (302) 652-3131
                                      Facsimile: (302) 652-3117 3
                                      npernick@coleschotz.com
                                      preilley@coleschotz.com
                                      ddean@coleschotz.com

                                      – and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Michael Tremonte (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com
mtremonte@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC*