# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | |
| LYNN TILTON, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC OCTALUNA, LLC, OCTALUNA II, LLC, ARK II CLO 2001-1, LLC, and ARK INVESTMENT PARTNERS II, L.P. | **Related Adv. Docket Nos. 4, 6, 11, 62** |
| Defendants. | |

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

1

**ORDER GRANTING MOTION OF MBIA INSURANCE CORPORATION
TO FILE COMPLAINT UNDER SEAL**

Upon the Motion (the "Motion to Seal")[2] of MBIA Insurance Corporation ("MBIA") seeking entry of an order (this "Order"), pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing MBIA to file under seal its complaint (the "Complaint") until the conclusion of the monetization process; and it appearing that there is good and sufficient cause for the relief set forth in this Order; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the notice of the Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Seal and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion to Seal is GRANTED, as set forth herein.

2. MBIA is authorized to file those portions of the Complaint that were redacted in Dkt. No. 62 (the "Confidential Information") under seal.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion to Seal or the Complaint, as applicable.

2

        3.      The Confidential Information shall not be disseminated to anyone other than: (a) the Court; (b) MBIA; (c) Defendants; (c) the Zohar III Controlling Class; (d) the Debtors; (e) Ankura; (f) U.S. Bank, in its capacity as Trustee for the Zohar Funds; (e) the Office of the United States Trustee for the District of Delaware, and (f) the respective advisors and counsel for each of the foregoing, without either: (i) the express consent of MBIA, the Defendants, and the Debtors or (ii) further order of the Court. All parties receiving the Confidential Information shall maintain its confidentiality, including in connection with any pleadings filed with this Court.

        4.      Parties receiving Confidential Information are authorized to file under seal any response, objection, reply, motion, brief or other document (each, a "<u>Related Pleading</u>") that includes reference to the Confidential Information in the Complaint, and shall file a proposed redacted version of the Related Pleading pursuant to the requirements of Delaware Local Rule 9018-1(d).

        5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

        6.      MBIA is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

        7.      The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.