# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | **Related to Adv. Dkt. # 6** |
| LYNN TILTON, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC OCTALUNA, LLC, OCTALUNA II, LLC, ARK II CLO 2001-1, LLC, ARK INVESTMENT PARTNERS II, L.P., LD INVESTMENTS, LLC, ZOHAR HOLDING, LLC, and ZOHAR HOLDINGS, LLC, | |
| Defendants. | |

**PLAINTIFF MBIA INSURANCE CORPORATION'S LIMITED
RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO EXTEND TIME**

---

[1]  The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Plaintiff MBIA Insurance Corporation ("MBIA") respectfully submits the following limited objection to the *Patriarch Defendants' Motion To Extend Time To Answer Or Otherwise Respond To The Complaint* (D.I. 6) (the "Motion").[2]

## LIMITED OBJECTION

1. MBIA does not object to a reasonable extension of time for Defendants to respond to the MBIA Complaint. To the contrary, MBIA is willing and in fact already offered to extend Defendants' deadline by an additional 5 weeks, to October 7, 2020,[3] which would provide Defendants with more than two months to respond to MBIA's Complaint. MBIA's proposed timeline is not only fair, but perfectly logical because it would align the schedule in this case with the Debtors' substantively similar adversary proceeding (the "Debtors' Adversary Proceeding") against Ms. Tilton and many of the same Tilton-affiliated entities named as defendants here (collectively "Patriarch"). *See* Order, dated July 23, 2020 (Adversary Proceeding No. 20-50534, D.I. 34).

2. The Court should deny Defendants' attempt to tie this case to the entirely dissimilar Equitable Subordination Action for the same reasons the Court denied Patriarch's attempt to so tie the Debtors' Adversary Proceeding. *Id.* The Motion asks the Court to extend Defendants' time to respond to MBIA's Complaint until the parties learn whether two pre-petition actions commenced by Patriarch in New York (the "New York Actions") will be transferred to this Court for possible

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. Except where otherwise indicated, all Docket Items refer to filings in the above-captioned Adversary Proceeding No. 20-50776 (KBO).

[3] Tellingly, Defendants omitted from their Motion papers MBIA's August 19 email communication offering Defendants a 5-week extension, in addition to Defendants' initial 30-day period, to respond to the Complaint. Unlike Exhibit B to Defendants' Motion, which is incomplete, **Exhibit 1** attached hereto is a complete and accurate record of the parties' email communications on these issues.

coordination with Patriarch's Equitable Subordination Action. Patriarch made the exact same request in the Debtors' Adversary Proceeding, and the Court rejected it. Defendants' requested extension is equally unjustified here.

3. ***First***, Defendants have not demonstrated (and cannot demonstrate) that extending their time to answer MBIA's Complaint so that it coincides with the schedule in the Equitable Subordination Action will promote judicial economy or conserve party or judicial resources. According to Defendants, the MBIA Complaint is a "mirror image" of the Equitable Subordination Action, and Defendants' requested extension is necessary to avoid the "unnecessary costs and expenses associated with filing duplicative pleadings and conducting duplicative discovery." Motion at ¶ 27; *id.* at p. 12 ¶ 35. The allegations in the parties' respective complaints, however, including the allegations cherry-picked by Defendants and selectively excerpted in the Motion's side-by-side comparison, do not support Defendants' argument. *See id.*

4. Notwithstanding Defendants' characterizations of the parties' allegations, the Complaint does not allege MBIA's "mirror" version of facts and events recounted by Patriarch's pleadings in the Equitable Subordination and New York Actions. Rather, MBIA's Complaint alleges independent claims based on Patriarch misconduct not at issue or even mentioned in the Equitable Subordination Action — claims that do not need to be decided for the Court to adjudicate Patriarch's equitable subordination complaint (and vice-versa). For example, in the Equitable Subordination Action (and New York Actions), Patriarch alleges that MBIA and other senior Zohar creditors engaged in a scheme to wrest away Patriarch's control over the Zohar Funds and purported equity ownership of the Zohar portfolio companies, including by refusing to consent to an extension of the Zohar note maturity dates, inducing Patriarch to purchase certain Zohar notes, colluding with United States Securities and Exchange Commission, inducing Patriarch's

