# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>           Debtors.<br><br>—————————————————<br><br>MBIA INSURANCE CORPORATION,<br><br>           Plaintiff,<br><br>    -against-<br><br>LYNN TILTON;<br>PATRIARCH PARTNERS, LLC;<br>PATRIARCH PARTNERS VIII, LLC;<br>PATRIARCH PARTNERS XIV, LLC;<br>PATRIARCH PARTNERS XV, LLC;<br>PATRIARCH PARTNERS AGENCY<br>SERVICES, LLC;<br>PATRIARCH PARTNERS MANAGEMENT<br>GROUP, LLC;<br>OCTALUNA LLC; OCTALUNA II LLC;<br>ARK II CLO 2001-1, LLC;<br>ARK INVESTMENT PARTNERS II, LP;<br>LD INVESTMENTS, LLC;<br>ZOHAR HOLDING, LLC; and<br>ZOHAR HOLDINGS, LLC,<br><br>           Defendants. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br><br><br>Adversary No. 20-50776 (KBO) |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
### DISMISSED CLAIMS FROM THE AMENDED COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| LEGAL STANDARD | 2 |
| ARGUMENT | 2 |
| CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cassese v. Washington Mut., Inc.*,
No. 05-CV-2724, 2011 WL 13295945 (E.D.N.Y. June 7, 2011) ...................................... 3

*Conservation Force v. Salazar*,
878 F. Supp. 2d 268 (D.D.C. 2012) ................................................................................ 4

*Delaware Health Care, Inc. v. MCD Holding Co.*,
893 F. Supp. 1279 (D. Del. 1995) .................................................................................... 2

*In re Alstom SA*,
454 F. Supp. 2d 187 (S.D.N.Y. 2006) .............................................................................. 3

*Kuntz v. New York State Bd. of Elections*,
924 F. Supp. 364 (N.D.N.Y. 1996) .................................................................................. 3

*P. Stolz Family Partnership L.P. v. Daum*,
355 F.3d 92 (2d Cir. 2004) ............................................................................................... 3

*Palakovic v. Wetzel*,
854 F.3d 209 (3d Cir. 2017) ............................................................................................. 3

*Tierney v. Omnicom Group, Inc.*,
No. 06-CV-14302, 2007 WL 4526615 (S.D.N.Y. Dec. 20, 2007) .................................... 3

*U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*,
473 F.3d 506 (3d Cir. 2007) ............................................................................................. 3

**Statutes**

Section 105(a) of Title 11 of the United States Code .................................................................. 1

**Rules**

Fed.R.Bankr.P. 7012 ............................................................................................................. 1, 2, 4

Fed.R.Civ.P. 12(f) .................................................................................................................... 2, 4

**Other Authorities**

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382
 (2d ed.1990) .................................................................................................................. 2

Defendants Lynn Tilton; Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Patriarch Partners Agency Services, LLC; Patriarch Partners Management Group, LLC; Octaluna, LLC; Octaluna II, LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC (collectively, the "Patriarch Defendants"),[2] by and through their counsel, hereby submit this brief in support of the motion (the "Motion to Strike"), filed contemporaneously herewith, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order striking certain material relating to claims that were previously dismissed with prejudice from the Amended Complaint filed September 24, 2021 [D.I. 74] (the "Amended Complaint" or "Am. Compl.")[3] by Plaintiff MBIA Insurance Corporation ("MBIA" or "Plaintiff").[4]

## PRELIMINARY STATEMENT

As set out in the Court's July 23, 2021 *Memorandum Opinion* [D.I. 70] (the "Opinion") and *Order Granting in Part and Denying in Part Defendants' Motion to Dismiss* (the "Order") [D.I. 70], MBIA's original complaint suffered from numerous defects and deficiencies. While the Court granted MBIA leave to replead some of its claims, the Court also dismissed several claims with prejudice. Yet rather than respecting the Court's decision and adhering to the Opinion and Order, the Amended Complaint impermissibly repleads claims, along with supporting allegations, that are no longer part of this case. This material should be stricken because it is inconsistent with

---

[2] The caption of the Amended Complaint continues to name an entity called Zohar Holdings, LLC as a further defendant, but as MBIA acknowledges, that entity has been dismissed from the action. *See* Am. Compl. at ¶ 22.

[3] Defendants do not consent to entry of a final order by this Court.

[4] Capitalized terms not defined herein have the meanings ascribed to them in the Complaint. D.I. 2.

the Opinion and Order, because it overcomplicates an already complicated and lengthy pleading, because it creates confusion about which claims remain live, and because it will burden Defendants unnecessarily by forcing them to respond to allegations and claims that are no longer part of the case.

## LEGAL STANDARD

Under Rule 12(f), "the [C]ourt may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); Fed.R.Bankr.P. 7012(b). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (2d ed.1990)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1292.

## ARGUMENT

Two of MBIA's seven counts should be stricken from the Amended Complaint because they were dismissed with prejudice in the Court's Opinion and Order.

Specifically:

- **Count 5 – Malicious Prosecution:** The Court dismissed Count 5 with prejudice to the extent it was asserted against Patriarch XV, Order at 24-25, yet the claim is still asserted against Patriarch XV. *See* Am. Compl. at ¶¶ 258-63.

