## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | **Re: Adv. Docket No. 78** |
| LYNN TILTON;<br>PATRIARCH PARTNERS, LLC;<br>PATRIARCH PARTNERS VIII, LLC;<br>PATRIARCH PARTNERS XIV, LLC;<br>PATRIARCH PARTNERS XV, LLC;<br>PATRIARCH PARTNERS AGENCY<br>SERVICES, LLC;<br>PATRIARCH PARTNERS MANAGEMENT<br>GROUP, LLC;<br>OCTALUNA LLC; OCTALUNA II LLC;<br>ARK II CLO 2001-1, LLC;<br>ARK INVESTMENT PARTNERS II, LP;<br>LD INVESTMENTS, LLC;<br>ZOHAR HOLDING, LLC; and<br>ZOHAR HOLDINGS, LLC, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING FILING OF ANNEX 1 UNDER SEAL

Defendants, by and through their counsel, hereby submit this motion (the "Motion")

pursuant to:

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

(i) Sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

(ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

(iii) Rule 9018-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

(iv) this Court's *Order Approving and Authorizing the Settlement Agreement Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "Settlement Order"), entered on May 21, 2018 [D.I. 266]; and

(v) the Settlement Agreement (as defined in the Settlement Order) [D.I. 266 at Ex. 1],

for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") authorizing Defendants to file under seal certain portions of Annex 1 attached to the *Brief in Support of Defendants' Motion to Strike Dismissed Claims from the Amended Complaint* [Adv. D.I. 78] (the "Annex").[2] Pursuant to Local Rule 9018-1(d), Defendants filed concurrently herewith the Proposed Redacted Document (as defined in Local Rule 9018-1(d)(ii)).

In support of this Motion, Defendants respectfully represent as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware*, the Patriarch Stakeholders consent to entry of a final order by the Court in connection with this Motion[3] to the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Annex.

[3] Defendants do not consent to the jurisdiction of this Court or to entry of a final order for any purpose other than the resolution of this Motion.

2

extent it is later determined that, absent the consent of the parties, the Court cannot enter final order herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(d), the Settlement Order, and the Settlement Agreement.

## RELIEF REQUESTED

4.      By this Motion, Defendants request entry of the Proposed Order authorizing the filing of certain portions of the Annex under seal (the "Sealed Material"), as reflected in the Proposed Redacted Document.

## BASIS FOR RELIEF REQUESTED

5.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. In relevant part, it states that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* Fed. R. Bankr. P. 9018 ("On motion . . . the court may make any order which justice requires [ ] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

6.      Parties seeking to file briefs under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure in order to attain the

3

protections offered by Section 107(b). *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When Congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (internal citation omitted)). If the material sought to be protected falls within any of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

7.     "Commercial information . . . need not rise to the level of a 'trade secret'" to be entitled to protection under Section 107(b). *In re Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (the "clear and unambiguous usage of 'or' neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Although "commercial information includes 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations'" of a party, it "extends beyond the requirement that such information will give an entity's competitors an unfair advantage." *In re Borders Grp.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Orion Pictures*, 21 F.3d at 28). Instead, "the term includes situations

4

where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations.'" *Id.* (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991). As made clear by the plain language of the Bankruptcy Code, a movant need only demonstrate that the "information" in question is both "confidential" and "commercial" in nature. *See* 11 U.S.C. § 107(b)(1).

8.      The Sealed Material in the Annex satisfies Section 107(b) because it contains sensitive and confidential information previously filed under seal.  Specifically, the Sealed Material includes MBIA's amended pleading [*see*, *e.g.*, Adv. Docket No. 73], which MBIA filed under seal.

9.      Furthermore, in accordance with Local Rule 9018-1(d), Defendants filed concurrently herewith a publicly viewable redacted form of the Annex. Defendants and their counsel have conferred with the MBIA and the U.S. Trustee with respect to any proposed redactions for the Annex.

10.     For the reasons set forth above, Defendants submit that the Court should grant the relief requested herein and that approval of this Motion is necessary and appropriate.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that the Court (a) enter the Proposed Order authorizing Defendants to file the Annex under seal and approving the redactions as reflected in the Proposed Redacted Document, and (b) grant any such other and further relief as is just and proper.

Dated: December 9, 2021

**COLE SCHOTZ P.C.**

By: _/s/ Patrick J. Reilley_
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com
preilley@coleschotz.com

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Mark Cuccaro (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com
mcuccaro@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC*

6