## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |

| | |
|---|---|
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | Adversary No. 20-50776 (KBO) |
| -against- | **Re: Adv. Docket Nos. 76 and 77** |
| LYNN TILTON;<br>PATRIARCH PARTNERS, LLC;<br>PATRIARCH PARTNERS VIII, LLC;<br>PATRIARCH PARTNERS XIV, LLC;<br>PATRIARCH PARTNERS XV, LLC;<br>PATRIARCH PARTNERS AGENCY<br>SERVICES, LLC;<br>PATRIARCH PARTNERS MANAGEMENT<br>GROUP, LLC;<br>OCTALUNA LLC; OCTALUNA II LLC;<br>ARK II CLO 2001-1, LLC;<br>ARK INVESTMENT PARTNERS II, LP;<br>LD INVESTMENTS, LLC;<br>ZOHAR HOLDING, LLC; and<br>ZOHAR HOLDINGS, LLC, | |
| Defendants. | |

## BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE DISMISSED CLAIMS FROM THE AMENDED COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

The Patriarch Defendants[2] submit this reply in further support of the *Defendants' Motion to Strike Dismissed Claims from the Amended Complaint* [Adv. D.I. 76] and the *Brief in Support of Defendants' Motion to Strike Dismissed Claims from the Amended Complaint* [Adv. D.I. 77] (collectively, the "Motion" or "Mot."), filed on November 19, 2021.

## ARGUMENT

1.      Any claims, allegations, and parties set forth in the Amended Complaint that are inconsistent with the Court's Opinion and Order should be stricken because they, by definition, do not bear on or pertain to the issues in question in this adversary proceeding. This axiom is not only a matter of commonsense, but the law of this Circuit. Moreover, allowing such extraneous material to remain in the operative complaint has, and will continue to, cause prejudice and confusion.

2.      MBIA's argument to the contrary is two-fold. First, it argues (based on a clear misunderstanding of binding precedent) that the Third Circuit law requires that MBIA repleads the dismissed claims to preserve them for appeal. Second, and in the alternative, MBIA conclusorily states that the dismissed claims are relevant to live claims. This argument is not only contradicted by the face of the Amended Complaint, but also by the Court's Opinion and Order.

3.      The Court dismissed, with prejudice, MBIA's claims with respect to the Zohar I Involuntary Proceeding [Adv. D.I. 70 at 24, 27-28] and, therefore, the accompanying allegations that "the filing had no legitimate purpose and just served to prevent [MBIA] from, among other things, removing the Patriarch Managers from control of Zohar I and forcing a sale of its collateral" [*Id.* at 7]. Nevertheless, Paragraphs 149-154, 260, and 263-267 of the Amended Complaint parrot

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Complaint [Adv. D.I. 2] ("Compl.") or the Motion [Adv. D.I. 24, 25]. On December 3, 2020, MBIA voluntarily dismissed Zohar Holdings, LLC from these proceedings [Adv. D.I. 45]; therefore, the Patriarch Defendants are the only defendants remaining in this action.

1

these same dismissed allegations. In fact, MBIA itself admits that they are a restatement of the dismissed claims regarding "Defendants [*sic*] bad faith filing of the Involuntary Petitions." Opp. 4; *see also* Am. Compl. at 107 n.4.  Under Third Circuit precedent, these paragraphs should be stricken from the Amended Complaint.

4.      First, in *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017), the Third Circuit held that plaintiffs can "appeal dismissals despite amended pleadings that omit the dismissed claim provided repleading the particular cause of action would have been futile," such as "[a] dismissal . . . when it is with prejudice." *Id.* at 220 (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007)).  Such futility is evident here: it is undisputed that the dismissed claims at issue were dismissed with prejudice.

