# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ─────────────────────── | ) | |
| | ) | |
| MBIA INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. 20-50776 (KBO) |
| LYNN TILTON; PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; OCTALUNA LLC; OCTALUNA II LLC; ARK II CLO 2001-1, LLC; ARK INVESTMENT PARTNERS II, LP; LD INVESTMENTS, LLC; ZOHAR HOLDING, LLC; and ZOHAR HOLDINGS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────── | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE

Upon the motion ("Motion to Strike") [D.I. 76] of the Defendants for entry of an order, pursuant to section 105(a) of Title 11 of the United States Code and Rule 7012 of the Federal Rules

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

of Bankruptcy Procedure, striking certain dismissed claims and other allegations from the Plaintiffs' First Amended Complaint [D.I. 73]; and it appearing that there is good and sufficient cause for the relief granted by this Order; and due and proper notice of the Motion to Strike having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation; it is hereby **ORDERED** that:

1. The Motion to Strike is GRANTED as set forth herein.

2. The following claims, which were dismissed without leave to amend pursuant to this Court's prior *Memorandum Order Granting in Part and Denying in Part the Patriarch Defendants' Motion to Dismiss the Complaint* [D.I. 70], are STRICKEN from the First Amended Complaint:

    a. Count 5 to the extent alleged against Patriarch XV;

    b. Count 5 to the extent alleged as to Ms. Tilton relating to the Zohar I Involuntary Proceeding; and

    c. Count 6 in its entirety.[2]

---

[2] These claims need not be included in the First Amended Complaint to be preserved for appeal and serve to confuse the scope of the proceeding going forward. *See, e.g.*, *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007) (holding that "plaintiffs . . . [may] appeal dismissals despite amended pleadings that omit the dismissed claims *provided* repleading the particular cause of action would have been futile. . . . Repleading is futile when the dismissal was 'on the merits.' A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity."); *accord Palakovic v. Wetzel*, 854 F.3d 209, 220-21 (3d Cir. 2017).

3. The Defendants' request for an order striking Plaintiff's allegations in paragraphs 149-154 and header III.B. of the First Amended Complaint is denied as Defendants have failed to meet their burden of showing that "(1) the material they seek to strike is 'redundant, immaterial, impertinent, or scandalous' and (2) [that] the necessity of responding to the allegations prejudices [them]."[3]

4. Plaintiff is directed to file an amended complaint in conformance with this Order within 7 days of the date of this Order.

Dated: January 25, 2022

*Karen B. Owens*
Karen B. Owens
United States Bankruptcy Judge

---

[3] *Halperin v. Richards (In re OLDAPCO, Inc.)*, 622 B.R. 140, 146 (Bankr. D. Del. 2020) (quoting FED. R. CIV. P. 12(f)) (denying motion to strike where movants failed to show how responding to the allegations placed upon them a prejudicial burden and where the allegations either provided pertinent background information or related to pending claims against movants and other defendants).