## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| MBIA INSURANCE CORPORATION,<br><br>            Plaintiff,<br><br>      -against-<br><br>LYNN TILTON, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, OCTALUNA, LLC, OCTALUNA II, LLC, ARK II CLO 2001-1, LLC, ARK INVESTMENT PARTNERS II, L.P., LD INVESTMENTS, LLC, ZOHAR HOLDING, LLC, and ZOHAR HOLDINGS, LLC,<br><br>            Defendants. | Adversary No. 20-50776 (KBO) |

## PATRIARCH DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER
## OR OTHERWISE RESPOND TO THE SECOND AMENDED COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

Defendants Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Patriarch Partners Agency Services, LLC; Patriarch Partners Management Group, LLC; Octaluna, LLC; Octaluna II, LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, L.P.; LD Investments, LLC; Zohar Holding, LLC; and Lynn Tilton (collectively, the "Patriarch Defendants"), by and through their counsel, hereby submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7012-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), extending the time for the Patriarch Defendants to answer or otherwise respond to the *Second Amended Complaint* filed on February 1, 2022 [Adv. D.I. 91] (the "Second Amended Complaint") by Plaintiff MBIA Insurance Corporation ("MBIA"). In support of the Motion, the Patriarch Defendants respectfully represent as follows:

## BACKGROUND

1.      On July 23, 2021, this Court granted in part and denied in part the Patriarch Defendants' motion to dismiss the original complaint in this proceeding. Adv. D.I. 70. Among other things, the Court dismissed certain of MBIA's claims with prejudice.

2.      On September 24, 2021, MBIA filed its First Amended Complaint. Adv. D.I. 73. Inexplicably, MBIA continued to assert claims that the Court had dismissed with prejudice.

3.      On November 19, 2021, the Patriarch Defendants moved to strike certain claims and allegations from the First Amended Complaint based on the fact that those claims and allegations were inconsistent with the Court's July 23, 2021 order. Adv. D.I. 76.

4.      On January 25, 2022, this Court granted the Motion to Strike in part and directed MBIA to file a second amended complaint in conformance with its order. Adv. D.I. 89.

5.      On January 31, 2022, the Debtors filed a Joint Plan of Liquidation. Bankr. Proc. No. 18-10512, D.I. 3042. On the same day, the Debtors filed their Motion to Strike portions of the Administrative Expense Claim. D.I. 3040.

6.      On February 1, 2022, MBIA filed its Second Amended Complaint, [Adv. D.I. 91], making the Patriarch Defendants' time to respond February 15, 2022.[2]

7.      On February 3, 2022, the Patriarch Defendants wrote to MBIA concerning the answer deadline. Ex. A at 2. Specifically, the Patriarch Defendants noted the myriad other deadlines and obligations in related proceedings, including: (i) the February 22, 2022 argument in the Patriarch Defendants' motion to dismiss the amended complaint in the Debtors' Adversary proceeding; (ii) upcoming briefing deadlines and argument on motions to dismiss in the Equitable Subordination proceeding; and (iii) the Debtors' motion to strike the Patriarch Defendants' Administrative Expense Claim. *Id.* The Patriarch Defendants also noted that the Debtors were going to propose an expedited schedule for a combined hearing on plan confirmation, as well as on Equitable Subordination and the Administrative Expense Claim. *Id.* In light of these other deadlines and obligations in related proceedings, the Patriarch Defendants suggested that it made sense to adjourn any response to the Second Amended Complaint until after February 22, particularly since the issues before the Court at the hearing on that day could conceivably affect the Patriarch Defendants' answer and counterclaims in this adversary proceeding, as well as create additional urgent demands in the bankruptcy proceedings. *Id.*

---

[2] The Patriarch Defendants erroneously calendared the deadline to answer the Second Amended Complaint for 21 days (February 22, 2022) rather than 14 days (February 15, 2022). This was entirely inadvertent. MBIA knew since February 3 that the Patriarch Defendants were using February 22 as the anchoring date and never corrected the Patriarch Defendants.

