UNREDACTED, UNSEALED
VERSION OF ADV. DOCKET
NO. 107

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| MBIA INSURANCE CORPORATION, | |
| Plaintiff, | |
| -against- | Adversary No. 20-50776 (KBO) |
| LYNN TILTON; PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; OCTALUNA LLC; OCTALUNA II LLC; ARK II CLO 2001-1, LLC; ARK INVESTMENT PARTNERS II, LP; LD INVESTMENTS, LLC; ZOHAR HOLDING, LLC; and ZOHAR HOLDINGS, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Defendants Lynn Tilton; Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch

Partners XIV, LLC; Patriarch Partners XV, LLC; Patriarch Partners Agency Services, LLC;

Patriarch Partners Management Group, LLC; Octaluna, LLC; Octaluna II, LLC; Ark II CLO 2001-

1, LLC; Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number
are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp.
(3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and
Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119).
The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New
York, NY 10036.

(collectively, the "Patriarch Defendants" or "Defendants"),  by and through their counsel, hereby state their answer, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the allegations set forth in the Second Amended Complaint ("SAC")[2] by Plaintiff MBIA Insurance Corporation ("MBIA" or "Plaintiff") as follows:

### NATURE OF ACTION[3]

1.      Paragraph 1 states legal conclusions for which no response is required. To the extent a response is required, Defendants[4] deny the allegations set forth in Paragraph 1 of the SAC.

2.      Defendants deny the allegations set forth in the first sentence of Paragraph 2 of the SAC, except admit that Ms. Tilton structured the Zohar Funds and further admit that MBIA provided financial guaranty insurance policies. Insofar as the remaining allegations in this Paragraph purport to describe or summarize those insurance policies, Defendants respectfully refer the Court to the policies for their complete and accurate contents.

3.      Defendants deny the allegations set forth in Paragraph 3 of the SAC, except admit that the Zohar Funds sold notes to investors and extended loans to certain borrowers that are referred to as "Portfolio Companies" and refer the Court to the documents governing the Zohar Funds for their complete and accurate contents.

---

[2]  This amended answer is in response to the Second Amended Complaint filed on March 24, 2022 (Adv. D.I. 105).

[3]  For the avoidance of doubt, Defendants deny any content in the headings or otherwise not part of numbered paragraphs.

[4]  Defendants respond collectively to the allegations in the Second Amended Complaint but, to the extent any allegation or claim is directed at specific defendant or defendants, such response should be construed as a response on behalf of the particular defendant or defendants to whom the allegation or claim is directed. However, Defendant Ark II CLO 2001-1, LLC was not a party to or participant in any of the transactions identified in the SAC, and on that basis, Ark II CLO 2001-1, LLC denies each and every allegation and claim made against it.

4.      Defendants admit the allegations set forth in Paragraph 4 of the SAC.

5.      Paragraph 5 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 5 of the SAC.

6.      Defendants deny the allegations set forth in Paragraph 6 of the SAC.

## PARTIES

7.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, except admit the allegations set forth in the first sentence of Paragraph 7 of the SAC. Defendants further admit that MBIA provided financial guaranty insurance with respect to the Zohar I and Zohar II funds and refer the Court to those governing documents for their complete and accurate contents.

8.      Defendants deny the allegations set forth in Paragraph 8 of the SAC, except admit that Ms. Tilton is a resident of Florida, that she is the founder and Chief Executive Officer of Patriarch Partners and controls the other Defendants, and further admit that Ms. Tilton structured the Zohar Funds and is the manager of Defendants Patriarch VIII and Patriarch XIV.

9.      Defendants deny the allegations set forth in Paragraph 9 of the SAC, except admit that Ms. Tilton caused the Zohar Funds to file chapter 11 bankruptcy proceedings jointly administered as Case No. 18-10512 (KBO) (the "Zohar Bankruptcy Cases") and further admit that Ms. Tilton is the ultimate owner of certain affiliated entities organized under Delaware law that contracted to perform services for the Zohar CLOs.

10.     Defendants admit the allegations set forth in the first sentence and second sentences of Paragraph 10 of the SAC. Defendants deny the allegations set forth in the third, fourth, and fifth sentences of Paragraph 10 of the SAC, except admit that the Patriarch Manager Defendants, PPAS,

3

and PPMG shared office space, telephone numbers, and computer and electronic networks with Patriarch Partners, LLC.

11.     Defendants deny the allegations set forth in Paragraph 11 of the SAC, except admit that Patriarch VIII is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York, that Patriarch VIII's sole member is Zohar Holding, that Zohar Holding is a limited liability company whose members are Tilton and the Tilton Trust, and that prior to Patriarch VIII's voluntary resignation it was the collateral manager of Zohar I.

12.     Defendants deny the allegations set forth in Paragraph 12 of the SAC, except admit that Patriarch XIV is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York, that Patriarch XIV's sole member is Zohar Holding, that Zohar Holding is a limited liability company whose members are Tilton and the Tilton Trust, and that prior to Patriarch XIV's voluntary resignation it was the collateral manager of Zohar II.

13.     Defendants deny the allegations set forth in Paragraph 13 of the SAC, except admit that Patriarch XV is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York, that Patriarch XV's sole member is Zohar Holding, that Zohar Holding is a limited liability company whose members are Tilton and the Tilton Trust, and that prior to Patriarch XV's voluntary resignation it was the collateral manager of Zohar III.

14.     Defendants deny the allegations set forth in Paragraph 14 of the SAC, except admit that PPAS is a Delaware LLC with its principal place of business in New York, New York, whose sole member is LDI, that LDI's sole member is Lynn Tilton, and that PPAS was the administrative

4

agent for the Zohar CLOs under certain Credit Agreements and refer the Court to those Credit Agreements for their complete and accurate contents.

