# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>(Jointly Administered)<br><br>**Re D.I. 297** |

### DECLARATION OF KYLE STURGEON IN SUPPORT OF DEBTORS' (I) PRELIMINARY OBJECTION TO MOTION OF LARRY TUBBS, TUBBS RICE DRYERS, INC., CHIEF VENTURES, L.L.C. AND BIG RIVER GRAIN, LLC FOR RELIEF FROM THE AUTOMATIC STAY; (II) REQUEST THAT PARTIES BE REFERRED TO MEDIATION

I, Kyle Sturgeon, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am the Managing Partner of Meru, LLC, a turnaround firm I co-founded in 2017.

2. I have been serving as the Chief Restructuring Officer of Agspring Mississippi Region, LLC ("AMR"), Agspring MS 1, LLC ("AMS1"), Agspring MS, LLC ("AMS"), Lake Providence Grain and Rice LLC ("LakeProv"), and Bayou Grain & Chemical Corporation ("Bayou" and together with AMR, AMS1, AMS, and LakeProv, the "Debtors") since September 8, 2021.

3. I submit this declaration (the "Declaration") in support of the Debtors' preliminary objection (the "Objection") to the *Motion of Larry Tubbs, Tubbs Rice Dryers, Inc., Chief*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

*Ventures, L.L.C. and Big River Grain, LLC (the "Tubbs Parties") for Relief from the Automatic Stay* [D.I. 297] (the "Tubbs Motion").

4. In accordance with Local Rule 4001-1(c), I state the following:

    a. The Debtors do not intend to rely upon any notes, bonds, mortgages, security agreements, financing statements, assignments and every other document at the preliminary hearing on the Tubbs Motion scheduled for March 30, 2022 (the "Preliminary Hearing") and as such, have not attached copies hereto. The Debtors reserve the right to rely on such documents in the event the Court schedules further proceedings on the Motion.

    b. The Debtors are not currently in a position to state with certainty the amounts owing to the Tubbs Parties (the "Tubbs Claim"). In 2019, the Tubbs Parties filed suit in the Sixth Judicial District Court, Parish of Madison, State of Louisiana, Case No. 19-198, against Debtors AMR and LakeProv, and other defendants with regard to the Tubbs Claims (the "Louisiana Litigation"). The Louisiana Litigation has been stayed since the Debtors commenced these chapter 11 cases on September 10, 2021 (the "Petition Date"). AMR and LakeProv have asserted defenses to the Tubbs Claims in the Louisiana Litigation. The Tubbs Claims remain to be liquidated in these chapter 11 cases. The Debtors will shortly be filing a joint plan of liquidation (the "Plan") which will provide for the liquidation and treatment of the Tubbs Claims pursuant to the terms of the Plan and in accordance with the provisions of the Bankruptcy Code.

    c. The Debtors did not order appraisals of the Properties as of the Petition Date. The Debtors' most recent appraisals of the properties that are the subject of the Motion

    (the "Properties") date from 2018 and value the Properties at approximately $20 million in the aggregate.  The Tubbs Parties included with the Tubbs Motion more recent appraisals that indicate the Properties are worth approximately $15.8 million in the aggregate.

  d. The Tubbs Parties are adequately protected if the automatic stay is continued.  In October, 2021, the Tubbs Parties filed a motion with this Court seeking to prohibit the Debtors' use of cash collateral and/or for adequate protection of their interests in the Properties [D.I.# 137] (the "AP Motion").  The Tubbs Parties withdrew the AP Motion after the Debtors provided them with (i) information demonstrating that that the Properties were being reasonably maintained and that all costs of maintenance and use of the Tubbs Properties, including taxes, were paid current, and (ii) inspection access to the Properties to confirm these facts.  Nothing has changed since the AP Motion was withdrawn: the same facts remain in place and are equally true today.  Accordingly, the Tubbs Parties are adequately protected if the automatic stay remains in place pending confirmation of the Plan.

 Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 23, 2022

               /s/ Kyle Sturgeon
               Kyle Sturgeon
               Managing Partner, Meru, LLC
               Chief Restructuring Office of the Debtors