**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket Nos. 3233, 3235 & 3239** |
| | <u>**Confirmation Hearing:**</u><br>**June 1, 2022 at 9:00 a.m. (ET)** |
| | <u>**Confirmation Objection Deadline:**</u><br>**May 13, 2022 at 4:00 p.m. (ET)** |

<u>**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**</u>

**PLEASE TAKE NOTICE THAT:**

1. ***Approval of the Disclosure Statement.*** At a hearing held on April 6, 2022 (the "**Disclosure Statement Hearing**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), entered an order [Docket No. 3239] (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of April 6, 2022 and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "**Disclosure Statement**"), as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorized the Debtors to solicit votes to accept or reject the *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of April 6, 2022 (as amended, modified or supplemented from time to time, the "**Plan**"), annexed as Exhibit A to the Disclosure Statement. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

2. ***Classification of Claims and Interests under the Plan.*** The classification and treatment of Claims and Interests under the Plan is described generally below:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

28915650.8

| Class | Description | Treatment |
|---|---|---|
| 1<br>Unimpaired<br>Not entitled to vote. | Zohar III Other Priority Claims<br>Amount asserted to date: $0.00. | Each Holder of an Allowed Other Priority Claim against Zohar III shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account. Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar III are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*:  As set forth in the applicable Proof of Claim or Schedules |
| 2<br>Unimpaired<br>Not entitled to vote. | Zohar III Indenture Trustee Claims<br>Estimated Amount: Undetermined | Indenture Trustee Claims against Zohar III shall be assumed by Zohar III Recovery LLC and paid from the Distributable Cash of Zohar III Recovery LLC.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*:  Zohar III Limited and Zohar III Corp. |
| 2A<br>Unimpaired<br>Not entitled to vote. | Zohar III Patriarch Disputed CMA Fee Claim<br>Asserted Amount: not less than $1,016,466.31, which is Disputed | To the extent Allowed, the Zohar III Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*:  Zohar III Limited and Zohar III Corp. |
| 2B<br>Unimpaired<br>Not entitled to vote. | Zohar III Ankura CMA Claims<br>Asserted Amount: Undetermined. | The Zohar III Ankura CMA Claims shall be paid from the funds in the Zohar III Ankura CMA Escrow pursuant to the terms of the Zohar III Ankura CM Agreement.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*:  Zohar III Limited and Zohar III Corp. |
| 3<br>Impaired<br>Entitled to vote. | Zohar III A-1 Note Claims<br>Allowed Amount: $387,131,000 | On the Effective Date, the Zohar III A-1 Notes shall be deemed to be reduced in amount to the Zohar III Adjusted Plan Value, and each Holder of a Zohar III A-1 Note Claim shall receive, in exchange for its Zohar III A-1 Note Claim, its pro rata share of (i) the New Notes assumed by Zohar III Recovery LLC, MDHI Holdco (to the extent provided for in Section 6.17 of the Plan), and, if applicable, a Litigation Trust in the aggregate amount of $100,000, (ii) the Zohar III MDHI Holdco Interests (to the extent provided for in Section 6.17 of the Plan), and (iii) 100% of the membership interests in New Zohar III LLC; *provided*, *however*, that Holders of the Zohar III A-1 Note Claims may also receive their pro rata share of the beneficial interests in a Litigation Trust to the extent provided for in the Plan Supplement.<br>*Estimated Percentage Distribution Under Plan*: Less than 100%<br>*Applicable Debtor*:  Zohar III Limited and Zohar III Corp. |

