**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |

**IN THE UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA, LLC; OCTALUNA II, LLC; and OCTALUNA III, LLC, | |
| Appellants, | |
| v. | |
| MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN | Case No. 1:22-cv-00400 (TLA) |

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

1

| |
|---|
| LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL EVENT-DRIVEN MASTER FUND LP, PRAETOR FUND I, A SUB FUND OF PRAETORIUM FUND I ICAV; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND LIMITED; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND II LIMITED; HIRTLE CALLAGHAN TRADING PARTNERS, L.P.; AND THIRD SERIES OF HDML FUND I LLC., |
|                                  Appellees. |

### APPELLANTS' DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL PURSUANT TO RULE 8009(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE[2]

Pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 8009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Octaluna, LLC, Octaluna II, LLC, Octaluna III, LLC, and Lynn Tilton (collectively, "Appellants") hereby submit their designation of the record on appeal, together with all exhibits, attachments, and documents incorporated by reference therein, and statement of the issues on appeal in connection with their appeal from the *Memorandum Opinion and Order on Defendants' Motions to Dismiss the Amended Complaint of Lynn Tilton and the Patriarch & Octaluna Entities for Equitable Subordination* [Adv. D.I. 236] (the "Order").

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Amended Complaint [Adv. D.I. 160] ("Am. Compl.").

2

## DESIGNATION OF THE RECORD ON APPEAL[3]

| Adv. Docket No. | Date Filed | Description |
|---|---|---|
| 64 | 10/30/2020 | Motion to Dismiss Adversary Proceeding |
| 65 | 10/30/2020 | Memorandum of Law in Support of Defendant U.S. Bank National Association's Motion to Dismiss |
| 81 | 10/30/2020 | Motion to Dismiss Adversary Proceeding Filed by Alvarez & Marsal Zohar Management LLC |
| 82 | 10/30/2020 | Opening Memorandum of Law in Support of Defendant Alvarez & Marsal Zohar Management's Motion to Dismiss Complaint of Lynn Tilton and the Patriarch & Octaluna Entities |
| 103 | 10/30/2020 | Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss the Complaint |
| 110 | 03/02/2021 | Memorandum of Law in Further Support of Defendant U.S. Bank National Association's Motion to Dismiss |
| 111 | 03/02/2021 | [Sealed] Reply in Support of Defendant Alvarez & Marsal Zohar Managements Motion to Dismiss Complaint of Lynn Tilton and the Patriarch & Octaluna Entities |
| 125 | 07/29/2021 | Letter from Theresa Trzaskoma to the Honorable Karen B. Owens regarding supplemental authority. |
| 126 | 08/05/2021 | Letter from Michael Petrella to Judge Owens dated 8/5/2021 in response to Patriarch's Letter dated 7/29/2021 |
| 127 | 10/20/2021 | Letter from Michael Petrella to the Honorable Karen B. Owens regarding supplemental authority |
| 128 | 10/20/2021 | Letter to the Honorable Karen B. Owens regarding supplemental authority |
| 129 | 10/21/2021 | Letter to the Honorable Karen B. Owens regarding Supplemental Authority |
| 132 | 10/26/2021 | [Sealed] Letter from Theresa Trzaskoma to the Honorable Karen B. Owens regarding October 27, 2021 hearing |
| 133 | 10/26/2021 | Letter to Judge Owens from Michael E. Petrella dated October 26, 2021 re. Response to Patriarch's Letter |
| 134 | 10/26/2021 | Letter to the Honorable Karen B. Owens in Response to Patriarchs Letter |
| 137 | 10/29/2021 | Letter from Theresa Trzaskoma to the Honorable Karen B. Owens regarding October 27, 2021 hearing |
| 160 | 01/06/2022 | [Sealed] Amended Complaint to Modify Nature of Suit |
| 167 | 01/28/2022 | Supplemental Memorandum of Law in Further Support of Alvarez & Marsal Zohar Managements Motion to Dismiss the Complaint of Lynn Tilton and the Patriarch & Octaluna Entities. |
| 168 | 01/28/2022 | [Sealed] Memorandum of Law of Zohar III Controlling Class in Support of their Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) Made Applicable by Bankruptcy Rule 7012 |

---

[3] Portions of the record designated for appeal were filed or admitted under seal. Contemporaneously with the filing of this designation Appellant will file a motion with the District Court pursuant to Bankruptcy Rule 8009(f) requesting that the District Court accept these portions of the record under seal.

