```
                 UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF DELAWARE

IN RE:                                  . Chapter 11
                                        .
WOODBRIDGE GROUP OF COMPANIES,          . Case No. 17-12560(JKS)
LLC, et al.,                            . (Jointly Administered)
                                        .
              Remaining Debtors.        .
. . . . . . . . . . . . . . . . . . . . .
MICHAEL GOLDBERG, as Liquidating        . 824 Market Street
Trustee of the Woodbridge               . Wilmington, DE 19801
Liquidation Trust, successor            . October 29, 2021
In interest to the estate of            .
Woodbridge Group of Companies,          .
LLC, et al.                             .
                                        .
              Plaintiff,                .
                                        .
v.                                      .
                                        .
Provident Trust Group, LLC,             . Adv. 19-50558 (JKS)
administrator and custodian for         .
the benefit of Claro Chen IRA,          .
and Claro Chen,                         .
Provident Trust Group, LLC,             . Adv. 19-50606 (JKS)
administrator and custodian for         .
the benefit of Catherine Williams       .
IRA, and Catherine Williams,            .
Provident Trust Group, LLC,             . Adv. 19-50700 (JKS)
administrator and custodian for         .
the benefit of Elizabeth A.             .
Janovsky,                               .
Raymond M. Chambers and Sarah F.        . Adv. 19-50777 (JKS)
Chambers,                               .
Robert W. Haskins and Naomi F.          . Adv. 19-50779 (JKS)
Hawkins                                 .
Gwendolyn Bissette                      . Adv. 19-50815 (JKS)
Helen S. Fong                           . Adv. 19-50818 (JKS)
IRA Services Trust Company,             . Adv. 19-50821 (JKS)
custodian for the benefit of Bret       .
J. Parent, Parent IRA                   .
Rebecca K. Wittler,                     . Adv. 19-50822 (JKS)
Karen I. Clara,                         . Adv. 19-50824 (JKS)
Provident Trust Group, LLC,             . Adv. 19-50828 (JKS)
administrator and custodian for         .
the benefit of Angela Chatham           .
IRA and Angela Chatham                  .
Barbara Lois Feldman,                   . Adv. 19-50833 (JKS)
Provident Trust Group, LLC              . Adv. 19-50835 (JKS)
administrator and custodian for         .
the benefit of Martha C. Maclean        .
```

```
Roth IRA, and Martha C. Maclean    .
Heidi M. Pilant,                   .  Adv. 19-50841 (JKS)
Logan Turpentine,                  .  Adv. 19-50845 (JKS)
Anna Santacroce,                   .  Adv. 19-50844 (JKS)
Christopher Long worth,            .  Adv. 19-50928 (JKS)
Annua Group LLC,                   .  Adv. 19-50930 (JKS)
Eric Little,                       .  Adv. 19-50944 (JKS)
RH Principled Investments and      .  Adv. 19-50970 (JKS)
Raymond Han,                       .
Security Financial, LLC and        .  Adv. 19-51020 (JKS)
Ameritrust Advisors of SC, LLC     .
Annuity Alternatives of America,   .  Adv. 19-51037 (JKS)
LLC,                               .
Tangible Assets Investments, LLC   .  Adv. 19-51058 (JKS)
and Charles Thorngren,             .
Eduardo G. Diaz and Diaz           .
Retirement Consultants,            .  Adv. 19-51071 (JKS)
                                   .
          Defendants.              .
. . . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF HEARING
REGARDING MOTION TO STRIKE ANSWER
BEFORE THE HONORABLE J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

Audio Operator:          Electronically Recorded by
                         Madeline Dungey, ECRO

Transcription Company:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         (302)654-8080
                         Email:  gmatthews@reliable-co.com


APPEARANCES VIA ZOOM:

For the Liquidating      Colin R. Robinson, Esq.
Trust:                   PACHULSKI STANG ZIEHL & JONES LLP




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

INDEX

|  | Page |
|---|---|
| MR. ROBINSON | 4 |
| THE COURT'S RULING | 6 |

1  (Proceedings commence at 10:01 a.m.)

2  ECRO: Counsel, you are live in the courtroom, and
3  hearing is about to begin. Please remember to state your
4  name for the record when you speak, and every time you speak
5  please keep your video off, and stay muted if you are not
6  speaking to the Judge so the Judge can concentrate on the
7  parties who are presenting at the time. Thank you.