resignation as Zohar collateral manager and replacing it with Alvarez & Marsal, conducting a commercially unreasonable auction of Zohar I assets, removing Patriarch as director of the Portfolio Companies, and directing unjustified litigation against Patriarch. *See, e.g.*, Equitable Subordination Compl. (Adversary Proceeding No. 20-50390, D.I. 2) ¶ 233. In contrast, MBIA alleges that Defendants breached their contractual and legal duties to MBIA by causing the Zohar Funds' note payment defaults through, for example, stealing benefits of Portfolio Company equity acquired with Zohar assets, refusing to timely monetize those equity assets, modifying Portfolio Company loans without consideration or legitimate justification, engaging in self-dealing transactions with the Portfolio Companies for Patriarch's own personal benefit, embezzling Zohar assets under the guise of fake loans, concealing and misrepresenting performance of Zohar assets, and engaging in frivolous and obstructionist litigation. *See, e.g.*, Compl. (D.I. 2) at ¶ 5. Accordingly, separately litigating the parties' respective claims based on these very different allegations would not result in duplicative discovery.

5. Meanwhile, MBIA's and the Debtors' pleadings do in fact involve overlapping facts and legal issues and, thus, coordinating the schedule in this case with the Debtors' Adversary Proceeding will reduce the cost and time burdens imposed on the parties and the Court. Similar to MBIA's Complaint, the Debtors' complaint alleges that Patriarch misused its controlling positions at the Zohar Funds and Portfolio Companies to enrich itself and engaged in fraud and self-dealing in breach of its contractual and legal duties to the Zohar Funds and their stakeholders.[4] There can be no doubt that Patriarch's answers to the factual allegations in the Debtors' Complaint will be similar to MBIA's allegations. Many of the very same documents and testimony relevant

---

[4] *Compare, e.g.*, MBIA Compl. (D.I. 2) at ¶¶ 1, 5-6, 73-74, 87-89, 160, 179 *with* Debtors' Compl. (Adversary Proceeding No. 20-50534, D.I. 2) at ¶¶ 1-8, 97, 99-102, 120, 131-32, 134, 141-43, 148, 153.

to the claims in MBIA's Complaint will also be relevant to Debtors' claims. Further, any motion practice regarding the merits of the Debtors' and MBIA's claims, or the adequacy of their pleadings, also will almost certainly involve similar legal issues and factual disputes. Proceeding on comparable timeframes here and in the Debtors' Adversary Proceeding will therefore allow the Court and the parties to efficiently administer and advance these cases to their conclusion.

6.      For the avoidance of doubt, to the extent that Defendants plead facts or defenses in response to MBIA's Complaint that may justify the coordination of schedules or discovery in this case and the Equitable Subordination Action, MBIA is willing to meet and confer with Defendants and other interested parties regarding an appropriate case management schedule. Today, however, is not that day. As the Court ruled in the Debtors' Adversary Proceeding, it will be more efficient for Patriarch first to respond to MBIA's Complaint so the parties can then address any potential need for coordination in light of Defendants' responsive pleadings.

7.      *Second*, Defendants' alternative request of 60 additional days (and 90 days total) to respond to MBIA's Complaint — until October 30 — is excessive and unreasonable. MBIA's proposed due date of October 7 is more than fair, and equity does not require more time than that. The Motion's comparison of the amount of time for MBIA to respond in the Equitable Subordination Action to Defendants' time to respond to MBIA here is unsound for the reasons above — the two actions are completely different. Further, the need to extend MBIA's and its equitable subordination co-defendants' time arose solely because *Patriarch* elected to commence multiple actions in multiple different jurisdictions based on nearly identical allegations. And the parties await to see if the New York Actions will be transferred to this Court to avoid the inefficiencies caused by Patriarch's duplicative pleadings.