  The Court also dismissed Count 5 with prejudice to the extent it was alleged as to Ms. Tilton relating to the Zohar I Involuntary Proceeding, Order at 24-25, yet the claim is still asserted against Ms. Tilton. *See* Am. Compl. at ¶¶ 260, 263.

- **Count 6 – Abuse of Process:** The Court dismissed Count 6 with prejudice, Order at 27, yet the claim still appears in the Amended Complaint. *See* Am. Compl. at ¶¶ 264-67.

2

MBIA admits it deliberately included "causes of action dismissed without leave to replead by Order of the Court" and claim that they did so to preserve these claims for appeal. Am. Compl. at 107 n.4. This is hardly a satisfactory explanation for MBIA's approach since it is unnecessary to include claims dismissed with prejudice in an amended pleading in order to preserve any appellate rights relating to the Opinion and Order. *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("[T]he proper rule allows plaintiffs to appeal dismissals despite amended pleadings that omit the dismissed claim provided repleading the particular cause of action would have been futile.") (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007)).

Therefore, any claims, allegations, and parties set forth in the Amended Complaint that are inconsistent with the Opinion and Order should be stricken because they, by definition, do not bear on or pertain to the issues in question in this adversary proceeding. Courts routinely remove dismissed and re-alleged claims and parties from pleadings as immaterial and impertinent. *See, e.g., Cassese v. Washington Mut., Inc.*, No. 05-CV-2724, 2011 WL 13295945, at *2 (E.D.N.Y. June 7, 2011) (granting motion to strike allegations in the amended complaint because "the Second Circuit has expressly held that dismissed claims need not be retained in an amended pleading to preserve them for appeal") (citing *P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004)); *Tierney v. Omnicom Group, Inc.*, No. 06-CV-14302, 2007 WL 4526615, at *5 (S.D.N.Y. Dec. 20, 2007) (granting motion to strike allegations relating to previously-dismissed claims, and noting that pleading dismissed claims "out of an abundance of caution so as to preserve these claims on appeal" is "unwarranted"); *In re Alstom SA*, 454 F. Supp. 2d 187, 217 (S.D.N.Y. 2006) ("Plaintiffs are ordered to strike portions of the complaint relating to previously dismissed claims and parties."); *Kuntz v. New York State Bd. of Elections*, 924 F. Supp. 364, 367-68 (N.D.N.Y. 1996) (striking the dismissed claim from the complaint as immaterial); *see also*

3

*Conservation Force v. Salazar*, 878 F. Supp. 2d 268, 271 (D.D.C. 2012) ("Plaintiffs' counsel's failure to remove the already dismissed claims from the First Amended Complaint has caused opposing counsel and the court to waste time disposing of this issue.").

Allowing such extraneous material to remain in the operative complaint will cause prejudice and confusion. Defendants will be required to answer and defend against such claims even though this Court already ruled that they are legally insufficient, clearly rendering such claims and related allegations extraneous. Particularly in the context of a complex, 114-page, 274-paragraph Amended Complaint, the burden of responding to unnecessary claims and allegations is substantial. The extraneous material in the Amended Complaint is not only unduly burdensome, but it will also lead to confusion down the road, for the parties and for the Court. The operative complaint should make clear what allegations, claims, and parties are going forward.

Accordingly, Defendants request that the Court strike the allegations described above pursuant to FRCP 12(f) and FRBP 7012(b), and that the Court direct MBIA to file a further amended pleading that conforms to the Opinion and Order (as well as any forthcoming order on the present motion to dismiss) and that contains only surviving claims and allegations, as reflected in Annex 1.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order granting Defendants' Motion to Strike Dismissed Claims from the Amended Complaint as outlined above in its entirety.

Specifically, Defendants request that the Court enter an order dismissing:

- Count 5 to the extent alleged against Patriarch XV;
- Count 5 to the extent alleged as to Ms. Tilton relating to the Zohar I Involuntary Proceeding; and
- Count 6 in its entirety.

Defendants also specifically request that the Court enter an order striking from the Amended Complaint the extraneous material identified in Annex 1.

| | |
|---|---|
| Dated: November 19, 2021 | **COLE SCHOTZ P.C.** |
| | By: */s/ Patrick J. Reilley* |
| | Norman L. Pernick (No. 2290) |
| | G. David Dean (No. 6403) |
| | Patrick J. Reilley (No. 4451) |
| | 500 Delaware Avenue, Suite 1410 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 652-3131 |
| | Facsimile: (302) 652-3117 |
| | npernick@coleschotz.com |
| | ddean@coleschotz.com |
| | preilley@coleschotz.com |
| | |
| | – and – |
| | |
| | **SHER TREMONTE LLP** |
| | Theresa Trzaskoma (Admitted Pro Hac Vice) |
| | Mark Cuccaro (Admitted Pro Hac Vice) |
| | 90 Broad Street, 23rd Floor |
| | New York, New York 10004 |
| | Telephone: (212) 202-2600 |
| | Facsimile: (212) 202-4156 |
| | ttrzaskoma@shertremonte.com |
| | mcuccaro@shertremonte.com |
| | |
| | *Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC* |