5.      Trying to sidestep this binding precedent, MBIA blatantly misrepresents the holding in *Palakovic*, pointing to a portion of the opinion encouraging "express, affirmative measures to ensure the preservation of their original claims for appellate review" where dismissal is based on "*want of specificity or particularity*," *id.* at 220 (emphasis in original), rather than, as relevant here, on the merits. Therefore, MBIA's redundant claims, allegations, and parties should be stricken from the Amended Complaint. *Id.*; *see also, e.g.*, *Diaz v. Smith*, No. 10-CV-1659, 2015 WL 5758976, at *2 (M.D. Pa. Sept. 29, 2015) (granting motion to strike where plaintiff alleged claims previously dismissed on the merits); *Seldomridge v. Penn State Hershey Med. Ctr.*, No. 13-CV-2897, 2014 WL 4988272, at *4 (M.D. Pa. Oct. 7, 2014) (same); *Prime Aid Pharmacy Corp. v. Humana Inc.*, No. 16-CV-2104, 2017 WL 3420933, at *2 (D.N.J. Aug. 9, 2017) (dismissing claims plaintiff "concedes this Court has already dismissed with prejudice"); *Gebhart v. Steffen*, No. 1:12-CV-1837, 2013 WL 5637774, at *4 (M.D. Pa. Oct. 16, 2013) (same), *aff'd*, 574 F. App'x

2

156 (3d Cir. 2014); *Thorpe v. Borough of Thorpe*, No. 10-CV-01317, 2011 WL 5878377, at *6 (M.D. Pa. Nov. 23, 2011) (same), *aff'd*, 770 F.3d 255 (3d Cir. 2014).

6.      Second, despite MBIA's concession that it realleged dismissed claims and related allegations for supposed "preservation" purposes, MBIA also states conclusorily that the allegations sought to be stricken are relevant to a smorgasbord of other unspecified claims and should remain in the operative complaint. This argument is not only contradicted by the face of the Amended Complaint, but also by the Court's Opinion and Order.

7.      A review of the operative complaint reveals that (i) the only causes of action in the Amended Complaint that refer to the Zohar I Involuntary Proceeding are the previously dismissed claims, and (ii) none of the paragraphs cited by MBIA as "related to" the Zohar I Involuntary Proceeding even mention it. Similarly, the Court's Opinion and Order references the Zohar I Involuntary Proceeding only in connection with the dismissed claims. [Adv. D.I. 70 at 24, 27-28.] MBIA offers "no speck of evidence" to the contrary. *New Jersey Bldg. Laborers' Statewide Ben. Funds v. Conex Const. Corp.*, No. 13-CV-755, 2013 WL 1505675, at *3 (D.N.J. Apr. 10, 2013). In the absence of evidentiary support, these allegations and claims are "mere mudslinging, both unseemly and unpersuasive," and should be stricken from the Amended Complaint. *Id.*

8.      As MBIA's arguments demonstrate, the extraneous material in the Amended Complaint is not only unduly burdensome, but is already causing confusion for the parties and, potentially, for the Court. The operative complaint should make clear what allegations, claims, and parties are going forward.

9.      Accordingly, Defendants request that the Court strike the allegations described above pursuant to FRCP 12(f) and FRBP 7012(b), and that the Court direct MBIA to file a further amended pleading that conforms to the Opinion and Order (as well as any forthcoming order on

3

the present motion to dismiss) and that contains only surviving claims and related allegations, as reflected in Annex 1.

## **<u>CONCLUSION</u>**

For the foregoing reasons, and for the reasons stated in Defendants' opening brief, Defendants respectfully request that the Court enter an order granting Defendants' Motion to Strike Dismissed Claims from the Amended Complaint as outlined above in its entirety.

Specifically, Defendants request that the Court enter an order dismissing:

- Count 5 to the extent alleged against Patriarch XV;
- Count 5 to the extent alleged as to Ms. Tilton relating to the Zohar I Involuntary Proceeding; and
- Count 6 in its entirety.

Defendants also specifically request that the Court enter an order striking from the Amended Complaint the extraneous material identified in Annex 1.

57772/0001-42135413v1

Dated: December 10, 2021

**COLE SCHOTZ P.C.**

By:  _/s/ G. David Dean_
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Mark Cuccaro (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com
mcuccaro@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC,*
*Patriarch Partners VIII, LLC, Patriarch Partners*
*XIV, LLC, Patriarch Partners XV, LLC, Patriarch*
*Partners Agency Services, LLC, Patriarch Partners*
*Management Group, LLC, Octaluna, LLC,*
*Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark*
*Investment Partners II, L.P., LD Investments, LLC,*
*and Zohar Holding, LLC*

5