8.     On February 4, 2022, MBIA indicated it would not consent to Patriarch's modest extension request unless Patriarch agreed to certain unreasonable demands, namely:

> (1) proceed on a dual track with discovery on Patriarch's claims for equitable subordination and administrative expenses and the chapter 11 plan confirmation while the parties' various motions on those claims are pending and (2) a target date of April 30 for an evidentiary hearing on the foregoing claims and issues pursuant to the Debtors' proposed schedule . . . .

Ex. A at 2.

9.     MBIA's insistence on tying a response deadline in this adversary proceeding on the Patriarch Defendants' agreement to proceed immediately to expedited discovery in the Equitable Subordination adversary proceeding and the Administrative Expense Claim, and to a merits and confirmation hearing on April 30, 2022, is unfair and unacceptable (including for the reasons detailed in the Patriarch Defendants' objection to the Debtors' Scheduling Motion, scheduled for hearing on February 22). MBIA's position is also hypocritical. For months, MBIA refused the Patriarch Defendants' suggestion that discovery in all three adversary proceedings, including the Equitable Subordination proceeding, should proceed in a coordinated fashion. Bankr. Proc. No. 18-10512, D.I. 3072 at 6–7. Its new position – that not only should discovery commence immediately but that the parties should proceed to trial at the end of April – is an obvious effort to prejudice the Patriarch Defendants.

10.    On February 7, 2022, the Patriarch Defendants asked whether MBIA would agree to a three-week extension of the time to answer or otherwise respond to the Second Amended Complaint. Ex. A at 1. MBIA responded that any extension in this case – even a modest three-week extension – was also conditioned on MBIA's prior unreasonable demands with respect to scheduling in the Equitable Subordination, Administrative Expense Claim, and Confirmation proceedings. *Id.*

11.     Hoping to avoid having to bring this scheduling dispute to the Court, during a meet and confer with the Debtors and MBIA on February 8, 2022 concerning the Debtors' anticipated Scheduling Motion, the Patriarch Defendants agreed to issue written discovery requests in the Equitable Subordination proceeding and the Patriarch Administrative Expense Claim promptly following the February 22 omnibus hearing as a "good faith first step to warrant [MBIA's] indulgence on the requested [three-week] extension to respond to the MBIA adversary complaint." Ex. B at 1. The Patriarch Defendants asked MBIA to confirm that this show of good faith was sufficient to resolve the dispute concerning the answer date. MBIA did not respond.

12.     On February 8, 2022, the Debtors filed their Scheduling Motion, proposing their highly aggressive schedule. Bankr. Proc. No. 18-10512, D.I. 3059. That motion will also be heard on February 22, 2022.

13.     On February 12, 2022, the Patriarch Defendants again reached out to MBIA regarding the requested extension, noting that if the parties could not reach agreement, the Patriarch Defendants would need to move the Court for relief. Ex. B at 1. Once again, MBIA did not respond.

## **JURISDICTION**

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Patriarch Defendants consent to the entry of a final order by the Court in

connection with this Motion[3] to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

15.    Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

16.    The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7012 and 9006(b), and Local Rule 7012-2.

## **RELIEF REQUESTED**

17.    Pursuant to Bankruptcy Rule 7015, which incorporates Federal Rule of Civil Procedure 15, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." The Second Amended Complaint was served on February 1, 2022 and thus, the current answer deadline was February 15, 2022. Adv. D.I. 91.[4]

18.    In light of the numerous existing and proposed deadlines in related proceedings before this Court, and in light of the fact that the outcome of any hearing in the Equitable Subordination proceeding will potentially affect the Patriarch Defendants' response to the Second Amended Complaint (including any counterclaims), the Patriarch Defendants respectfully request that the Court grant the Patriarch Defendants an extension of time to respond to the Second Amended Complaint until March 15, 2022.

26.    Such relief is warranted and in the interest of judicial economy.

---

[3] Patriarch does not consent to the jurisdiction of this Court or to entry of a final order for any purpose other than the resolution of this Motion.