15.     Defendants deny the allegations set forth in Paragraph 15 of the SAC, except admit that PPMG is a Delaware LLC with its principal place of business in New York, New York, and further admit that PPMG provided services pursuant to contracts with the Portfolio Companies and refer the Court to those contracts for their complete and accurate contents.

16.     Defendants admit the allegations set forth in the first sentence of Paragraph 16 of the SAC. The second sentence of Paragraph 16 states legal conclusions for which no response is required. Defendants deny the allegations set forth in the third sentence of Paragraph 16 of the SAC, except admit that Ms. Tilton is the ultimate owner of Octaluna I, and that Octaluna I holds preference shares of Zohar I.

17.     Defendants admit the allegations set forth in the first sentence of Paragraph 17 of the SAC. The second sentence of Paragraph 17 states legal conclusions for which no response is required. Defendants deny the allegations set forth in the third sentence of Paragraph 17 except admit that Ms. Tilton is the ultimate owner of Octaluna II, and that Octaluna II holds the preference shares of Zohar II.

18.     Defendants admit the allegations set forth in the first sentence of Paragraph 18 of the SAC. The second sentence of Paragraph 18 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in the second sentence of Paragraph except admit that Ms. Tilton is the ultimate owner of ARK.

19.     Defendants admit the allegations set forth in the first sentence of Paragraph 19 of the SAC. The second sentence of Paragraph 19 states legal conclusions for which no response is

57772/0001-42855500v1

required. To the extent a response is required, Defendants deny the allegations set forth in the second sentence of Paragraph except admit that Ms. Tilton is the ultimate owner of AIP.

20.     Defendants admit the allegations set forth in Paragraph 20 of the SAC.

21.     Defendants admit the allegations in Paragraph 21 of the SAC.

22.     Defendants admit the allegations set forth in Paragraph 22 of the SAC.

## JURISDICTION AND VENUE

23.     Paragraph 23 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 23 of the SAC.

24.     Paragraph 24 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 24 of the SAC.

25.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the SAC.

26.     Paragraph 26 states legal conclusions for which no response is required. Pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Defendants further state that they do not consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

27.     Paragraph 27 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27 of the SAC.

## COMMON ALLEGATIONS

28.     Defendants admit the allegations set forth in Paragraph 28 of the SAC.

29.     Defendants admit the allegations set forth in Paragraph 29 of the SAC.

57772/0001-42855500v1

30.     Defendants deny the allegations set forth in Paragraph 30 of the SAC, except admit that Zohar I issued $532 million of "Class A" notes (which are subdivided into Classes A-1, A-2 and A-3), $150 million of "Class B" notes, and preference shares pursuant to the terms set forth in the associated governing documents, and refer the Court to those governing documents for their complete and accurate contents.

31.     Defendants deny the allegations set forth in Paragraph 31 of the SAC, except admit that Zohar II issued $1 billion of "Class A" notes (which are subdivided into Classes A-1, A-2 and A-3), $200 million of "Class B" notes (the Class A and Class B notes, collectively, the "Zohar I Notes"), and preference shares, pursuant to the terms set forth in the associated governing documents, and refer the Court to those governing documents for their complete and accurate contents.

32.     Defendants admit the allegations set forth in Paragraph 32 of the SAC and refer the Court to the referenced documents for their complete and accurate contents.

33.     Defendants admit the allegations set forth in Paragraph 33 of the SAC and refer the Court to the Indentures for their complete and accurate contents.

34.     Defendants deny the allegations set forth in Paragraph 34 of the SAC, except admit that the Insured Zohar Funds are Cayman Islands exempted companies and refer the Court to the Indentures for their complete and accurate contents.

35.     Defendants deny the allegations set forth in Paragraph 35 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

36.     Defendants deny the allegations set forth in Paragraph 36 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

57772/0001-42855500v1

37.     Defendants deny the allegations set forth in Paragraph 37 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

38.     Defendants deny the allegations set forth in Paragraph 38 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

39.     Defendants deny the allegations set forth in Paragraph 39 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

40.     Defendants deny the allegations set forth in Paragraph 40 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

41.     Defendants deny the allegations set forth in Paragraph 41 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

42.     Defendants deny the allegations set forth in Paragraph 42 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

43.     Defendants deny the allegations set forth in Paragraph 43 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

44.     Defendants deny the allegations set forth in Paragraph 44 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

45.     Defendants deny the allegations set forth in Paragraph 45 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

46.     Defendants deny the allegations set forth in Paragraph 46 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

47.     Defendants deny the allegations set forth in Paragraph 47 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

48.    Defendants deny the allegations set forth in Paragraph 48 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

49.    Defendants deny the allegations set forth in Paragraph 49 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

50.    Defendants deny the allegations set forth in Paragraph 50 of the SAC, except refer the Court to Indentures for their complete and accurate contents.

51.    Defendants deny the allegations set forth in Paragraph 51 of the SAC, except refer the Court to the Indentures and the Financial Guaranties for their complete and accurate contents.

52.    Defendants deny the allegations set forth in Paragraph 52 of the SAC, except admit that the Patriarch Manager Defendants served as Collateral Managers for Zohar I and Zohar II pursuant to the Zohar I Management Agreement and Zohar II Management Agreements, and refer the Court to those Management Agreements for their complete and accurate contents.

53.    Paragraph 53 states legal conclusions for which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 53, except refer the Court to the Management Agreements for their complete and accurate contents.