| Class | Description | Treatment |
|---|---|---|
| 4<br>Impaired<br>Not entitled to vote. | Zohar III A-2 Note Claims<br>Estimated Amount: $200,991,582.56 | Holders of Zohar III A-2 Note Claims shall receive no distribution on account of such Claims or the Zohar III A-2 Notes.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: Zohar III Limited and Zohar III Corp. |
| 5<br>Impaired<br>Not entitled to vote. | Zohar III A-3 Note Claims<br>Estimated Amount: $116,628,606.77 | Holders of Zohar III A-3 Note Claims shall receive no distribution on account of such Claims or the Zohar III A-3 Notes.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: Zohar III Limited and Zohar III Corp. |
| 6<br>Impaired<br>Not entitled to vote. | Zohar III B Note Claims<br>Estimated Amount: $196,000,000 | Holders of Zohar III B Note Claims shall receive no distribution on account of such Claims or the Zohar III B Notes.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: Zohar III Limited and Zohar III Corp. |
| 7<br>Impaired<br>Not entitled to vote. | Zohar III General Unsecured Claims<br>Amount asserted to date: Not less than $12,211,667.56 | The Holders of General Unsecured Claims against Zohar III shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: As set forth in the applicable Proof of Claim or Schedules |
| 8<br>Unimpaired<br>Not entitled to vote. | Zohar II Other Priority Claims<br>Amount asserted to date: $0.00 | Each Holder of an Allowed Other Priority Claim against Zohar II shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account. Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar II are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*: As set forth in the applicable Proof of Claim or Schedules |
| 9<br>Unimpaired<br>Not entitled to vote. | Zohar II Indenture Trustee Claims<br>Estimated Amount: Undetermined | The Indenture Trustee Claims against Zohar II shall be assumed by Zohar II Recovery LLC and paid from the Distributable Cash of Zohar II Recovery LLC.<br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br>*Applicable Debtor*: Zohar II Limited and Zohar II Corp. |

| Class | Description | Treatment |
|---|---|---|
| **9A** <br> Unimpaired <br> Not entitled to vote. | Zohar II Patriarch Disputed CMA Fee Claim <br><br> Asserted Amount: not less than $2,197,485.96, which is Disputed | To the extent Allowed, the Zohar II Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents <br><br> *Estimated Percentage Distribution Under Plan*: 100% of Allowed amount <br><br> *Applicable Debtor*: Zohar II Limited and Zohar II Corp. |
| **9B** <br> Unimpaired <br> Not entitled to vote. | Zohar II Ankura CMA Claims <br><br> Asserted Amount: Undetermined | The Zohar II Ankura CMA Claims shall be paid from the funds in the Zohar II Ankura CMA Escrow pursuant to the terms of the Zohar II Ankura CM Agreement. <br><br> *Estimated Percentage Distribution Under Plan*: 100% of Allowed amount <br><br> *Applicable Debtor*: Zohar II Limited and Zohar II Corp. |
| **10** <br> Impaired <br> Entitled to vote. | Zohar II Credit Enhancement Claims <br><br> Allowed Amount: $806,582,747.23 | On the Effective Date, the Zohar II Credit Enhancement Claims shall be deemed to be reduced in amount to the Zohar II Adjusted Plan Value, and each Holder of Zohar II Credit Enhancement Claims shall receive, in exchange for its Zohar II Credit Enhancement Claims, its pro rata share of (i) the New Notes assumed by Zohar II Recovery LLC, MDHI Holdco (to the extent provided for in Section 6.17 of the Plan), and, if applicable, a Litigation Trust in the aggregate amount of $100,000, (ii) the Zohar II MDHI Holdco Interests (to the extent provided for in Section 6.17 of the Plan), and (iii) 100% of the membership interests in New Zohar II LLC; *provided*, *however*, that Holders of Zohar II Credit Enhancement Claims may also receive their pro rata share of the beneficial interests in a Litigation Trust to the extent provided for in the Plan Supplement. <br><br> *Estimated Percentage Distribution Under Plan*: Less than 100% <br><br> *Applicable Debtor*: Zohar II Limited and Zohar II Corp. |
| **11** <br> Impaired <br> Not entitled to vote. | Zohar II B Note Claims <br><br> Estimated Amount: $200,000,000 | Holders of Zohar II B Note Claims shall receive no distribution on account of such Claims or the Zohar II B Notes. <br><br> *Estimated Percentage Distribution Under Plan*: 0% <br><br> *Applicable Debtor*: Zohar II Limited and Zohar II Corp. |
| **12** <br> Impaired <br> Not entitled to vote. | Zohar II General Unsecured Claims <br><br> Amount asserted to date: Not less than $271,611.48 | The Holders of General Unsecured Claims against Zohar II shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims. <br><br> *Estimated Percentage Distribution Under Plan*: 0% <br><br> *Applicable Debtor*: As set forth in the applicable Proof of Claim or Schedules |