3

| Adv. Docket No. | Date Filed | Description |
|---|---|---|
| 169 | 01/28/2022 | [Sealed] Motion to Dismiss Adversary Proceeding |
| 170 | 01/28/2022 | [Sealed] Declaration in Support of Michael E. Petrella Regarding Defendants MBIA Inc.'s and MBIA Insurance Corporation's Motion to Dismiss Equitable Subordination Complaint |
| 192 | 02/17/2022 | [Sealed] Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss the Amended Complaint |
| 205 | 02/24/2022 | [Sealed] Reply Memorandum of Law of the Zohar III Controlling Class in Further Support of their Motion to Dismiss the Amended Complaint |
| 206 | 02/24/2022 | [Sealed] Reply /Defendants MBIA Inc.'s and MBIA Insurance Corporation's Reply Memorandum of Law in Further Support of Their Motion to Dismiss Equitable Subordination Amended Complaint |
| 207 | 02/24/2022 | Limited Supplemental Reply Brief in Support of Defendant Alvarez & Marsal Zohar Managements Motion to Dismiss Complaint of Lynn Tilton and the Patriarch & Octaluna Entities |
| 215 | 03/01/2022 | Notice of Agenda of Matters Scheduled for Hearing on March 3, 2022 at 1:00 p.m. (ET) |
| 233 | 03/24/2022 | [Sealed] Amended Complaint to Modify Nature of Suit |
| 236 | 03/25/2022 | Memorandum Opinion and Order on Defendants Motions to Dismiss the Amended Complaint of Lynn Tilton and The Patriarch & Octaluna Entities for Equitable Subordination |
| 237 | 03/29/2022 | Notice of Appeal Civil Action Number: 22-400 ; BAP Number: 22-29 |
| Docket | 10/01/2019 to 04/12/2022 | Docket in Adversary Proceeding No. 19-50390 (KBO) (Bankr. D. Del.) |

| Bankr. Docket No. | Date Filed | Description |
|---|---|---|
| 3133 | 03/04/2022 | Transcript regarding Hearing Held 03/03/22 RE: Oral Argument |

4

## STATEMENT OF THE ISSUES ON APPEAL

Appellants hereby state the following as the issues on appeal pursuant to Bankruptcy Rule 8009(a)(1)(A):

1. Did the Bankruptcy Court err in finding that Appellants failed to state a claim, including by not drawing all reasonable inferences in Appellants' favor?

2. Did the Bankruptcy Court err in holding that the doctrine of collateral estoppel barred the Amended Complaint's allegations that Appellees behaved inequitably?

3. Did the Bankruptcy Court err in holding that Appellants failed to sufficiently allege that Appellees' conduct with regard to the auction of the Zohar I collateral amounted to inequitable conduct justifying subordination?

4. Did the Bankruptcy Court err in holding that Appellants failed to sufficiently allege that Appellees acted with an improper purpose that amounted to inequitable conduct justifying subordination?

5. Did the Bankruptcy Court err in holding that Appellants failed to sufficiently allege that Appellee U.S. Bank National Association was an insider of the Debtors?

|  |  |
|---|---|
| Dated: April 12, 2022<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>By: */s/ G. David Dean*<br>Norman L. Pernick (No. 2290)<br>G. David Dean (No. 6403)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>npernick@coleschotz.com<br>ddean@coleschotz.com<br>preilley@coleschotz.com<br><br>– and – |

6

        **SHER TREMONTE LLP**

        Theresa Trzaskoma
        (Admission Pro Hac Vice pending)
        Maya Brodziak
        (Admission Pro Hac Vice pending)
        90 Broad Street, 23rd Floor
        New York, New York 10004
        Telephone: (212) 202-2600
        Facsimile: (212) 202-4156
        ttrzaskoma@shertremonte.com

        *Counsel to Appellants*

6