8  THE COURT: And counsel, this is Judge Stickles.
9  We're on the record in Woodbridge Group of Companies, Case
10 No. 17-12560.

11 I'll hear from the trustee's counsel, Mr. Robinson.

12 MR. ROBINSON: Good morning, Your Honor.

13 THE COURT: Good morning.

14 MR. ROBINSON: Colin Robinson from Pachulski Stang
15 Ziehl & Jones on behalf of the Liquidating Trustee.

16 Your Honor, thanks for hearing us today. We have a
17 short agenda. As you probably saw, you entered multiple
18 orders on the pending motions, so that's much appreciated.

19 So we're down to one item which is Item 26 on the
20 agenda, which is a motion to strike an answer. And, Your
21 Honor, if I could just provide some background, and then of
22 course, if you have any questions.

23 But, the defendant Mr. Sawyer, shortly after we
24 filed the complaint back in 2019, he filed a letter answer.
25 And the answer obviously was pro se, you may have seen a copy

1  of it.  And the answer didn't exactly deny any of the

2  allegations in the complaint.  The answer did indicate he

3  didn't have knowledge of what's alleged in the complaint and

4  that he was also a victim and asked to be relieved of

5  financial obligations.  Obviously, the letter speaks for

6  itself, but I just wanted to kind of highlight it for you.

7  So, Your Honor, we proceeded to have a scheduling

8  order entered in the case, and then eventually the case

9  proceeded to mediation.

10  And just by way of context, when we did get to

11  mediation, and this predated when the cases were reassigned

12  to Your Honor, this was one of the cases where the defendant

13  never responded about the selection of a mediator.  So we had

14  a process whereby if you didn't respond, we submitted a

15  certification of counsel that said we never got a response,

16  we tried multiple times, and we left it up to the Court to

17  choose a mediator.  Which did happen.

18  And Mr. Murley selected his mediator.  Mr. Murley, as

19  you may have seen from his mediator report was never able to

20  get in touch with the defendant.  And so he filed a mediation

21  certificate of completion of what transpired in terms of

22  never receiving any response, and he was unable to schedule a

23  mediation.

24  Which brings us to where we are today.  Your Honor,

25  it is not relief that I would like to file to strike the

1  answer, but we're looking for a way to move this forward.
2  And the motion to strike is really just, it can be without
3  prejudice frankly, Your Honor.  That should have been in the
4  order, I realized it wasn't this morning.

5  But at this time we would like to strike the answer
6  because the defendant is just not responsive.  It does not
7  mean he will not have a chance to respond to a request for
8  entry of default and motion for default judgment.  And really
9  that's what we're trying to get to is get this case to a
10  conclusion in a way that we can have the defendant respond in
11  some way, and that left us with a motion to strike.

12  And obviously we try to give the utmost deference
13  to a pro se defendant, but he's just been nonresponsive.

14  THE COURT:  Mr. Robinson, I have read the trustee's
15  motion to strike the answer in its entirety and I've read the
16  answer and I've read the complaint as well as the docket in
17  the case including the mediator's report.  And I note that
18  the claimant in this case also objects to defendant's claim.

19  So as a general rule, controversy should be decided
20  on the merits and not barred by procedural technicalities
21  unless some important policy or process or purpose is served.

22  And although courts possess considerable discretion
23  in disposing the motion to strike, striking a pleading is a
24  drastic remedy to be used sparingly because of the difficulty
25  in deciding case file record.

1    And here, you know, considering liberal pleading
2 standards of Rule 8, the lack of a developed factual record
3 at this very early stage of this case, the fact that the
4 answer has a relationship to the complaint, the ligation in
5 this case, and the answer isn't prejudicial, it shouldn't be
6 stricken pursuant to Rule 12.
7    In addition, I am aware that this defendant isn't
8 represented by an attorney in this adversary proceeding.  And
9 due to that fact and in an effort, you know, to see this
10 adversary proceeding that it's decided on the merits and not
11 on a procedural default, the Court is going to deny the
12 motion to strike without prejudice.
13    Now, I am aware that this defendant has not been
14 responsive.  Your pleading was very clear about that; the
15 mediator was very clear about that.  And I also appreciate
16 that the trustee in this case has worked very efficiently to
17 work through these adversary proceedings.
18    So what I'd like to do here is schedule this for
19 matter for a pretrial and require the defendant's appearance.