8. Defendants' related contention that fairness requires an additional 2-months' time because of extensions purportedly granted by Patriarch to MBIA similarly fails. MBIA and its co-defendants sought and obtained extensions of time to respond in the Equitable Subordination Action — ultimately over Patriarch's objection — not because of personal conflicts or convenience, but because proceeding in the Equitable Subordination Action while the Debtors' and creditors' motions to transfer the New York Actions remained pending made so sense. MBIA and Defendants also mutually agreed to toll statutes of limitations governing their respective claims to avoid MBIA suing Defendants in May 2020, when both sides were still adjusting to the new challenges presented by COVID-19.

9. Defendants incredibly claim that they need until October 30 — rather than October 7, as MBIA proposed — for counsel to familiarize themselves with the record, meet Court deadlines in other Zohar proceedings, and accommodate other professional and personal commitments. Defendants offer no explanation though as to why MBIA's proffered deadline does not address all of their scheduling concerns. Defendants are sophisticated parties that have engaged multiple esteemed (and expensive) law firms in these Zohar matters. Indeed, attorneys from 4 different firms have appeared in this Court to argue substantive matters on Patriarch's behalf just in the last 6 weeks. Given the phalynx of lawyers engaged by Defendants in relation to the Zohar Funds, expecting Defendants to answer or otherwise respond to MBIA's complaint within the 10 weeks proposed by MBIA here is not too much to ask.

10. ***Third***, Defendants incorrectly contend that MBIA will not be prejudiced by the Motion's requested relief. The months that MBIA refrained from suing Defendants does not demonstrate a lack of present urgency and should not be held against it. If relevant at all, such time and restraint evidences only that MBIA reasonably relied on Defendants' promises to get

6

MBIA "Paid in Full" and to work with the Debtors to monetize the Zohar Portfolio Companies in accordance with their obligations under the Settlement Agreement and applicable law. To the extent MBIA's reliance was misplaced, Defendants have only themselves to blame.

11.  *Fourth*, and finally, MBIA and Defendants agree on one thing: this scheduling dispute should never have reached the Court. Unlike Defendants, however, MBIA made multiple good-faith attempts to resolve this dispute consensually and avoid burdening the Court. *See* Exhibit 1, attached hereto. MBIA first offered Defendants an extra 2 weeks, in addition to Defendants' initial 30-day period, to respond to the Complaint. After Defendants rejected that offer, MBIA initiated telephonic discussions to make clear it was willing to be flexible and entertain reasonable proposals to address legitimate conflicts and timing concerns. Defendants refused to move to the middle and instead responded with emails crafted to cast MBIA's good faith efforts at direct dialogue in a negative light. After Defendants confirmed their intent to proceed with costly motion practice instead of finding common ground, MBIA effectively capitulated: MBIA offered Defendants an October 7 response date that addressed all of Patriarch's proffered concerns and still aligns this case with the schedule in the Debtors' Adversary Proceeding. Apparently unsatisfied with 10 weeks' time to respond to MBIA's Complaint, Defendants unjustifiably and unreasonably filed the Motion without responding to MBIA's latest offer.

12.  This case should go forward on a schedule aligned with the Debtors' Adversary Proceeding. Accordingly, MBIA does not oppose a modest extension of approximately 2 to 5 weeks' additional time for Defendants to respond to MBIA's Complaint. Following Defendants' responsive pleading, MBIA is willing to meet and confer with Defendants and the parties to any

7

other Zohar adversary proceedings to determine coordination of schedules and discovery, as appropriate.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendants' Motion and the relief requested in the Proposed Order attached thereto.

Dated: August 24, 2020

**PACHULSKI STANG ZIEHL & JONES, LLP**

By: */s/ Timothy P. Cairns*_____
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-87055

and

**CADWALADER, WICKERSHAM & TAFT LLP**
Gregory M. Petrick, Esq.
Ingrid Bagby, Esq.
Michele C. Maman, Esq.
Sean F. O'Shea
Michael E. Petrella
Joshua P. Arnold, Esq.
200 Liberty Street
New York, NY 10281

*Attorneys for Plaintiff
MBIA Insurance Corporation*