[4] In light of the Patriarch Defendants' inadvertent late filing of their motion for extension of time, the Patriarch Defendants' request that the Court grant the requested extension *nunc pro tunc*. *See, e.g.*, *Duncan v. Pocquat*, No. CV 07-1570 (SRC), 2007 WL 9789616, at *2 (D.N.J. Oct. 23, 2007) (permitting late filing of defendants' answer *nunc pro tunc* where the late filing would not prejudice plaintiff, defendants had a meritorious defense, and defendants' lateness was the result of an administrative oversight).

## BASIS FOR RELIEF

27.     The Court, "for cause shown[,] may at any time in its discretion . . . with or without motion or notice" extend unexpired time periods. Fed. R. Bankr. P. 9006(b)(1). "Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding . . . must be filed with the Court prior to the expiration of the deadline to be extended." Del. Bankr. L.R. 7012-2. Additionally, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

28.     Courts routinely extend time for defendants to answer or respond to a complaint in the interest of judicial economy and efficiency. *See, e.g., McFadden v. Washington Metro. Area Transit Auth.*, No. 14-CV-1115, 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014) (granting extension of time, inter alia, because "the coordination of filing responsive pleadings to a lengthy complaint with multiple defendants, involving multiple . . . claims, is a complicated, tedious, and time-consuming task"); *Niemic v. Maloney*, 409 F. Supp. 2d 32, 38 (D. Mass. 2005) (noting three extensions of time were granted due to "plaintiff's lengthy complaint addressed to numerous defendants"); *see also, e.g.*, *Block v. Equifax, Inc.*, No. 17-CV-05367- BLF, 2017 WL 10573832, at *2 (N.D. Cal. Nov. 13, 2017) (granting motion to extend deadline to respond to complaint pending resolution of transfer motions in related multidistrict litigation to "promote judicial economy and sound judicial administration"); *Krejce v. Merck & Co.*, No. 4:08- CV-295-CAS, 2008 WL 824269, at *1 (E.D. Mo. Mar. 25, 2008) (granting motion to stay proceeding and extend time to respond to the complaint "to conserve judicial resources and to prevent duplicative litigation and inconsistent pretrial orders pending transfer"); *Burch v. Dent (In re Circle Y of Yoakum, Texas),* 354 B.R. 349, 363 (Bankr. D. Del. 2006) (granting request to extend answer deadline pursuant to Bankruptcy Rule 9006(b) after consolidating adversary proceedings).

29.     In this case, an extension is warranted in light of the numerous existing deadlines and obligations in related proceedings before this Court.

30.     The Equitable Subordination adversary proceeding overlaps to a significant degree with this adversary proceeding. The outcome of Equitable Subordination will thus potentially affect any counterclaims Patriarch may seek to bring in this action, such as a claim that MBIA breached its obligations under the Settlement Agreement. Further, the Debtors' Motion to Strike directed at the Administrative Expense Claim, which will also be heard on February 22, could affect this adversary proceeding as well.

31.     MBIA will not be prejudiced by the requested relief. To the extent there has been any delay in the Patriarch Defendants responding to MBIA's claims in this case, that is most recently due to MBIA's decision to replead in its First Amended Complaint claims that the Court specifically dismissed with prejudice. Had MBIA filed an amended pleading that conformed to the Court's July 23, 2021 order, the Patriarch Defendants would have already filed their answer and counterclaims. Moreover, MBIA is deliberately seeking to shove the Equitable Subordination adversary proceeding to the fore, pushing for a wildly ambitious schedule to resolve the claims in that action. By insisting that the Patriarch Defendants respond immediately to the Second Amended Complaint in this proceeding notwithstanding all the competing deadlines in related proceedings, MBIA is clearly trying to prejudice the Patriarch Defendants.

## NOTICE

35.     Notice of this Motion has been provided to: (i) the U.S. Trustee and (ii) counsel to the MBIA and Debtors.  In light of the nature of the relief requested herein, the Defendants submit that no other or further notice is necessary.

## CONCLUSION

36.     WHEREFORE, the Patriarch Defendants respectfully request that this Court (i) enter the Proposed Order extending time to answer or otherwise respond to the Complaint until March 15, 2022 and (ii) grant such other relief as may be just and proper.

Dated: February 17, 2022

**COLE SCHOTZ P.C.**

By: */s/ G. David Dean*
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com
preilley@coleschotz.com

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC*

9