54.    Paragraph 54 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 54, except refer the Court to the Management Agreements for their complete and accurate contents.

55.    Defendants deny the allegations set forth in Paragraph 55 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

56.    Defendants deny the allegations set forth in Paragraph 56 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

57772/0001-42855500v1

57.     Defendants deny the allegations set forth in Paragraph 57 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

58.     Defendants deny the allegations set forth in Paragraph 58 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

59.     Defendants deny the allegations set forth in Paragraph 59 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

60.     Defendants deny the allegations set forth in Paragraph 60 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

61.     Defendants deny the allegations set forth in Paragraph 61 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

62.     Defendants deny the allegations set forth in Paragraph 62 of the SAC, except refer the Court to the Management Agreements and Indentures for their complete and accurate contents.

63.     Defendants deny the allegations set forth in Paragraph 63 of the SAC, except refer the Court to the Management Agreements for their complete and accurate contents.

64.     Defendants deny the allegations set forth in Paragraph 64 of the SAC, except refer the Court to Management Agreements for their complete and accurate contents.

65.     Defendants deny the allegations set forth in Paragraph 65 of the SAC, except refer the Court to the Management Agreements and Transaction Documents for their complete and accurate contents.

66.     Defendants deny the allegations set forth in Paragraph 66 of the SAC, except refer the Court to the Insurance Agreements and Financial Guaranties for their complete and accurate contents.

57772/0001-42855500v1

67.     Defendants deny the allegations set forth in Paragraph 67 of the SAC, except refer the Court to the Insurance Agreements and Financial Guaranties for their complete and accurate contents.

68.     Defendants deny the allegations set forth in Paragraph 68 of the SAC, except refer the Court to the Insurance Agreements and Financial Guaranties for their complete and accurate contents.

69.     Defendants deny the allegations set forth in Paragraph 69 of the SAC, except refer the Court to the Insurance Agreements and Transaction Documents for their complete and accurate contents.

70.     Defendants deny the allegations set forth in Paragraph 70 of the SAC, except refer the Court to the Indentures, Insurance Agreements, and Financial Guaranties for their complete and accurate contents.

71.     Defendants deny the allegations set forth in Paragraph 71 of the SAC, except refer the Court to the Zohar Notes for their complete and accurate contents.

72.     Defendants deny the allegations set forth in Paragraph 72 of the SAC, except admit that the Insured Zohar Funds issued Preference Shares in the Zohar Funds, and further admit that such Preference Shares were acquired by Octaluna I and Octaluna II, and refer the Court to the Indentures, Preference Share Paying Agency Agreements, and Preference Share Sales Agreements for their complete and accurate contents.

73.     Defendants deny the allegations set forth in Paragraph 73 of the SAC.

74.     Defendants deny the allegations set forth in Paragraph 74 of the SAC.

11

75.    Defendants deny the allegations set forth in Paragraph 75 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names.

76.    Defendants deny the allegations set forth in Paragraph 76 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names, and refer the Court to the stock certificates for their complete and accurate contents.

77.    Defendants deny the allegations set forth in Paragraph 77 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names, and refer the Court to the LLC Agreements for their complete and accurate contents.

78.    Defendants deny the allegations set forth in Paragraph 78 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names, and refer the Court to the referenced communications and filings for their complete and accurate contents.

79.    Defendants deny the allegations set forth in Paragraph 79 of the SAC.

80.    Defendants deny the allegations set forth in Paragraph 80 of the SAC.

81.    Defendants deny the allegations set forth in Paragraph 81 of the SAC.

82.    Defendants deny the allegations set forth in Paragraph 82 of the SAC, except admit that the Patriarch Manager Defendants executed certain voting proxies and shareholder agreements and refer the Court to those documents for their complete and accurate contents.

57772/0001-42855500v1

83.     Defendants deny the allegations set forth in Paragraph 83 of the SAC, except admit that the Patriarch Manager Defendants executed certain Shareholder Conveyances and refer the Court to those documents for their complete and accurate contents.

84.     Defendants deny the allegations set forth in Paragraph 84 of the SAC, except admit that the Patriarch Manager Defendants executed certain amendments to the governance agreements for certain limited liability Portfolio Companies and refer the Court to those documents for their complete and accurate contents.

85.     Defendants deny the allegations set forth in Paragraph 85 of the SAC, except refer the Court to the LLC Conveyances and Governance Conveyances for their complete and accurate contents.

86.     Defendants deny the allegations set forth in Paragraph 86 of the SAC, except refer the Court to the Governance Conveyances for their complete and accurate contents.

87.     Defendants deny the allegations set forth in Paragraph 87 of the SAC, except admit that Ms. Tilton, in her capacity as Manager of Dura Buyer, LLC, Global Automotive Systems, LLC and Stila Styles, LLC, executed the November 2017 Written Consents and refer the Court to those documents for their complete and accurate contents.

88.     Defendants deny the allegations set forth in Paragraph 88 of the SAC, except refer the Court to the Governance Conveyances and the November 2017 Written Consents for their complete and accurate contents.

89.     Paragraph 89 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 89 of the SAC.

90.     Defendants deny the allegations set forth in Paragraph 90 of the SAC.

57772/0001-42855500v1

91.     Defendants deny the allegations set forth in Paragraph 91 of the SAC. Insofar as the allegations in this Paragraph purport to describe or summarize PPMG's Management Services Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

92.     Defendants deny the allegations set forth in Paragraph 92 of the SAC, except refer the Court to the Management Services Agreements for their complete and accurate contents.