| Class | Description | Treatment |
|---|---|---|
| 13<br>Unimpaired<br>Not entitled to vote. | Zohar I Other Priority Claims<br><br>Amount asserted to date: $0.00 | Each Holder of an Allowed Other Priority Claim against Zohar I shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account. Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar I are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court.<br><br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br><br>*Applicable Debtor*: As set forth in the applicable Proof of Claim or Schedules |
| 14<br>Impaired<br>Entitled to vote. | Zohar I Indenture Trustee Claims<br><br>Estimated Amount: Undetermined | Indenture Trustee Claims against Zohar I shall be paid, up to the Allowed amount of the Indenture Trustee Claims against Zohar I, from the Distributable Cash attributable to Zohar I in the Litigation Trust applicable to Zohar I available after payment in full of all Allowed Administrative Claims and Priority Claims against Zohar I, as required by the Plan.<br><br>*Estimated Percentage Distribution Under Plan*: Less than 100%<br><br>*Applicable Debtor*: Zohar I Limited and Zohar I Corp. |
| 14A<br>Unimpaired<br>Not entitled to vote. | Zohar I Patriarch Disputed CMA Fee Claim<br><br>Asserted Amount: not less than $170,454.55, which is Disputed | To the extent Allowed, the Zohar I Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents<br><br>*Estimated Percentage Distribution Under Plan*: 100% of Allowed amount<br><br>*Applicable Debtor*: Zohar I Limited and Zohar I Corp. |
| 15<br>Impaired<br>Entitled to vote. | Zohar I Credit Enhancement Claims<br><br>Allowed Amount: $20,347,522.55 | Each Holder of a Zohar I Credit Enhancement Claim shall receive (i) the treatment provided for in Section 6.1(b) of the Plan with respect to the Zohar I Sale and (ii) a Cash payment, up to the Allowed amount of the Zohar I Credit Enhancement Claim, from the Distributable Cash attributable to Zohar I in the Litigation Trust applicable to Zohar I remaining after payment in full of the Zohar I Indenture Trustee Claim.<br><br>*Estimated Percentage Distribution Under Plan*: Less than 100%<br><br>*Applicable Debtor*: Zohar I Limited and Zohar I Corp. |
| 16<br>Impaired<br>Not entitled to vote. | Zohar I A-3 Note Claims<br><br>Estimated Amount: $300,867,253.26 | Holders of Zohar I A-3 Note Claims shall receive no distribution on account of such Claims or the Zohar I A-3 Notes.<br><br>*Estimated Percentage Distribution Under Plan*: 0%<br><br>*Applicable Debtor*: Zohar I Limited and Zohar I Corp. |

| Class | Description | Treatment |
|---|---|---|
| 17<br>Impaired<br>Not entitled to vote. | Zohar I B Note Claims<br>Estimated Amount: $150,000,000 | Holders of Zohar I B Note Claims shall receive no distribution on account of such Claims or the Zohar I B Notes.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: Zohar I Limited and Zohar I Corp. |
| 18<br>Impaired<br>Not entitled to vote. | Zohar I General Unsecured Claims<br>Amount asserted to date: Not less than $279,800.66 | The Holders of General Unsecured Claims against Zohar I shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: As set forth in the applicable Proof of Claim or Schedules |
| 19<br>Impaired<br>Not entitled to vote. | Interests | Interests shall be cancelled, released, and extinguished, and Holders of Interests shall neither receive any Distributions nor retain any property under the Plan for or on account of such Interests.<br>*Estimated Percentage Distribution Under Plan*: 0%<br>*Applicable Debtor*: Each Debtor |