20 And at that point I believe that, you know, we'll be in a
21 position to see if he's going to move forward with this case.
22    Of course, this is without prejudice, you know, to
23 the trustee to revisit this motion or whatever action the
24 trustee might want to take in the matter.  But at this
25 juncture, I'm going to ask that you submit a form of order

1    denying the motion without prejudice.

2            MR. ROBINSON: Understood, Your Honor. We'll do

3    so. And we will --

4            THE COURT: When, I think your next hearing is like

5    December. If you want a special hearing just for a pretrial

6    for him I'm happy to give you one.

7            MR. ROBINSON: No, Your Honor. This is fine, we

8    don't need to burden the Court with another calendar date.

9            THE COURT: Okay. And I understand Your Honor's

10   ruling and appreciate it. And it actually presents an

11   alternative which I'll explain to the trustee allows us to

12   continue to move it forward with the pretrial on the December

13   omnibus date.

14           THE COURT: Okay. Can I ask one other thing, Mr.

15   Robinson?

16           MR. ROBINSON: Of course, Your Honor.

17           THE COURT: I'm assuming that the service address

18   is being checked against the proof of claim that he's filed

19   and that type of thing, that he's getting service?

20           MR. ROBINSON: We don't have any returned mail,

21   Your Honor. But I will recheck with the claims agent, but

22   that's something we looked into.

23           THE COURT: Okay.

24           MR. ROBINSON: The only --

25           THE COURT: Because I was a little perplexed by the

1  mediator.  I think his report as I recall said something like
2  the mail was returned to sender.
3          MR. ROBINSON:  I read, it's interesting, Your
4  Honor.  I --
5          THE COURT:  And I didn't know what that meant.
6          MR. ROBINSON:  As I understood it, the one address
7  came back.
8          THE COURT:  Okay.
9          MR. ROBINSON:  The other address did not.  And I
10 believe there's two Wisconsin addresses.  And he also may
11 have been referring to, and this is one of those instances
12 where along with the individual defendant, there's a
13 corporate defendant, Ascensus, who essentially managed these
14 IRA type accounts.  And so I think it may have been that came
15 back because we did have some of those come back when they
16 were sent to a Harrisburg in other matters.  But in those
17 other instances as in here, I believe what happened is it got
18 to the individual address for the individual defendant.  In
19 either respect, I'm not aware of any return mail.
20         THE COURT:  Okay.
21         MR. ROBINSON:  We'll continue, and I think at one
22 point we, one of my colleagues had an email address we were
23 trying and we weren't getting a response.
24         THE COURT:  Okay.  All right.
25         MR. ROBINSON:  But look, Your Honor, I think, I

1    understand Your Honor's ruling.  As I said, it is, I agree
2    with Your Honor, it's a bit of a drastic request, but you've
3    given us a path forward which is appreciated.
4            THE COURT:  Okay.
5            MR. ROBINSON:  And we will submit a revised order
6    that says denied without prejudice and we will start working
7    towards a pretrial hearing at the next omnibus date, Your
8    Honor.
9            THE COURT:  Okay.  And let me just, before we close
10   out today, I want to make sure, I should have asked this at
11   the beginning, is anybody on the phone on behalf of the
12   defendant or the defendants?
13           Okay, I hear not.  So Mr. Robinson, if you would
14   submit that order, I would appreciate it.  We'll schedule it
15   for pretrial and we'll see where it goes.
16           Okay.  Is there anything else that we --
17           MR. ROBINSON:  No, that was all that was on our
18   agenda today, Your Honor, the only remaining matter.
19           Thank you again for guidance.
20           THE COURT:  Thank you.  Have a terrific weekend,
21   and we'll stand adjourned.  Thank you.
22           MR. ROBINSON:  Happy Halloween.
23           THE COURT:  Yes, Happy Halloween to you and your
24   family.
25           MR. ROBINSON:  Thank you, you too.

1      (Proceedings concluded at 11:02 a.m.)

2                          *****

6                      CERTIFICATION

7      I certify that the foregoing is a correct
8 transcript from the electronic sound recording of the
9 proceedings in the above-entitled matter to the best of my
10 knowledge and ability.

12 */s/ Theresa Pullan*

13 THERESA PULLAN

14 Certified Court Transcriptionist

15 For Reliable                           November 3, 2021