93.     Defendants deny the allegations set forth in Paragraph 93 of the SAC, except admit that Ms. Tilton testified during trial in a Delaware Court of Chancery litigation involving the Zohar Funds and refer the Court to (i) the transcript of that testimony, and (ii) the Management Services Agreements for their complete and accurate contents.

94.     Paragraph 94 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 94 of the SAC.

95.     Paragraph 95 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 95 of the SAC.

96.     Defendants deny the allegations set forth in Paragraph 96 of the SAC. Insofar as the allegations in this Paragraph purport to describe or summarize the Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

97.     Defendants deny the allegations set forth in Paragraph 97 of the SAC, except admit that certain Portfolio Company loan principal repayment dates were extended and refer the Court to the Credit Agreements for their complete and accurate contents.

98.     Defendants deny the allegations set forth in Paragraph 98 of the SAC, except admit that the aggregate principal balance of the Zohar II portfolio was approximately $1 billion and

14

further admit that approximately $770 million was owed on the Class A notes on the Zohar II Note Maturity Date.

99.     Defendants deny the allegations set forth in Paragraph 99 of the SAC.

100.    Defendants deny the allegations set forth in Paragraph 100 of the SAC.

101.    Defendants deny the allegations set forth in Paragraph 101 of the SAC, except admit that HVEASI was sold in 2012.

102.    Defendants deny the allegations set forth in Paragraph 102 of the SAC, except admit that certain assets of Xpient Solutions, LLC were sold in 2014.

103.    Paragraph 103 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 103 of the SAC.

104.    Defendants deny the allegations set forth in Paragraph 104 of the SAC.

105.    Defendants deny the allegations set forth in Paragraph 105 of the SAC.

106.    Defendants deny the allegations set forth in Paragraph 106 of the SAC, except admit that the Zohar Funds made or acquired loans to the Portfolio Companies subject to the terms of the Credit Agreements, further admit that those loans were Collateral assets belonging to the Zohar Funds, and refer the Court to the Credit Agreements and the Indentures for their complete and accurate contents.

107.    Defendants deny the allegations set forth in Paragraph 107 of the SAC.

108.    Defendants deny the allegations set forth in Paragraph 108 of the SAC.

109.    Defendants deny the allegations set forth in Paragraph 109 of the SAC, except admit that certain amendments were made to the credit agreements of Global Automotive Systems

and MD Helicopters, and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

110.    Defendants deny the allegations set forth in Paragraph 110 of the SAC, except refer the Court to the Credit Agreements and amendments for their complete and accurate contents.

111.    Defendants deny the allegations set forth in Paragraph 111 of the SAC, except admit that certain Credit Agreements were amended and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

112.    Defendants deny the allegations set forth in Paragraph 112 of the SAC except admit that certain credit agreements were amended and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

113.    Defendants deny the allegations set forth in Paragraph 113 of the SAC, except admit that certain credit agreements were amended and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

114.    Defendants deny the allegations set forth in Paragraph 114 of the SAC, except admit that certain credit agreements were amended and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

115.    Defendants deny the allegations set forth in Paragraph 115 of the SAC, except refer the Court to the Transaction Documents, Credit Agreements, Credit Agreement Amendments, Note Valuation Reports, and Indentures for their complete and accurate contents.

116.    Defendants deny the allegations set forth in Paragraph 116 of the SAC.

117.    Defendants deny the allegations set forth in Paragraph 117 of the SAC.

57772/0001-42855500v1

118.    Defendants deny the allegations in Paragraph 118, except insofar as this Paragraph purports to describe or summarize the Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

119.    Defendants deny the allegations in Paragraph 119, except insofar as this Paragraph purports to describe or summarize the Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

120.    Defendants deny the allegations set forth in Paragraph 120 of the SAC, except admit that certain credit agreements were executed and refer the Court to the Credit Agreements and amendments for their complete and accurate contents, including as to who executed them.

121.    Defendants deny the allegations set forth in Paragraph 121 of the SAC.

122.    Defendants deny the allegations set forth in Paragraph 122 of the SAC.

123.    Defendants deny the allegations set forth in Paragraph 123 of the SAC.

124.    Defendants deny the allegations set forth in Paragraph 124 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

125.    Defendants deny the allegations set forth in Paragraph 125 of the SAC.

126.    Defendants deny the allegations set forth in Paragraph 126 of the SAC.

127.    Defendants deny the allegations set forth in Paragraph 127 of the SAC.

128.    Defendants deny the allegations set forth in Paragraph 128, except refer the Court to the Credit Agreements for their complete and accurate contents.

129.    Defendants deny the allegations set forth in Paragraph 129 of the SAC.

130.    Defendants deny the allegations set forth in Paragraph 130 of the SAC.

131.    Defendants deny the allegations set forth in Paragraph 131 of the SAC.

132.    Defendants deny the allegations set forth in Paragraph 132 of the SAC.

57772/0001-42855500v1

133.    Defendants deny the allegations set forth in Paragraph 133 of the SAC.

134.    Defendants deny the allegations set forth in Paragraph 134 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Indentures, Management Agreements, or Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

135.    Defendants deny the allegations set forth in Paragraph 135 of the SAC, except refer the Court to the Transaction Documents and Management Agreements documents for their complete and accurate contents.

136.    Defendants deny the allegations set forth in Paragraph 136 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

137.    Defendants deny the allegations set forth in Paragraph 137 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Indentures, Defendants refer the Court to those documents for their complete and accurate contents.

138.    Defendants deny the allegations set forth in Paragraph 138 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Indentures, Defendants refer the Court to those documents for their complete and accurate contents.