3.  ***Offers to Acquire the Debtors' Assets for a Greater Value.*** The Plan is premised on the Debtors' view that the value of the assets of Zohar III, Zohar II and Zohar I,[2] respectively, do not exceed: (i) the amount of the Zohar III A-1 Notes Claims ($387,131,000) for Zohar III; (ii) the amount of the Zohar II Credit Enhancement Liability Claims ($806,582,747.23) for Zohar II; and (iii) the amount of the Zohar I Credit Enhancement Liability Claims ($20,347,522.55) for Zohar I, as more fully discussed in Article I.C. of the Disclosure Statement. If any interested party believes that it can provide value to any one or more of the Zohar Funds to acquire their assets or the interest in the applicable Asset Recovery Entity (and related Litigation Trust) at a cash purchase price that is at or above the amount of the A-1 Notes or Credit Enhancement Liabilities, as applicable, it should promptly contact the Debtors. Subject to customary demonstrations concerning the bona fides of any party seeking to make an offer and its financial wherewithal to complete a transaction at or above the threshold amount, the Debtors will consider offers providing a purchase price at or above the amount of the senior most claims against the applicable Zohar Fund (i.e., $387,131,000.00 for Zohar III; $806,582,747.23 for Zohar II; and $20,347,522.55 for Zohar I).[3]

4.  ***Deadline for Voting on the Plan.*** **The Court has established <u>May 20, 2022 at 5:00 p.m. (ET)</u> (the "Voting Deadline") as the deadline by which Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be received by the applicable Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee), accepting or rejecting the Plan must be received. Only Holders of Claims in Classes 3 (Zohar III A-1 Note Claims), 10 (Zohar II Credit Enhancement Claims), 14 (Zohar I Indenture Trustee Claims) and 15 (Zohar I Credit Enhancement Claims) (collectively, the "Voting Classes")**

---

[2] As described in Section 6.1(b) of the Plan, prior to the Petition Date MBIA acquired all right, title and interest (whether legal, equitable or beneficial) of the assets of Zohar I. As a result, the Plan gives effect to the Zohar I Sale Documents and the prepetition transfer of the debt and equity interests in the Portfolio Companies owned by Zohar I to MBIA. Thus, any such assets are not subject to potential offers, as described herein.

[3] The Debtors may also, in their discretion, consider offers below these threshold amounts.

**under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes**.  All other Classes of Claims and Interests under the Plan are not entitled to vote on the Plan.  Votes must be submitted in accordance with the Disclosure Statement Order and the voting instructions attached to the Ballots.  In addition to this notice, Holders of Claims in the Voting Classes will receive a Solicitation Package containing the following:  (a) the Disclosure Statement, including the Plan and all other exhibits annexed thereto; (b) the Disclosure Statement Order (excluding exhibits); (c) a Ballot and Voting Instructions; and (d) a pre-addressed, postage pre-paid return envelope.  If you are the Holder of a Claim in one or more of the Voting Classes and did not receive a Solicitation Package, please contact the undersigned counsel for the Debtors electronically, in writing or via telephone using the contact information provided below.

5. *Claims Objections*.  The Debtors may object to Claims for Plan voting purposes by filing and serving an objection to such Claims no later than April 25, 2022.  If the Debtors file and serve such an objection, any Claims to which the Debtors object shall not be counted for Plan voting purposes except as provided in the Disclosure Statement Order.  Any Holder of a Claim that is the subject of a claim objection filed and served on or before April 25, 2022 which wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a motion under Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "**Rule 3018(a) Motion**") by no later than May 9, 2022.  Any Holder of a Claim who files and serves a Rule 3018(a) Motion by May 9, 2022 shall be promptly provided a ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional ballot should be counted as a vote on the Plan.

6. *Plan Supplement*.  The Plan Supplement, if any, will be filed and served on the following parties no later than May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests a copy of the same from the undersigned counsel for the Debtors electronically or in writing using the contact information provided below.

7. *Confirmation Hearing.*  A hearing to consider Confirmation of the Plan and for such other and further relief as may be just or proper (the "**Confirmation Hearing**") will be held on **June 1, 2022 at 9:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801.  The Confirmation Hearing may take place virtually through Zoom, and in the event that it does so, information on how to sign up for such virtual hearing will be provided in the hearing agenda filed on the docket of the Chapter 11 Cases.  The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or a filing on the docket of the Chapter 11 Cases in addition to any an announcement that may be made in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice unless such notice is required by the Bankruptcy Code or the Bankruptcy Rules, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

8. *Deadline for Objections to Confirmation of the Plan.*  Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **before 4:00 p.m. (ET) on May 13, 2022** and served by

28915650.8

7

that date and time in accordance with the Local Rules, which service may be made by email, on the following parties: (i) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. (mnestor@ycst.com), Joseph M. Barry (jbarry@ycst.com) and Ryan M. Bartley, Esq. (rbartley@ycst.com); and (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov).