139.    Defendants deny the allegations set forth in Paragraph 139 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Indentures, Defendants refer the Court to those documents for their complete and accurate contents.

140.    Defendants deny the allegations set forth in Paragraph 140 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

57772/0001-42855500v1

141.     Defendants deny the allegations set forth in Paragraph 141 of the SAC, except insofar as the allegations in this Paragraph purport to describe or summarize the Transaction Documents, Defendants refer the Court to those documents for their complete and accurate contents.

142.     Defendants deny the allegations set forth in Paragraph 142 of the SAC.

143.     Defendants deny the allegations set forth in Paragraph 143 of the SAC.

144.     Defendants deny the allegations set forth in Paragraph 144 of the SAC.

145.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 145 of the SAC.

146.     Defendants deny the allegations set forth in Paragraph 146 of the SAC, except admit that Zohar I defaulted. Insofar as the allegations in this Paragraph purport to describe or summarize any Transaction Documents, Defendants respectfully refer the Court to those documents for their complete and accurate contents.

147.     Defendants deny the allegations set forth in Paragraph 147 of the SAC, except admit upon information and belief that MBIA paid the Trustee $148,951,585.17 on November 20, 2015.

148.     Defendants deny the allegations set forth in Paragraph 148 of the SAC, except admit that Patriarch XV filed the Involuntary Petitions and refer the Court to those filings for their complete and accurate contents.

149.     Paragraph 149 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 149 of the SAC, except refer the Court to the Involuntary Petitions and filings for their complete and accurate contents.

150.    Defendants deny the allegations set forth in Paragraph 150 of the SAC.

151.    Paragraph 151 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 151 of the SAC.

152.    Defendants deny the allegations set forth in Paragraph 152 of the SAC, except admit Patriarch XV proposed a reorganization plan and refer the Court to that filing for its complete and accurate contents.

153.    Defendants deny the allegations set forth in Paragraph 153 of the SAC, except admit that Patriarch XV proposed a reorganization plan and submitted an expert report in support of that proposed plan, and refer the Court to those filings for their complete and accurate contents.

154.    Defendants deny the allegations set forth in Paragraph 154 of the SAC, except admit that on February 5, 2016, the Patriarch Manager Defendants provided notice of their resignation as Collateral Managers.

155.    Defendants deny the allegations set forth in Paragraph 155 of the SAC, except admit that PPAS did not resign as administrative agent.

156.    Defendants deny the allegations set forth in Paragraph 156 of the SAC.

157.    Defendants deny the allegations set forth in Paragraph 157 of the SAC, except admit that AMZM was appointed as the new Collateral Manager for the Zohar Funds and that AMZM made a series of requests for records, and refer the Court to those documents for their complete and accurate contents.

158.    Defendants deny the allegations set forth in Paragraph 158 of the SAC, except admit the existence of the Books and Records Action and refer the Court to the referenced decisions and judgments for their complete and accurate contents.

159.    Defendants deny the allegations set forth in Paragraph 159 of the SAC, except admit that the Insured Zohar Funds purported to terminate PPAS as the administrative agent for the Insured Zohar Funds and replace it with AMZAS.

160.    Defendants deny the allegations set forth in Paragraph 160 of the SAC, except admit that MBIA directed the Trustee to conduct an auction of Zohar I's assets, and insofar as this Paragraph purports to summarize provisions of the Indentures, refer the Court to those documents for their complete and accurate contents.

161.    Defendants deny the allegations set forth in Paragraph 161 of the SAC, except admit that in June 2016, Octaluna I and Octaluna II filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Insured Zohar Funds as "an association taxable as a corporation."

162.    Defendants deny the allegations set forth in Paragraph 162 of the SAC, except admit that MBIA directed the Trustee to sell and liquidate all of the Zohar I Collateral at a public sale. Insofar as the allegations in this Paragraph purport to describe or summarize written communications between MBIA, the Trustee, and Patriarch Partners, Patriarch XV and Octaluna I dated June 27, 2016, July 11, 2016, and August 29, 2016, Defendants refer the Court to those documents for their complete and accurate contents.

163.    Defendants deny the allegations set forth in Paragraph 163 of the SAC, except admit the existence of the Auction Litigation and refer the Court to the filings and orders in that case for their complete and accurate contents.

164.    Defendants deny the allegations set forth in Paragraph 164 of the SAC, except refer the Court to the referenced documents for their complete and accurate contents.

57772/0001-42855500v1

165.    Defendants deny the allegations set forth in Paragraph 165 of the SAC, except refer the Court to the Purchase Agreement and Participation Agreement for their complete and accurate contents.

166.    Defendants deny the allegations set forth in Paragraph 166 of the SAC.

167.    Defendants deny the allegations set forth in Paragraph 167 of the SAC.

168.    Defendants deny the allegations set forth in Paragraph 168 of the SAC, except admit that Zohar II defaulted and refer the Court to the Trustee's notice for its complete and accurate contents.

169.    Paragraph 169 states legal conclusions for which no response is required. To the extent a response is required, Defendants admit that Zohar II defaulted and refer the Court to the Insurance Agreement and Indenture for their complete and accurate contents.

170.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 170, and therefore deny these allegations.

171.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 171, and therefore deny these allegations.

172.    Defendants deny the allegations set forth in Paragraph 172 of the SAC.

173.    Defendants deny the allegations set forth in Paragraph 173 of the SAC, except admit the existence of the Delaware Section 225 Action and refer the Court to the cited opinion for its complete and accurate contents.