9. *ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN. ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN CAREFULLY AND CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.*

10. The release in Section 10.3 of the Plan binds the Debtors and the Estates. It provides:

*"To the maximum extent permitted by applicable law, pursuant to section 1123(b)(3) of the Bankruptcy Code, for good and valuable consideration, including the actions of the Released Parties to facilitate the Plan and the implementation of the Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor in possession for itself and on behalf of its Estate, and any person claiming through, on behalf of, or for the benefit of each Debtor and its Estate, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date or thereafter whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity, arising from or related to any actions, transactions, events or omissions occurring on or before the Effective Date relating to the Debtors, in any way whatsoever, or the Chapter 11 Cases. The Wind-Down Company (if any) and each Wind-Down Administrator, Asset Recovery Entity, Asset Recovery Manager, Litigation Trust(s) And Litigation Trustee(s), shall be bound, to the same extent that the Debtors and the Estate are bound, by the releases set forth above. Notwithstanding anything herein to the contrary, the release set forth in this Section 10.3 of the Plan shall not apply to any act or omission constituting gross negligence, actual fraud or willful misconduct by any of the Exculpated Parties."*

*"Released Parties" is defined as follows: "collectively, in each case, solely in their respective capacities as such: (a) the Exculpated Parties, (b) Ankura, (c) the Indenture Trustee, (d) each DIP Lender, (e) the Controlling Party; (f) the members of the Controlling Class, (g) all Holders of Claims that vote to accept the Plan; and (h) with respect to each of the Entities described in subsections (c) through (g), such Entity's Related Parties; provided, however, that notwithstanding any provision of the Plan to the contrary, (i) Lynn Tilton, the Patriarch Stakeholders, the respective Affiliates of any of them and their Related Parties (other than the Exculpated Parties and Ankura, if they are Related Parties or Affiliates of the foregoing) shall not be Released Parties and shall not be released under the Plan and (ii) any party that objects to Confirmation of the Plan (by filing an objection with the Court or appearing at the Confirmation Hearing and making an objection on the record), files a motion to stay the effectiveness of the Confirmation Order or files an appeal of the Confirmation Order shall not be a Released Party and shall not be released under the Plan."*

11. The release in Section 10.4 of the Plan binds certain non-Debtor parties. It provides:

*"To the maximum extent permitted by applicable law, pursuant to sections 105(a) and 1123(b)(5) and (6) of the Bankruptcy Code, for good and valuable consideration, including the actions of the Released Parties to facilitate the Plan and the implementation of the Plan, effective as of the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date or thereafter whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity arising from or related to any actions, transactions, events or omissions occurring on or before the Effective Date relating to the Debtors, in any way whatsoever, or the Chapter 11 Cases.  For the avoidance of doubt, the foregoing release shall not waive or release any right that a Releasing Party has under the Plan, including to receive a distribution under the Plan; provided, however, that notwithstanding any other provision of the Plan to the contrary, nothing herein shall constitute a waiver or release of any claims or causes of action to enforce or arising under the Zohar I Issuer Holdback Documents."*

*"Releasing Parties" is defined as follows: "collectively, in each case only in its capacity as such: (a) Ankura, (b) the Indenture Trustee, (c) the DIP Lender, (d) the Controlling Party, (e) the members of the Controlling Class, and (f) all Holders of Claims that vote to accept the Plan; <u>provided, however</u>, that if any of the foregoing entities is excluded as a Released Party due to application of the proviso in the definition of "Released Party" such entity also shall not be a Releasing Party."*

12.    **The text of the exculpation and injunction provisions of Article X of the Plan are as follows:**