174.    Defendants deny the allegations set forth in Paragraph 174 of the SAC, except admit the existence of the November 30, 2017 decision in the Delaware Section 225 Action and refer the Court to that decision for its complete and accurate contents.

175.    Defendants deny the allegations set forth in Paragraph 175 of the SAC, except admit the existence of the November 30, 2017 decision in the Delaware Section 225 Action, admit that Patriarch Partners sought a stay of the judgment in the Delaware 225 Action pending appeal, and admit that a stay was granted.

176.    Defendants deny the allegations set forth in Paragraph 176 of the SAC, except admit the existence of state court actions in Arizona, California, Delaware, Michigan, and New York as well as an action in New York federal court, and refer the Court to the referenced filings in those actions for their complete and accurate contents.

177.    Defendants deny the allegations set forth in Paragraph 177 of the SAC, except admit the existence of a February 2018 report and recommendation from a federal magistrate judge and refer the Court to that report and recommendation for its complete and accurate contents.

178.    Defendants deny the allegations set forth in Paragraph 178 of the SAC, except refer the Court to the referenced filings in those actions for their complete and accurate contents.

179.    Defendants deny the allegations set forth in Paragraph 179 of the SAC, except admit the existence of the Zohar Bankruptcy Cases, and refer the Court to the referenced filings in those actions for their complete and accurate contents.

180.    Defendants deny the allegations set forth in Paragraph 180 of the SAC, except refer the Court to the referenced documents for their complete and accurate contents.

181.    Defendants deny the allegations set forth in Paragraph 181 of the SAC.

182.    Defendants deny the allegations set forth in Paragraph 182 of the SAC, except admit the existence of Ms. Tilton's First Day Declaration in the Zohar Bankruptcy Cases and refer the Court to that filing for its complete and accurate contents.

183.    Defendants deny the allegations set forth in Paragraph 183 of the SAC.

184.    Defendants deny the allegations set forth in Paragraph 184 of the SAC.

185.    Defendants deny the allegations set forth in Paragraph 185 of the SAC, except admit that Ms. Tilton believed that the Portfolio Companies and Collateral had sufficient value to support a full recovery to MBIA, and further admit that Ms. Tilton was the sole director, manager, or officer for certain Portfolio Companies.

186.    Defendants deny the allegations set forth in Paragraph 186 of the SAC, except admit that Ms. Tilton provided a Valuation Summary and further admit that Ms. Tilton testified at a deposition concerning a Valuation Summary and refer the Court to that document and that testimony for their complete and accurate contents.

187.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore deny them, except admit that MBIA entered into the Settlement Agreement and refer the Court to that agreement for its complete and accurate contents.

188.    Defendants deny the allegations set forth in Paragraph 188 of the SAC, except insofar as the allegations purport to describe or summarize the Settlement Agreement, Defendants refer the Court to that document for its complete and accurate contents.

189.    Defendants deny the allegations set forth in Paragraph 189 of the SAC, except insofar as the allegations purport to describe or summarize the Settlement Agreement, Defendants refer the Court to that document for its complete and accurate contents.

190.    Defendants deny the allegations set forth in Paragraph 190 of the SAC, except insofar as the allegations purport to describe or summarize the Settlement Agreement, Defendants refer the Court to that document for its complete and accurate contents.

191.    Defendants deny the allegations set forth in Paragraph 191 of the SAC, except admit that the Court was notified of, and scheduled a hearing on, the motion to approve the Settlement Agreement, and insofar as the allegations purport to describe or summarize the Declaration of Marc S. Kirschner, Defendants refer the Court to that document for its complete and accurate contents.

192.    Defendants deny the allegations set forth in Paragraph 192 of the SAC, except admit that the Settlement Agreement was approved by Order of the Bankruptcy Court dated as of May 21, 2018.

193.    Defendants deny the allegations set forth in Paragraph 193 of the SAC.

194.    Defendants deny the allegations set forth in Paragraph 194 of the SAC, except insofar as the allegations purport to describe or summarize Ms. Tilton's First Day Declaration, the Valuation Summary, or any indications of interest in Dura and GAS, Defendants refer the Court to those documents for their complete and accurate contents.

195.    Defendants deny the allegations set forth in Paragraph 195 of the SAC.

196.    Defendants deny the allegations set forth in Paragraph 196 of the SAC.

197.    Defendants deny the allegations set forth in Paragraph 197 of the SAC.

198.    Defendants deny the allegations set forth in Paragraph 198 of the SAC.

199.    Defendants deny the allegations set forth in Paragraph 199 of the SAC, except admit that Dura filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee on October 17, 2019.

200.    Defendants deny the allegations set forth in Paragraph 200 of the SAC, except admit Patriarch sought to provide debtor-in-possession financing to Dura and refer the Court to the Dura bankruptcy filings for their complete and accurate contents.

201.    Defendants deny the allegations set forth in Paragraph 201 of the SAC.

202.    Defendants deny the allegations set forth in Paragraph 202 of the SAC, except admit the existence of the September 27, 2019 order and Adversary Proceeding No. 19-50390 (KBO), and refer the Court to that order and the filings in that adversary proceeding for their complete and accurate contents.

203.    Defendants deny the allegations set forth in Paragraph 203 of the SAC, except admit two Portfolio Companies were sold between March 2018 and March 2020.

204.    Defendants deny the allegations set forth in Paragraph 204 of the SAC, except admit the existence of the Equity Order and refer the Court to that order for its complete and accurate contents.

205.    Defendants deny the allegations set forth in Paragraph 205 of the SAC. Insofar as the allegations in this Paragraph purport to describe or summarize filings in the Delaware 225 Action, Defendants refer the Court to the filings in that proceeding for their complete and accurate contents.