<u>Section 10.5 Exculpation</u>.  *"Except as otherwise specifically provided in the Plan, the Plan Supplement or related documents, no Exculpated Party shall have or incur any liability to any entity for any act or omission taken (or not taken, as the case may be) on or after the Petition Date and prior to the Effective Date in connection with, or related to, the Debtors or arising out of the Chapter 11 Cases, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation or consummation of the Plan, the Disclosure Statement, the exhibits to the Plan and the Disclosure Statement, the Plan Supplement documents, any instrument, release or other agreement or document created, modified, amended or entered into in connection with the Plan, except for their willful misconduct or gross negligence as determined by a Final Order.  No Entity may commence or pursue a claim or Cause of Action of any kind against any Exculpated Party without the Bankruptcy Court (i) first determining after notice that such claim or Cause of Action represents a colorable claim for willful misconduct or gross negligence against that Exculpated Party and (ii) specifically authorizing such entity to bring such Claim.  The United States Bankruptcy Court for the District of Delaware will have, and expressly retains, sole jurisdiction to adjudicate any such claim for which approval of the court to commence or pursue has been granted.*

*"Exculpated Parties" is defined as follows:  "(a) each Professional retained by the Debtors or the Independent Director after the Petition Date, (b) Joseph J. Farnan, Jr., Marc Kirschner, Michael Katzenstein, Robert Kost, and (c) FTI Consulting, Inc., Goldin & Associates, LLC, Teneo Holdings, LLC, and their respective "additional personnel" supporting the independent CROs and CMO. For the avoidance of doubt, Exculpated Parties includes (y) Young Conaway Stargatt & Taylor, LLP, White & Case LLP, Houlihan Lokey Capital Inc., KPMG LLP, Direct Fee Review, LLC, Robinson Gray PA, Fox Rothschild LLP, Morris, Nichols, Arsht & Tunnell, LLP, Reliable Companies, and Walkers (Cayman) LLP and (z) the members, partners, directors, officers, managers, and employees of each party referenced in (a)-(c) and (y) of this definition who provided services to the Debtors or Independent Director, solely in their capacities as such."*

**Section 10.6 Plan Injunction.** Subject to the occurrence of the Effective Date, Confirmation of the Plan shall act as a permanent injunction against any Entity commencing or continuing any action, employment of process, or act to collect, offset (except as permitted by Section 10.8 of the Plan) or recover any claim, interest, or Cause of Action satisfied, released or exculpated under the Plan to the fullest extent authorized or provided by the Bankruptcy Code. Without limiting the foregoing, from and after the Effective Date, all Entities that have held, hold, or may hold claims, interests, or Causes of Action satisfied, released or exculpated under the Plan shall be permanently enjoined from taking any of the following actions against, as applicable, the Asset Recovery Entity, Asset Recovery Manager, Litigation Trust(s), Litigation Trustee(s), Wind-Down Company (if any), Wind-Down Administrator, Released Parties or Exculpated Parties, on account of any such claims, interests, or Causes of Action: (a) commencing or continuing in any manner any suit, action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance of any kind; and (d) commencing or continuing in any manner any action or other proceeding of any kind.

13. *Copies of Documents.* Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before May 6, 2022), and the Disclosure Statement Order are available free of charge upon written request (which writing may be an email) to the undersigned counsel for the Debtors. If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, the Solicitation Package that you received, or the amount of your Claim, you should contact the undersigned counsel for the Debtors electronically, in writing or via telephone using the contact information provided below. Please be advised that counsel for the Debtors cannot provide legal advice to any party other than the Debtors.

| | |
|---|---|
| Dated: April 8, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Shane M. Reil*<br>James L. Patton, Jr. (No. 2202) (jpatton@ycst.com)<br>Robert S. Brady (No. 2847) (rbrady@ycst.com)<br>Michael R. Nestor (No. 3526) (mnestor@ycst.com)<br>Joseph M. Barry (No. 4221) (jbarry@ycst.com)<br>Ryan M. Bartley (No. 4985) (rbartley@ycst.com)<br>Shane M. Reil (No. 6195) (sreil@ycst.com)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600  Facsimile: (302) 571-1253<br><br>*Counsel to the Debtors and Debtors in Possession* |