206.    Defendants deny the allegations set forth in Paragraph 206 of the SAC.

207.    Defendants deny the allegations set forth in Paragraph 207 of the SAC.

208.    Defendants deny the allegations set forth in Paragraph 208 of the SAC.

## CAUSES OF ACTION

### COUNT I
### BREACH OF THE MANAGEMENT AGREEMENTS
### (Against The Patriarch Manager Defendants)

209.    The Patriarch Manager Defendants repeat and reassert all of the preceding answers as if fully set forth herein.

210.    Paragraph 210 states legal conclusions for which no response is required. To the extent a response is required, the Patriarch Manager Defendants deny the allegations set forth in Paragraph 210 of the SAC.

211.    The Patriarch Manager Defendants admit the allegations set forth in Paragraph 211 of the SAC and refer the Court to the Management Agreements for their complete and accurate contents.

212.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 212 of the SAC.

213.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 213 of the SAC.

214.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 214 of the SAC.

215.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 215 of the SAC.

216.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 216 of the SAC.

217.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 217 of the SAC.

218.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 218 of the SAC.

219.    The Patriarch Manager Defendants deny the allegations set forth in Paragraph 219 of the SAC.

57772/0001-42855500v1

## COUNT II

## TORTIOUS INTERFERENCE WITH INDENTURES
### (Against Tilton, Patriarch Partners, PPAS, PPMG, And The Patriarch Manager Defendants)

220.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants repeat and reassert all of the preceding answers as if fully set forth herein.

221.    Paragraph 221 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit the allegations set forth in Paragraph 221 of the SAC.

222.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit that they had knowledge of the Indentures and Transaction Documents.

223.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit the allegations set forth in Paragraph 223 of the SAC and refer the Court to the Indentures for their complete and accurate contents.

224.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 224 of the SAC, except insofar as the allegations purport to describe or summarize the Indentures, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants refer the Court to those documents for their complete and accurate contents.

225.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 225 of the SAC.

226.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 226 of the SAC.

227.     Paragraph 227 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 227 of the SAC, except admit that MBIA made payments totaling nearly $1 billion to the Insured Noteholders under the Financial Guaranties.

228.     Paragraph 228 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 228 of the SAC.

229.     Paragraph 229 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 229 of the SAC.

## COUNT III

### TORTIOUS INTERFERENCE WITH INSURANCE AGREEMENTS
### (Against Tilton, Patriarch Partners, PPAS, PPMG And The Patriarch Manager Defendants)

230.     Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants repeat and reassert all of the preceding answers as if fully set forth herein.

231.     Paragraph 231 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit the allegations set forth in Paragraph 231 of the SAC.

232.     Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit the allegations set forth in Paragraph 232 of the SAC and refer the Court to the Indentures, Insurance Agreements, and Transaction Documents for their complete and accurate contents.

57772/0001-42855500v1

233.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants admit the allegations set forth in Paragraph 233 of the SAC and refer the Court to the Insurance Agreements for their complete and accurate contents.

234.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 234 of the SAC.

235.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 235 of the SAC.

236.    Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 236 of the SAC.

237.    Paragraph 237 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 237 of the SAC.

238.    Paragraph 238 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton, Patriarch Partners, PPAS, PPMG, and the Patriarch Manager Defendants deny the allegations set forth in Paragraph 238 of the SAC.

## COUNT IV

### DECLARATORY JUDGMENT
### (Against All Defendants)

239.    Defendants repeat and reassert all of the preceding answers as if fully set forth herein.

240.    Defendants deny the allegations set forth in Paragraph 240, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names.

241.    Paragraph 241 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 241 of the SAC, except refer the Court to the stock certificates and LLC Agreements for their complete and accurate contents.

242.    Paragraph 242 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 242 of the SAC, except refer the Court to the stock certificates for their complete and accurate contents.

243.    Defendants deny the allegations set forth in Paragraph 243 of the SAC, except insofar as the allegations purport to describe or summarize the LLC Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

244.    Paragraph 244 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 244 of the SAC.

245.    Paragraph 245 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 245 of the SAC.

246.    Defendants deny the allegations set forth in Paragraph 246 of the SAC, except admit that Ms. Tilton asserted beneficial ownership of equity in the Portfolio Companies and that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in their names.

247.    Defendants deny the allegations set forth in Paragraph 247 of the SAC, except admit the existence of the Governance Conveyances and refer the Court to those documents for their complete and accurate contents.

248.     Defendants deny the allegations set forth in Paragraph 248 of the SAC.

249.     Defendants deny the allegations set forth in Paragraph 249 of the SAC.

250.     Paragraph 250 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 250 of the SAC.

251.     Paragraph 251 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 251 of the SAC.

252.     Paragraph 252 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 252 of the SAC.

## COUNT V

## MALICIOUS PROSECUTION
### (Against Tilton)

253.     Ms. Tilton repeats and reasserts all of the preceding answers as if fully set forth herein.

254.     Ms. Tilton denies the allegations set forth in Paragraph 254 of the SAC.

255.     Ms. Tilton denies the allegations set forth in Paragraph 255 of the SAC, except admits the existence of the Delaware Section 225 Action and refers the Court to the referenced opinion for its complete and accurate contents.

256.     Ms. Tilton denies the allegations set forth in Paragraph 256 of the SAC.

257.     Paragraph 257 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 257 of the SAC.

## COUNT VI

## BREACH OF THE SETTLEMENT AGREEMENT
### (Against Tilton)

258. Ms. Tilton repeats and reasserts all of the preceding answers as if fully set forth herein.

259. Paragraph 259 states legal conclusions for which no response is required. To the extent a response is required, Ms. Tilton admits that the Settlement Agreement is a valid and enforceable contract.

260. Ms. Tilton admits the allegations in Paragraph 260 and refers the Court to the Settlement Agreement for its complete and accurate contents.

261. Ms. Tilton denies the allegations set forth in Paragraph 261.

262. Ms. Tilton denies the allegations set forth in Paragraph 262.

263. Ms. Tilton denies the allegations set forth in Paragraph 263.

264. Ms. Tilton denies the allegations set forth in Paragraph 264.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in the WHEREFORE clause and its subparts and deny that Plaintiff is entitled to any of the relief sought herein.

## AFFIRMATIVE DEFENSES

1. As and for a first affirmative defense, Plaintiff fails to state any claim upon which relief can be granted. This adversary proceeding is simply the latest in MBIA's strategy to use litigation against Defendants as a rescue package for Plaintiff's own financial recklessness, commercial unreasonableness, and irrationality. Defendants are not now and never have been to blame for any losses – Plaintiff is.

57772/0001-42855500v1

2.      As and for a second affirmative defense, Plaintiff's claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or the law of the case doctrine. The SEC brought certain of the very same allegations and claims, but ultimately – after years of investigation, after a full hearing on the merits, and after serious harm to Defendants, the Zohar Funds, and to the Portfolio Companies – an Administrative Law Judge found that these allegations of wrongdoing by certain Defendants were wholly without merit. Indeed, the Defendants charged by the SEC were fully exonerated from any claim that they improperly manipulated the OC Ratio or failed to disclose financial information concerning the Portfolio Companies and the loans.

3.      As and for a third affirmative defense, Plaintiff's claims are barred by Plaintiff's unclean hands, bad faith, self-interested dealing, and/or fraudulent conduct. For years, Ms. Tilton sought MBIA's cooperation in extending the maturity date on the Insured Zohar Funds to allow more time for the Portfolio Companies to improve their performance and avoid default, while also giving the noteholders time to negotiate and consummate a global restructuring. Despite Ms. Tilton's best efforts, MBIA refused to act in good faith, refusing to extend the maturity date and wrongfully inducing the Patriarch Manager Defendants to resign as collateral manager and launching a campaign to take over the Portfolio Companies. MBIA's actions caused a maturity default to occur with respect to the Insured Zohar Funds. MBIA engaged in this inequitable conduct in a desperate attempt to save itself from financial ruin, hoping to foreclose on the Zohar Funds' collateral and raise cash by auctioning it off.

4.      As and for a fourth affirmative defense, Plaintiff's claims are barred because Plaintiff suffered no damages as a result of any claims asserted. To the extent Plaintiff has suffered any financial losses, that is due entirely to Plaintiff's own wrongful, reckless, and irrational conduct.

5.      As and for a fifth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because some or all of the damages sustained by Plaintiff, if any, were not caused by Defendants, but instead were caused by the actions or omissions of other persons or entities over which Defendants had no control, including without limitation the wrongful actions or material omissions caused by Plaintiff, which were intervening or superseding causes of damages allegedly sustained by Plaintiff.

6.      As and for a sixth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate its alleged injury or damages that would have prevented all or part of any such alleged injury or damages. Indeed, rather than taking steps to mitigate any alleged harm, Plaintiff repeatedly acted wrongfully and irrationally in a manner that exacerbated any alleged injury or damages.

7.      As and for a seventh affirmative defense, Plaintiff's claims are barred in whole or in part because any alleged injury or damages could have been offset, prevented, or reduced, yet Plaintiff deliberately and repeatedly failed to take such steps.

8.      As and for a eighth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff breached its own contractual obligations, including but not limited to those in the Settlement Agreement. Among other things, Plaintiff did not act in good faith with respect to its obligations under the Settlement Agreement.

9.      As and for a ninth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

10.     As for a tenth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because they are duplicative of other claims against Defendants in other

adversary proceedings in this bankruptcy. Under no circumstances is Plaintiff entitled to a double recovery.

11.     As and for an eleventh affirmative defense, Plaintiff's claims are time-barred, in whole or in part, including by applicable statutes of limitations. Many of Plaintiff's claims relate to alleged conduct that occurred more than a decade ago, and for which Plaintiff either had actual notice or was on inquiry notice, and Plaintiff is legally barred from asserting such untimely claims.

12.     As and for a twelfth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants had an economic interest in the contracts at issue.

13.     As and for a thirteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because they are moot.

14.     As and for a fourteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks a remedy (or remedies) that is (are) not available to them.

15.     As and for a fifteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was expressly permitted or authorized under the relevant agreements.

16.     As and for a sixteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, based on the doctrine of *in pari delicto*.

17.     As and for a seventeenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims.

18.     As and for an eighteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiffs are not parties or third-party beneficiaries to the agreements at issue.

57772/0001-42855500v1

19.     As and for a nineteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants took for any alleged transfers for value, in good faith, and without knowledge of the potential voidability of the transfers.

20.     As and for a twentieth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants took all actions in good faith.

## JURY TRIAL REQUESTED

Defendants respectfully request a trial by jury.

Dated: April 5, 2022

**COLE SCHOTZ P.C.**

By: _/s/ G. David Dean_____
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com
preilley@coleschotz.com

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Mark Cuccaro (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
ttrzaskoma@shertremonte.com
mcuccaro@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Octaluna, LLC, Octaluna II, LLC, Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P., LD Investments, LLC, and Zohar Holding, LLC*

37