IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BOY SCOUTS OF AMERICA AND | ) | |
| DELAWARE BSA, LLC | ) | Case No. 20-10343 (LSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## DECLARATION CONCERNING CERTIFICATION OF RECORDS

This declaration is intended to meet the requirements set forth in Rule 902(11) of the Federal Rules of Evidence.

I, Elizabeth Rizzo Flanders hereby declare and certify:

    1.  I am over 18 years of age. I am currently employed by Liberty Mutual Insurance Company. I am a custodian of records for Liberty Mutual Insurance Company.

    2.  Each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Liberty Mutual Insurance Company. These are domestic business records. I am the custodian of the attached records.

    3.  I have provided the following records, which are subject to this certification, in connection with this Bankruptcy Proceeding: (a) a Certified Copy of a Commercial General Liability Insurance Policy issued by Liberty Mutual Insurance Company to The Boy Scouts of America, Policy No. TB1-191-409751-129, with a policy period of March 1, 1999 to March 1, 2001 (Exhibit A); (b) a Certified Copy of an Umbrella Excess Liability Insurance Policy issued by Liberty Mutual Insurance Company to The Boy Scouts of America, Policy No. TH1-191-409751-114, with a policy period of March 1, 2004 to March 1, 2005 (Exhibit B), and (c) an Agreement for Guarantee of Deductible Reimbursement between Liberty Mutual Insurance

1

Company and The Boy Scouts of America, effective March 1, 2000 (Exhibit C). I understand these records have been produced in this action.

4. I hereby certify that Exhibits A, B, and C attached hereto were made at or near the time by, or from information transmitted by, a person with knowledge of those matters. I understand that Exhibits A, B, and C have been identified on the Joint Trial Exhibit List for Participating Parties as JTX 2269, JTX 3053, and JTX 2270, respectively. Exhibit A is identical to JTX 2269 except: (i) JTX 2269 contains redactions to premium and/or audit basis information at PDF pages 2, 3, 101, 104-118, and 120-124; and (ii) JTX 2269 includes an ECF stamp at the top of each page. Exhibit B is identical to JTX 3053 except that JTX 3053 contains redactions to premium and/or audit basis information at PDF pages 2, 36, 45, and 47-48. Exhibit C is identical to JTX 2270.

5. Exhibits A, B and C were kept in the course of a regularly conducted business activity of Liberty Mutual Insurance Company and were made by Liberty Mutual Insurance Company as a regular practice of that activity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of March 2022 in Boston, Massachusetts.

_____
Elizabeth Rizzo Flanders

SWORN TO AND SUBSCRIBED

before me this 28 day of March, 2022.

_____
Notary Public

NINA M. EHRGOTT
Notary Public, State of Indiana
Madison County
My Commission Expires
October 01, 2025

# EXHIBIT A

# POLICY CERTIFICATION FORM

**RE: NAMED INSURED: BOY SCOUTS OF AMERICA**

**POLICY NUMBER**: TB1-191-409751-129

**EFFECTIVE DATES: 03-01-1999 to 03-01-2001**

☒ **I certify this is to be a true copy of the original policy issued.**
   Per Liberty Mutual we are not allowed to change the policy. The following form is
   missing inventory page

☐ **I certify this is to be a true copy of the original Declarations page issued.**

☐ **I certify this is to be a true copy of the original Uninsured/Underinsured**

**Motor Rejection and/or the Personal Injury Rejection form(s).**

☐ **This policy was retrieved from Liberty Mutual's files and is Liberty Mutual's best Current evidence of the policy. Liberty Mutual, however, reserves the right to Supplement or amend this policy should further or different terms, conditions, Endorsements, or exclusions become known. Liberty Mutual does not acknowledge that this is a certified copy of the policy, or that it is the exact copy of the policy that was delivered to the insured.**

**LIBERTY MUTUAL RESERVES THE RIGHT TO FURTHER AMEND OR SUPPLEMENT THIS POLICY SHOULD ANY ADDITIONAL TERMS, CONDITIONS OR EXCLUSIONS COME TO OUR ATTENTION.**

*Lisa Donohue*

**Lisa Donohue, Business Operations Manager**
**Central Processing Operations**
**Commercial Insurance**
**Liberty Mutual Insurance**
**Lewiston, Maine**

**Date:**   __11-10-2021__

CONFIDENTIAL

**LIBERTY MUTUAL
INSURANCE COMPANY**



**LIBERTY
MUTUAL**
Liberty Mutual Insurance Group/Boston

**COMMERCIAL GENERAL
LIABILITY DECLARATIONS**

| ACCOUNT | SUB-ACCT NO. |
|---|---|
| 40 97 51 | 0000 |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YR |
|---|---|---|---|---|---|---|---|
| TB1-191-409751-129 | 32/8 | Irving | 949 | Janes | 7170 | 2 | 96 |

Item 1.  Named Insured:    Boy Scouts of America, National and all Local Councils including their Subsidiaries

Address:    1325 Walnut Hill Lane
Irving, TX 75062

The named insured is:    ☐ Individual    ☐ Partnership    ☐ Corporation    ☒ Other

Business of named insured is:    Boy Scouts

| Item 2. Policy Period From | Mo. | Day | Year | | Mo. | Day | Year |
|---|---|---|---|---|---|---|---|
| | 3 | 1 | 99 | to | 3 | 1 | 01 |

12:01 A.M., standard time at the address of the named insured as stated herein.

Item 3.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to
provide the insurance as stated in this policy.

**LIMITS OF INSURANCE**

| | | |
|---|---|---|
| Coverages  A,B,C | - **GENERAL AGGREGATE LIMIT**<br>(Other Than Products - Completed Operations) | $ |
| Coverages  A | - **PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT** | $ LIMITS AS PER END. NO. 6 |
| Coverages  A | - **BODILY INJURY and PROPERTY DAMAGE LIABILITY** | $    per occurrence |
| Coverages  A | - **FIRE DAMAGE LIMIT (subject to occurrence limit)** | $    any one fire |
| Coverages  C | - **MEDICAL PAYMENTS (subject to occurrence limit)** | $    per person |
| Coverages  B | - **PERSONAL and ADVERTISING INJURY LIMIT** | $    per person/<br>per organization |

Deductible Endorsement    Yes ☒    No ☐

|  | TOTAL ADVANCE PREMIUM | $   48,360 |
|---|---|---|
| | | ANNUAL DEPOSIT |

The premium for this policy is payable    $    in advance,    $

on the first anniversary and    $    on the second anniversary.

Audit Basis:    ☐ At Expiration    ☐ Annual    ☐ Semi Annual    ☐ Quarterly    ☒ Monthly    ☐ Flat Charge

The declarations are completed on the schedules designated  Declarations Extension Schedules

Forms and endorsements attached to this policy:

See Attached Manuscript Policy

This policy, including all endorsements issued herewith, is hereby countersigned by

_____
Authorized Representative

*N*1N25*

| LOC CODE | TYPED | PERIODIC PAYMENT | RATING BASIS | AUDIT BASIS | HOME STATE | POL. HG. | RENEWAL OF |
|---|---|---|---|---|---|---|---|
| 1 | KJ 2/22 | $ | ☐ R  ☒ NR | 9 | TX | S. ☐ | TB1-128 |

*Declarations Extension Schedule*

| CLASSIFICATION AND LOCATION | CODE NO. | PREMIUM BASE Number of Claims Members | RATES Rate per Claim Rate per Member | ADVANCE PREMIUMS CODE 326 ☐ 327 ☐ 328 ☒ 360 ☐ 361 ☐ 362 ☒ |
|---|---|---|---|---|
| All Operations of the Named Insured | | | | |
| Auto Liability | 70250 | 21 Claims | 519.00 | 10,899 |
| All Other Liability | 70250 | 165 Claims | 645.00 | 106,425 |
| Sub Totals | | 186 Claims | | 117,324 |
| Administrative | 70250 | 5,436,958 Members | .014 | 76,117 |
| | | | Annual Total | 193,441 |
| | | | Annual Deposit | 48,360 |
| Prem/Op - 100% | | | | |
| M = MINIMUM PREMIUM | | | | |

POLICY NO.:  TB1-191-409751-129

GPO 4054 R1

16720050000150004

# INSURING AGREEMENT

Liberty Mutual agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, and other terms of the policy as follows:

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

      A - Personal injury
      B - Property Damage or
      C - Malpractice

(1)    to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or malpractice, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and, with the written consent of the Named Insured as respects malpractice, such settlement of any claim or suit as it deems expedient, but the Company, shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements;

(2)    pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(3)    pay all expenses incurred by the insured for such immediate medical and surgical relief to others, except to campers at an established camp where there is a resident physician or registered nurse employed, as shall be imperative at the time of the occurrence;

(4)    reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

# EXCLUSIONS

This insurance does not apply:

(a)    to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any aircraft owned or operated by or rented or loaned to the Named insured, or (2) any automobile owned or leased on a long term basis by the Local Councils for the first $500,000 of Automobile Liability, and to Non-Owned Liability of employees of Local Councils for the first $500,000 of Automobile Liability, or (3) any automobile owned or leased on a long term basis by the Named insured (other than Local Councils referred to in (2) above), but this exclusion does not apply to the parking of an automobile on premises owned by, rented to, or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented to the Named Insured or to liability assumed by the insured under contract.

(b)    to personal injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the Named Insured; but this exclusion does not apply to liability assumed by the insured under the contract;

(c)    to personal injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect (1) liability assumed by the insured under contract, or (2) expenses for immediate medical and surgical relief;

(d)    to any obligation for which the Insured or any carrier as his insurer may be liable under any workers' compensation unemployment compensation or disability benefits law, or under any similar law;

---

**POLICY NO:  TB1-191-409751-129**                          **Page 1 of 7**

# INSURING AGREEMENT

(e)    to loss of use of tangible property resulting from the failure of the Named Insured's products or work completed by or for the Named Insured to perform the function or serve the purpose intended by the Named Insured, if such failure of the Named Insured's products or work performed by or on behalf of the Named Insured fails to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured, provided, this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization of the Named Insured.

(f)    to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

# PERSONS OR ENTITIES INSURED

The unqualified word "insured" includes:

(a)    The Named Insured, named in the Declarations of this policy.

(b)    Scout Professionals and employees; units; chartered organizations or certified organizations; and all volunteer workers participating in an official Scouting activity and in the scope of their duties as such, whether or not registered with the Boy Scouts of America or Learning for Life; Association, Federation, or Joint Venture of local Boy Scouts of America councils formed to provide inter-council Boy Scout of America programs or council property management.

(c)    any person, organization, trustee, estate or governmental entity to whom or to which the Named Insured is obligated, by virtue of a written contract or by the issuance or existence of a permit, to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of, or facilities used by the Named Insured and then only for the limits of liability specified in such contract, but in no event for limits of liability in excess of the applicable limits of liability of this policy.

(d)    any Scout Professional as defined herein and any Unit with respect to the use of a non-owned automobile in the scout activities of the Named Insured or any Unit; the donors, loaners or owners of non-owned automobiles while being used in the scout activities of the Named Insured or any Unit, except for owners or a non-owned vehicle that are for-hire carriers of passengers.

(e)    any vendor of Named Insured's products.

(f)    "Donors or owners of water craft, vehicles or equipment other than automobiles except aircraft, while being used in the scout activities of the Named Insured or any Unit.

# LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain personal injury, property damage or malpractice or (3) claims made or suits brought on account of personal injury, property damage or malpractice, the Company's liability is limited as follows:

Personal Injury Liability and Malpractice Liability, the limit of the company's liability for all damages, including damages for care and loss of services, arising out of personal injury, including death at any time resulting therefrom, sustained by one or more persons and for all damages, including damage for loss of use, arising out of injury to or destruction of property, shall not exceed the amount stated in the declarations as a single limit as the result of any one occurrence.

CONFIDENTIAL                                              LM002210

167200500001500006

# INSURING AGREEMENT

For the purposes of determining the limit of the Company's liability, all personal injury, property damage and malpractice arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

The inclusion in this policy of more than one insured shall not operate to increase the limits of the company's total liability to all Insured's covered by this policy beyond the limits set forth in the declarations.

## POLICY TERRITORY

This policy applies only to occurrences which take place during the policy period anywhere in the world.

## WAIVER OF IMMUNITY

The company agrees that it will not use, either in the defense of suits against the insured or in the adjustment of claims, the immunity of the insured from tort liability, unless requested by the insured to interpose such defense. The insured states that the waiver of the defense of immunity shall not subject the company to liability for any portion of a claim, verdict or judgment in excess of the limits of liability stated in the policy.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

**Automobile**

Except where stated to the contrary, the word "automobile" means a land motor vehicle or trailer as follows: (1) Owned Automobile - an automobile owned or leased on a long-term basis by the Named Insured: (2) Hired Automobile - an automobile used under contract in behalf of, or loaned to the Named Insured or any Unit provided such automobile is not owned by or leased on a long-term basis or registered in the name of (a) the Named Insured or any Unit or (b) any Scout Professional or (c) an employee or agent of (a) the Named Insured or any Unit or (b) any Scout Professional or (c) an employee or agent of the Named Insured or any Unit who is granted an operating allowance of any sort for the use of such automobile; (3) Non-Owned Automobile.

**Personal Injury**

"Personal Injury" means, but is not limited to (1) bodily injury, sickness, disease, disability, and mental anguish; (2) false arrest, detention or imprisonment, or malicious prosecution; (3) the publication of or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (3) arises from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured; (4) wrongful entry or eviction or other invasion of the right of private occupancy; (5) death, discrimination or harassment; shock, fright; humiliation, disparaging statements concerning the condition, value, quality or use of real or personal property; loss of means of support; wrongful dismissal or termination; disparate treatment or disparate impact.

CONFIDENTIAL                                                    LM002211

# INSURING AGREEMENT

**Completed Operations Hazard**

"Completed Operations Hazard" - includes personal injury and property damage arising out of operation or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured.

**Damages**

"Damages" as respects Coverage A and B, includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage: "damages", as respects Coverage C means all damages, including damages for death, which are payable because of injury to which the insurance afforded under Coverage C applies.

**Malpractice**

"Malpractice" means Medical Malpractice, Lawyer's Malpractice, Architect's Malpractice, Engineer's Malpractice as defined in the policy.

**Medical Malpractice**

"Medical Malpractice" means injury to any person, arising out of the rendering of or failure to render, by an insured as defined under his policy during the policy period, the following professional services; (a) medical, surgical, dental or nursing treatment, including the furnishing of or a failure to furnish food or beverages in connection therewith, (b) furnishing or dispensing or failure to furnish or dispense drugs or medical, dental or surgical supplies or appliances if the injury occurs after the Named Insured has relinquished possession thereof to others, (c) handling of or performing post-mortem examination on human bodies.

**Mobile Equipment**

"Mobile Equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the way immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types or forming an integral part of or permanently attached to such vehicles; power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment.

**Named Insured's Products**

"Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of other but not sold.

**Occurrence**

"Occurrence" means an accident or event including continuous or repeated exposure to conditions, which results in Personal Injury, Property Damage or Malpractice during the policy period neither expected nor intended from the standpoint of the insured (injury or damage committed to prevent or eliminate danger or to protect person(s) or property shall be deemed neither expected nor intended from the standpoint of the insured), and providing that all loss covered under this policy arising out of exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

**Property Damage**

"Property Damage" means injury to or destruction of property, including consequential loss and expenses resulting therefrom; and loss of use of or reduction of value of property which has not been physically injured or destroyed.

**Lawyer's Malpractice Injury**

"Lawyer's Malpractice Injury" means injury because of any act, error or omission of the insured or of any person for whose acts or omission the insured is legally responsible and arising out of the performance of professional legal services for others during the policy period for or on behalf of the Named Insured.

CONFIDENTIAL                                        LM002212

**COMMERCIAL GENERAL    LIABILITY**                    **INSURING AGREEMENT**

### Architect's Malpractice Injury

"Architect's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the insured, but solely while in the performance of architectural professional services for or on behalf of the Named Insured during the policy period.

### Engineer's Malpractice Injury

"Engineer's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the insured.  But solely while in the performance of engineering professional services for or on behalf of the Named Insured during the policy period.

### Unit

The term "Unit" as used in this policy, shall mean any Chartered Troop Certified Group, Cub Pack or Explorer Post (including Sea and Air Scouting, Varsity Team or Venture Team) of the Named Insured.

### Scout Professional

The term "Scout Professional", as used in this policy, shall mean a registered, full-time employee who is commissioned to serve in an approved professional position by having successfully completed formal training at a National Executive Institute or a National Training School.

# CONDITIONS

### Inspection and Audit

The company shall be permitted to inspect the Named Insured's premises, operations and elevators and to examine and audit the books and records of the Named Insured at all reasonable times during the policy period and within three years after its termination insofar as they are related to this insurance, and the Named Insured shall render reasonable assistance and cooperation in furnishing the company with such information as it may require.

### Notice of Occurrence

When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as s practicable.  Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of any available witnesses.

### Notice of Claim or Suit

Notice will be furnished the carrier as soon as practicable after knowledge of such occurrence, claim or suit is received by a Scout Executive or Director of Insurance at the National Office, Boy Scouts of America, Irving, Texas.

### Assistance and Cooperation of the Insured

The Insured shall cooperate with the company and, upon the company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.  The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of injury.

### Arbitration

Except with respect to liability assumed by the insured under a lease of premises, easement agreement, agreement or escalator maintenance agreement, the company shall not be liable under this policy, as respects coverage afforded for assumed liability, for damages awarded in arbitration other than an arbitration proceeding wherein an indemnity under a written contract or agreement seeks damages against the insured on account thereof and wherein the company is entitled to exercise the Insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

**POLICY NO:  TB1-191-409751-129**                                **Page 5 of 7**

CONFIDENTIAL

# INSURING AGREEMENT

**Architect's Malpractice Injury**

"Architect's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the insured, but solely while in the performance of architectural professional services for or on behalf of the Named Insured during the policy period.

**Engineer's Malpractice Injury**

"Engineer's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the insured. But solely while in the performance of engineering professional services for or on behalf of the Named Insured during the policy period.

**Unit**

The term "Unit" as used in this policy, shall mean any Chartered Troop Certified Group, Cub Pack or Explorer Post (including Sea and Air Scouting, Varsity Team or Venture Team) of the Named Insured.

**Scout Professional**

The term "Scout Professional", as used in this policy, shall mean a registered, full-time employee who is commissioned to serve in an approved professional position by having successfully completed formal training at a National Executive Institute or a National Training School.

# CONDITIONS

**Inspection and Audit**

The company shall be permitted to inspect the Named Insured's premises, operations and elevators and to examine and audit the books and records of the Named Insured at all reasonable times during the policy period and within three years after its termination insofar as they are related to this insurance, and the Named Insured shall render reasonable assistance and cooperation in furnishing the company with such information as it may require.

**Notice of Occurrence**

When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as s practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of any available witnesses.

**Notice of Claim or Suit**

Notice will be furnished the carrier as soon as practicable after knowledge of such occurrence, claim or suit is received by a Scout Executive, Director of Insurance, or his representative at the National Office, Boy Scouts of America, Irving, Texas.

**Assistance and Cooperation of the Insured**

The Insured shall cooperate with the company and, upon the company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of injury.

**Arbitration**

Except with respect to liability assumed by the insured under a lease of premises, easement agreement, agreement or escalator maintenance agreement, the company shall not be liable under this policy, as respects coverage afforded for assumed liability, for damages awarded in arbitration other than an arbitration proceeding wherein an indemnity under a written contract or agreement seeks damages against the insured on account thereof and wherein the company is entitled to exercise the Insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

CONFIDENTIAL

LM002214

# INSURING AGREEMENT

## Action Against Company

No action shall lie against the company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insureds obligation to pay shall have been finally determined either by a final judgment against the insured or by written agreement of the insured, the claimant and the company.

Any person or organization of the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the Insureds liability.

Bankrupt or insolvency of the insured shall not relieve the company of any of its obligations hereunder.

## Other Insurance

This policy shall be excess of and shall not contribute or prorate with insurance, self-insurance plan, fund or scheme provided to the Insureds as defined in "person or entities insured" (b), (c), (d), (e), (f) under any insurance policy, self-insurance plan, fund or scheme available to such insured including but not limited to Homeowner's Insurance, Automobile Liability Insurance, General Liability Insurance, and any other applicable insurance, in the absence of such other insurance, self-insurance, fund or scheme this insurance shall apply as primary. Amounts payable on behalf of the Named Insured or an insured under such other insurance, self-insurance, fund or scheme shall reduce the limits of liability of this policy.

## Subrogation

In the event of any payment under this policy, the company shall be subrogated to all the Insureds rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and so whatsoever else is necessary to secure such rights, but the company shall have no right of subrogation against any Troop. Cub Pack or Explorer Post coming under the Named Insured's control or chartered by the Named Insured. The Insured shall do nothing after loss to prejudice such rights.

## Changes

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

## Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent such insurance as is afforded this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only the appointment and qualification of the legal representative.

## Cancellation

This policy may be canceled by the Named Insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company for any reason except non-payment of premium by mailing to the Named Insured at the address shown in the declarations written notice stating when no less than ninety (90) days thereafter such cancellation shall be effective. This policy may be canceled by the company for non-payment of premium by mailing to the Named Insured at the address shown in the Declarations written notice stating when no less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as foresaid shall be sufficient proof of notice. The time of the surrender of the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the Named Insured or the company, shall be equivalent to mailing. If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effective or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If this policy insured more than one Named Insureo, cancellation may be effective by the first of such Named Insured's for the account of all Named Insured's; notice of cancellation by the company to such first Named Insured shall be deemed notice to all Insured's.

CONFIDENTIAL                                    LM002215



# INSURING AGREEMENT

By acceptance of this policy, the Named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

In WITNESS WHEREOF, the Insurance Company has caused this policy to be signed by its President and a Secretary at Boston, Massachusetts and countersigned on the Declarations page by a duly Authorized Agent of the Company.

167200500001500012

**COMMERCIAL GENERAL LIABILITY**                                      **ENDORSEMENT NO. 1**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**


# EMPLOYEE BENEFITS LIABILITY


This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**


In consideration of the premium and in reliance upon the Statements in the Application and subject to the terms of this endorsement and of the Policy to which this endorsement is attached, the Company agrees with the Insured named in the Declarations of the Policy.

**INSURING AGREEMENTS**

I.      **COVERAGE.**  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages on account of any claim made against the Insured by any Employee, Former Employee or the beneficiaries or legal representatives thereof and caused by any negligent act, error or omission of the Insured, or any other person for whose acts the Insured is legally liable, in the administration of the Insured's Employee Benefit Programs as defined herein.

II.     It is agreed that $1,000,000 shall be deducted from the total amount paid by the Company as the result of each occurrence covered by this policy and the Company shall be liable for loss only in excess of such amount.  All loss arising out of continuous or repeated exposure to the same general conditions shall be considered as arising out of one occurrence.  It is further understood and agreed that in event of any claim, irrespective of the amount, notice thereof shall be given to the Company, or any of its authorized agents, by or on behalf of the insured, in accordance with the terms of the Policy and the Company may at its option, investigate such claim or negotiate or settle any claim, and the Insured agrees, if the Company undertakes to negotiate or settle any such claim, to join the Company in such negotiation or settlement to the extent of the amount to be deducted herein provided, or to reimburse the Company for such deductible amount, if and when such claim is paid by the Company.

III.    The **DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS** provisions of the policy shall apply as respects the insurance hereby afforded, except that the Company shall not make settlement or compromise any claim or suit without the written consent of the Insured.

IV.     **POLICY PERIOD & TERRITORY.**  As respects the insurance hereby afforded this endorsement applies only to claims under the legal jurisdiction or a court of law or a court of equity within the United States of America, its territories or possessions or Canada, resulting form negligent acts, errors or omissions of the Insured, or any person acting on behalf of the Insured in the administration of Employee Benefit Programs provided such claim is brought against the Named Insured during the policy period and the Named Insured at the effective date of this policy, had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.


**POLICY NO:  TB1-191-409751-129**                                    **Page 1 of 3**

167200500001500013

**COMMERCIAL GENERAL LIABILITY**                              **ENDORSEMENT NO. 1**

## DEFINITIONS

1.  **INSURED.** The unqualified word "Insured" wherever used in relation to the insurance afforded hereby, includes not only the Named Insured, but also any partner, executive officer, director, stockholder or employee, provided such employee is authorized to act in the administration of the Insured's Employee Benefit Programs.

2.  **EMPLOYEE BENEFITS.** The term "Employee Benefits" shall mean group life insurance, group health insurance, profit sharing plans, pension plans, employee stock subscription plans, employee travel, vacation or savings plans, workers' compensation, unemployment insurance, social security and disability benefits insurance.

3.  **ADMINISTRATION.** As respects the insurance afforded hereby, the unqualified word "Administration", wherever used shall mean:

    (a)    Giving council to employees with respect to the Employee Benefit Programs;

    (b)    Interpreting the Employee Benefit Programs;

    (c)    Handling of records in connection with the Employee Benefit Programs;

    (d)    Effecting enrollment, termination or cancellation of employees under the employee Benefit Programs;

    provided all such acts are authorized by the Named Insured.

## EXCLUSIONS

The insurance afforded by this endorsement does not apply:

    (a)    To any dishonest, fraudulent, criminal or malicious act, libel, slander, discrimination, or humiliation;

    (b)    To bodily injury to, or sickness, disease, or death, of any person, or to injury to or destruction of any tangible property, including the loss of use thereof;

    (c)    To any claim for failure of performance of contract by any insurer;

    (d)    To any claim based upon the Insured's failure to comply with any law concerning Workers Compensation, Unemployment Insurance, Social Security or Disability Benefits;

    (e)    To any claim based upon failure of stock to perform as represented by an Insured;

    (f)    To any claim based upon advise given by an Insured to an employee of the Named Insured to participate or not to participate in stock subscription plans.

    (g)    To any claim based upon any actual or alleged error or omission or breach of duty, committed or alleged to have been committed by a trustee, in the discharge of fiduciary duties, obligations or responsibilities imposed by the Federal Employee Retirement Income Security Act of 1974.

**POLICY NO: TB1-191-409751-129**                              **Page 2 of 3**

16720050001500014

**COMMERCIAL GENERAL LIABILITY**                                                    **ENDORSEMENT NO. 1**

## CONDITIONS

The conditions of the policy entitled "Insured's Duties in the Event of Occurrence", "Claim or Suit", "Action Against Company", "Other Insurance", "Subrogation", "Changes", "Assignment", and "Cancellation", apply to the insurance afforded hereby and the following Conditions apply:

A.     **LIMITS OF LIABILITY.** The limit of Liability stated in the Declarations as applicable to "each claim" is the limit of the Company's liability for all damages incurred on account of any claim covered hereunder; the limit of liability stated in the Declarations as "aggregate" is, subject to the above provisions respecting each claim, the total limit of the Company's liability for all claims covered hereunder and occurring during each policy year. The inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability.

B.     **PREMIUM.** The premium stated in the Declarations is an estimated premium only. Upon termination of each annual period of this Policy the Insured, on request will furnish the Company a statement of the total number of employees at the end of the period and the earned premium shall be computed on the average number of employees at the beginning and the end of such period in accordance with the rates set forth in the Declarations. If the earned premium thus computed exceeds the estimated advance premium paid, the Insured shall pay the excess to the Company; if less, the Company shall return to the Insured the unearned portion paid by such Insured subject to the Minimum Premium for this insurance stated in the Declarations.

C.     **TERMS OF ENDORSEMENT CONFORMED TO STATUTE.** Terms of this endorsement which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

The insurance afforded is only with respect to such of the following Parts and Coverage's therein as are indicated. The limit of the Company's liability against each such Coverage shall be stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE PARTS | LIMITS OF LIABILITY | |
|---|---|---|
| Employee Benefits Liability | $1,000,000 | Each Claim |
|  | $1,000,000 | Aggregate |

**POLICY NO:  TB1-191-409751-129**                                                    **Page 3 of 3**

CONFIDENTIAL                                                    LM002219

**COMMERCIAL GENERAL LIABILITY**                                     **ENDORSEMENT NO. 2**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# DEDUCTIBLE ENDORSEMENT

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that:

1.    (a)    The Company's obligation to pay damages on behalf of the Insured under the policy to which this endorsement is attached applies only to damages in excess of the deductible amounts stated in the schedule below.

      (b)    However, if the Named Insured or a Claims Servicing Organization acting on behalf of the Named Insured, fails to pay any damages within the deductible amounts after the legal obligation of the Insured becomes definitely determined, the Company shall pay such damages and the Named Insured shall reimburse the Company promptly for  any part of the deductible amount that has been paid by the Company.

2.    The Company has the option to pay any or all of the "Deductible-Per Occurrence" amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall reimburse the Company promptly for such part of the deductible amount that has been paid by the Company.

3.    The limits of Liability shown in the Declarations of the policy to which this endorsement is attached, and as amended or supplemented by any applicable Coverage Parts or endorsements, include the amounts for (a) "Deductible-Per Occurrence" and (b) "Deductible-Annual Aggregate" as stated in the schedule below.

4.    It is the obligation of the Named Insured to pay the damages covered under the policy up to the "Deductible-Per Occurrence" amount stated in the schedule below; provided however the Named Insured's total annual obligation for such damages shall be limited to the amount stated in the schedule below as "Deductible-Annual Aggregate".   In the event such "Deductible-Annual Aggregate" is exhausted by reason of the payment of damages, the Company will pay all subsequent damages covered by the policy and will not require reimbursement for such payments during the remainder of the applicable annual policy period.

If the policy is extended for a period of less than twelve (12) months beyond the annual term set forth in the Declarations:

      (a)    The Aggregate Limits of Liability stated in the Declarations, as amended or supplemented by any applicable Coverage parts or endorsements, and the "Deductible Per Occurrence" amount stated in the schedule of this endorsement shall apply for the total annual period plus such extension period;

**POLICY NO:  TB1-191-409751-129**                                     **Page 1 of 3**

**COMMERCIAL GENERAL LIABILITY**                                      **ENDORSEMENT NO. 2**

    (b)    The "Deductible-Annual Aggregate" amount stated in the schedule of this endorsement, unless amended by any endorsement forming a part of this policy, shall be reinstated to the full amount stated in the schedule.

Termination or cancellation of the policy to which this endorsement is attached shall not reduce the "Deductible-Annual Aggregate" amount.

5.    Whereas the Named Insured, has entered into a written agreement with Liberty Mutual , under which Liberty Mutual agrees to provide investigation, defense and settlement services on behalf of the Insured in connection with claims made or suits brought for which insurance is provided by the policy to which this endorsement is attached, it is understood and agreed that the Company has no duty or obligation to provide investigation, defense or settlement services with respect to such claims or suits so long as such agreement with Liberty Mutual remains in effect. The Company has no obligation to pay or contribute to the fees stipulated in the agreement between the Named Insured and Liberty Mutual.

6.    The Company shall have the:

    (a)    right to control of; and

    (b)    right and opportunity to associate with the Insured in the investigation, defense, and settlement of any claim or proceeding arising out of any occurrence (1) to which the insurance provided by the policy applies and (2) which is reasonably likely to exceed the applicable "Deductible-Per Occurrence". In such event, the Insured shall cooperate with the Company to the extent required under the conditions of the policy to which this endorsement is attached.

7.    All Loss Adjustment Expense incurred as the result of any occurrence to which this insurance applies shall be apportioned between the Insured and the Company as follows:

    (a)    If the amount of the judgment or settlement does not exceed the "Deductible-Per Occurrence" amount stated in the schedule below that portion of the Total "Loss Adjustment Expense" in connection with the occurrence shall be added to the amount of the judgment or settlement until the "Deductible-Per Occurrence" amount is equaled. Such combined amount shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

    (b)    If a claim or suit is settled without payment of damages, the "Loss Adjustment Expense" in connection therewith shall be borne solely by the Insured, up to the amount of the "Deductible--Per Occurrence" amount. Such "Loss Adjustment Expense" as is borne by the Insured shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

8.    "Loss Adjustment Expense" shall mean:

    (a)    Attorney's fees for claims in suit;

    (b)    Court costs, and other expense in connection with investigation, defense or settlement, such as medical examinations, expert testimony, stenographic services, witnesses and summons, copies of documents and photographs, premiums on bonds to release attachments, premium on appeal bonds, and interest on judgments.

**POLICY NO: TB1-191-409751-129**                                      **Page 2 of 3**


167200500001500017

**COMMERCIAL GENERAL LIABILITY**                                    **ENDORSEMENT NO. 2**

Court costs, and other expense in connection with investigation, defense or settlement, such as medical examinations, expert testimony, stenographic services, witnesses and summons, copies of documents and photographs, premiums on bonds to release attachments, premium on appeal bonds, and interest on judgments.

9.    "Deductible-Per Occurrence" shall mean damages which are to be paid by the Named Insured, and which arise from any one occurrence to which insurance applies under the policy.

10.   "Deductible-Annual Aggregate" shall mean, subject to the limit applicable to the "Deductible-Per Occurrence", the total damages to be paid by the Named Insured arising out of all occurrences to which insurance applies during each annual period of this policy, or any extension thereof for less than twelve (12) months.

11.   "Damages" as used in this endorsement, shall include No-fault, Uninsured Motorists and Medical Payment benefits when such coverage or coverage's are provided under the policy or any of its endorsements.

12.   Except as otherwise provided in this endorsement, the terms of the policy, including the Insured's duties in the event of an occurrence, apply irrespective of the application of the deductible amount.

**SCHEDULE**

|                                | **AMOUNT**   |
| ------------------------------ | ------------ |
| Deductible-Per Occurrence      | $1,000,000   |
| Deductible-Annual Aggregate    | NIL          |

167200500001500018

**ENDORSEMENT NO. 3**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# EXPLANATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the term "damages" as used in the Limits of Liability section shall include "Loss Adjustment Expense" a defined in the Deductible Endorsement.

**POLICY NO:  TB1-191-409751-129**                                              **Page 1 of 1**

LM002223

**COMMERCIAL GENERAL LIABILITY**                                              **ENDORSEMENT NO. 4**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**


# EMPLOYER'S LIABILITY ENDORSEMENT


This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**


As respect the operations of Local Councils in the State(s) of Nevada, North Dakota, Ohio, Washington, West Virginia, and Wyoming, it is agreed that the policy is amended by adding thereto an additional coverage, subject to the following:

### INSURING AGREEMENTS

1.   **COVERAGE - Employers' Liability**.  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the Insured arising out of or in the course of employment by the Insured either in a State named in this endorsement or in operations necessary or incidental thereto.

2.   **LIMITS OF LIABILITY - Employer's Liability Coverage**.  The words "damages because of bodily injury by accident or disease, including death at any time resulting therefrom", in the Employer's Liability Coverage include damages for care and loss of services and damages for which the Insured is liable by reason of suits or claims brought against the Insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the Insured arising out of and in the course of their employment.  The limit of the Company's liability under Employer's Liability Coverage is $500,000 for all damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by one employee in any one accident; and, subject to the foregoing provision respecting each employee, the total limit of the Company's liability is $500,000 for all damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by two or more employees in any one accident.  The limit of the Company's liability under Employers' Liability Coverage is $500,000 for all damages because of bodily injury by disease, including death at any time resulting therefrom sustained by one employee; and, subject to the foregoing provision respecting each employee, the total limit of the Company's liability for all damages because of bodily injury by disease, including death at any time resulting  therefrom sustained by employees in a State named in this endorsement or in operations necessary or incidental thereto, is $500,000.  The limits of liability herein stated shall not be cumulative with any limit of liability stated elsewhere in this policy.

     Losses under Employer's Liability Coverage shall contribute towards the exhaustion of the Deductible-Annual Aggregate established for the policy in Endorsement #2 and the Policy Aggregate Limit established in Endorsement #6.


**POLICY NO:  TB1-191-409751-129**                                          **Page 1 of 3**

16720050000150020

**COMMERCIAL GENERAL LIABILITY**                                    **ENDORSEMENT NO. 4**

3.    The insurance afforded by this endorsement shall not apply to the Insured's operations in any State named in this endorsement or any operations necessary or incidental thereto during any period in which the Insured is subject to the workers' compensation or occupational disease law of any such State and is neither a legally qualified self-insurer nor a member or subscriber in good standing in the State Fund in any such State.

4.    As respects the insurance afforded by this endorsement, the Company shall:

   (a)    defend any proceeding against the Insured seeking such benefits and any suit against the Insured alleging such injury and seeking damages on account thereof, even if such proceedings or suit is groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient;

   (b)    pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this coverage, all premiums on appeal bonds required in any such defended proceeding or suit, but without any obligation to apply for or furnish any such bonds;

   (c)    pay all expenses incurred by the Company, all costs taxed against the Insured in any such proceeding or suit and all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereof;

   (d)    reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request.   The amounts incurred hereunder, except settlements of claims and suits, are payable by the Company in addition to the amounts payable under the applicable limit of liability under the Employer's Liability Coverage.

5.    **Definitions**:

   (a)    **Workers' Compensation Law**.  The unqualified term "workers' compensation law" and any occupational disease law of a State designated above, but does not include those provisions of any such law which provide non-occupational disability benefits.

   (b)    **State**.  The word "state" means any State or Territory of the United States of America and the District of Columbia.

   (c)    **Bodily Injury by Accident; Bodily Injury by Disease**.  The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident".  The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident".

   (d)    **Assault and Battery**.  Under the Employer's Liability Coverage, assault and battery shall be deemed an accident unless committed by or at the direction of the Insured.

6.    **Application**:  This endorsement applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the Insured, to conditions causing the disease occurs during the policy period.

**POLICY NO: TB1-191-409751-129**                                    **Page 2 of 3**

COMMERCIAL GENERAL LIABILITY          ENDORSEMENT NO. 4

## EXCLUSIONS

The insurance afforded by this endorsement does not apply:

(a)    to liability assumed by the Insured under any contract or agreement,

(b)    to punitive or exemplary damages on account of bodily injury to or death of any employee employed in violation of law,

(c)    with respect to any employee employed in violation of law with the knowledge or acquiescence of the Insured or any executive officer thereof,

(d)    to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the Insured for damages because of such injury or death resulting therefrom,

(e)    to any obligations for which the Insured or any carrier as his insurer may be held liable under the workers' compensation or occupational disease law, any unemployment compensation or disability benefits law or under any similar law,

(f)    to any claim with respect to which the Insured is deprived of any defense or defenses or is otherwise subject to penalty because of default in premium payment of any other failure to comply with the provisions of the workers' compensation laws of the States indicated above.

## CONDITIONS

1.    None of the Conditions of the policy shall apply to the insurance under this endorsement except those respecting "Inspection and Audit", "Notice of Occurrence or Accident", "Assistance and Cooperation of the Insured", "Action Against Company", "Other Insurance", "Subrogation", "Changes", "Assignments", "Cancellation", and "Severability of Interest".

2.    Long Term Policy: If this policy is written for a period longer than one year, all of the provisions of this endorsement shall apply separately to each consecutive twelve months' period or, it the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.

3.    Partnership or Joint Venture as Insured: If the Insured is a partnership or joint venture, such insurance as is afforded by this endorsement applies to each partner or member thereof as an Insured only where he is acting within the scope of his duties as such partner or member.

**POLICY NO: TB1-191-409751-129**          **Page 3 of 3**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# CHARTERED ORGANIZATIONS

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

Anything in the policy to the contrary notwithstanding it is hereby understood and agreed that, as respects liability arising out of their sponsor of any scouting activity, this policy shall be primary insurance to any other insurance or self-insurance scheme arranged or purchased by or available to any Chartered Organization of Boy Scouts of America, as described below; except with respect to such insurance, not directly acquired or arranged on behalf of the Chartered Organization, as may be available to a Chartered Organization for loss arising out of a non-owned automobile.  And it is further agreed that this insurance is excess of any insurance carried on owned automobiles of the chartered organizations.  However, no insurance is provided on owned automobiles of the Chartered Organization unless the automobiles are in the actual use of the scouting "Unit" and being used only for a scouting purpose and not for a business, governmental or any other purpose of the Chartered Organization.

**DESCRIBED CHARTERED ORGANIZATION**

All Chartered Organizations, as on file a the National Office of the Boy Scouts of America.

Chartered Organization shall be defined as "The Chartered Organizations, its board of directors or trustees, its officers and employees, as their official and individual capacity.  This definition shall also include a specific position:  Chartered Organization Representative.

**POLICY NO:  TB1-191-409751-129**                                         **Page 1 of 1**



**ENDORSEMENT NO. 6**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# AMENDMENT - LIMITS OF LIABILITY
### (SINGLE LIMIT)
### (POLICY AGGREGATE LIMIT)

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

### SCHEDULE

| Coverages | Limits of Liability | |
|---|---|---|
| Personal Injury PD Malpractice | $1,000,000 | Each Occurrence |
| Bodily Injury Liability and Property Damage Liability | $1,000,000 | Aggregate |

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage Liability are amended to read as follows:

**LIMITS OF LIABILITY**

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability and Property Damage Liability:**

(a)     The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the Company's liability for all damages sustained by one or more persons or organizations as a result of any one occurrence, provided that with respect to any occurrence for which notice of this policy is given in lieu of security, or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province, such limit of liability shall be applied to provide the separate limits required by such law for Bodily Injury Liability and Property Damage Liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the Company's liability.

(b)     If an aggregate amount is stated in the Schedule, then subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date, shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate".

(c)     For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

**POLICY NO:  TB1-191-409751-129**                                                                  **Page 1 of 1**

CONFIDENTIAL                                                                  LM002228

167200500001500024



ENDORSEMENT NO. 7

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# ABSOLUTE POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

Any exclusion in the policy relating to the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants and any loss, costs, or expense arising therefrom is replaced by the following:

"bodily injury" or "property damage" arising out of or in any way related to the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants by whomever caused, including, but not limited to, into or upon land, the atmosphere or any watercourse or body of water, including underground water or water table supplies.

This insurance also does not apply to any cost or expense arising out of any demand or request that an Insured test for, assess, monitor, clean-up, remove, contain, treat, detoxify, or neutralize any pollutants.  This includes demands, directives, complaints, suits or requests brought by any governmental entity or by any person or group of persons.

The Company shall not have the duty to defend any claim or suit seeking to impose such costs, expenses, liability for damages, or any other relief.

Pollutant means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to smoke, vapors, soot, fumes, acids, alkalis, chemicals and wastes, including materials to be recycled, reconditioned, or reclaimed.

This exclusion does not apply to:

"Bodily injury" or "property damage" caused by heat, smoke or fumes from a hostile fire:

(a)     At or from premises you own, rent, or occupy; or

(b)     At or from any site or location on which you or any of your contractors working directly or indirectly on your behalf are performing operations, if pollutants are brought on or to the site in connection with such operations.

A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

**POLICY NO:  TB1-191-409751-129**                                          **Page 1 of 1**

167200500001500025

**ENDORSEMENT NO. 8**

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# ASBESTOS EXCLUSION

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

This insurance does not apply to any loss, demand, claim or "suit" arising out of or related in any way to asbestos or asbestos-containing materials.

**POLICY NO:  TB1-191-409751-129**                                            **Page 1 of 1**

CONFIDENTIAL                                    LM002230


167200500001500026

ENDORSEMENT NO. 9

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# PROTECTION AND INDEMNITY

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

| | | |
|---|---|---|
| **Amount Insured:** | **$1,000,000** | **each occurrence** |
| | **$1,000,000** | **aggregate** |

Boy Scouts of America, et al, 1325 Walnut Hill Lane, Irving, Texas, hereinafter called the Assured; Loss, if any, payable to Claimants or order in the sum of $1,000,000 dollars at and from the 1st day of March, 1998, at 12:01 a.m., Dallas, Texas time until the 1st day of March, 1999, at 12:01 a.m., Dallas, Texas time against the liabilities of the Assured as hereinafter described, and subject to the terms and conditions hereinafter set forth, in respect of all vessels owned by the Assured and all non owned vessels in the control of the Assured.

In consideration of the stipulations herein named and of $ <u>included in policy premium</u> dollars, being premium the Assurer hereby undertakes pay on behalf of the Assured, Additional Insured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel insured herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

**Loss of Life, injury and illness**

(1)    Liability for loss of life or, or personal injury to, or illness of, any person, <u>excluding, however, unless otherwise agreed by endorsement hereon,</u> liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others.

Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel insured herein shall commence from the time of receipt by the Assured of the cargo on dock or wharf or on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from dock or wharf of discharge or until discharge from the said vessel on to another vessel or craft.

**Hospital, medical, or other expenses**

(2)    Liability for hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life or, personal injury to, or illness of any member of the crew of the vessel insured herein or any other person.  Liability hereunder shall also include burial expenses not exceeding Two Hundred ($200) Dollars, when necessarily and reasonably incurred by the Assured for the burial of any seaman of said insured vessel.

**POLICY NO:  TB1-191-409751-129**                                                          **Page 1 of 9**

**ENDORSEMENT NO. 9**

**Repatriation expenses**

(3)    Liability for repatriation expenses of any member of the crew of the insured vessel, necessarily and reasonably incurred, under statutory obligation, excepting such expenses as arise out of or ensue from the termination of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of the insured vessel, or by other act of the Assured. Wages shall be included in such expenses when payable under statutory obligation, during unemployment due to the wreck or loss of the insured vessel.

**Damage to other vessel or property on board caused by collision.**

(4)    Liability for loss of, or damage to, any other vessel or craft, or to the freight thereof, or property on such other vessel or craft, caused by collision with the insured vessel, insofar as such liability would not be covered by full insurance under the)_____ (including the four-fourths running-down clause).

   **Principle of cross-liabilities to prevail**

   (a)    Claims under this clause shall be settled on the principle of cross-liabilities to the same extent only as provided in the running-down clause above mentioned.

   (b)    Claims under this clause shall be divided among the several classes of claims enumerated in this policy and each class shall be subject to the deduction and special conditions applicable in respect of such class.

**Damage to other vessel or property on board not caused by collision**

(5)    Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the Assured.

   Where there would be a valid claim hereunder but the fact that the damaged property belongs to the Assured, the Assurer shall be liable as is such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Damage to docks, piers, etc.**

(6)    Liability for damage to any dock, pier, harbor, bridge, jetty buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.

   Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Removal or wreck**

(7)    Liability for cost or expenses of, or incidental to, the removal of the wreck of the vessel insured herein when such removal is compulsory by law, provided, however, that:

   (a)    There shall be deducted from such claim for cost or expenses, the value of any salvage from or which might have been recovered from the wreck, inuring or which might have inured, to the benefit of the Assured.

   (b)    The Assurer shall not be liable for such costs or expense which would be covered by full insurance under the _____ or claims arising out of hostilities or war-like operations, whether before or after declaration of war.

**POLICY NO: TB1-191-409751-129**                                      **Page 2 of 9**

**Cargo**

(8)     Liability for loss of, or damage to, or in connection with cargo or other property, excluding mail and parcel post, including baggage and personal effects of passengers, to be carried, carried, or which has been carried on board the vessel insured herein:

Provided, however, that no liability shall exist under this provision for:

**Specie, bullion, precious stones, etc.**

(a)     Loss, damage or expense arising out of or in connection with the custody, care, carriage or delivery of specie, bullion, precious stones, precious metal, jewelry, silks, furs, bank notes, or other negotiable documents or similar valuable property, unless specially agreed to and accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Refrigeration**

(b)     Loss of, or damage to, or in connection with cargo requiring refrigeration unless the space, apparatus and means used for the care, custody, and carriage thereof have been surveyed by a classification surveyor or other competent disinterested surveyor under working conditions before the commencement of each voyage and found in all respects fit, and unless accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Passengers' effects**

(c)     Loss, damage, or expense in connection with any passenger's baggage or personal effects, unless the form of ticket issued to the passenger shall have been approved, in writing, by the Assurer.

**Stowage in improper places**

(d)     Loss, damage, or expense arising from stowage of underdeck cargo on deck or stowage of cargo in spaces not suitable for its carriage, unless the Assured shall show that every reasonable precaution has been taken by him to prevent such improper stowage.

**Deviation**

(e)     Loss, damage, or expense arising from any deviation, or proposed deviation, not authorized by the contract of affreightment, known to the Assured in time to insure specifically the liability therefor, unless notice thereof is given to the Assurer and the Assurer agrees, in writing, that such insurance is unnecessary.

**Freight on cargo short delivered**

(f)     Freight on cargo short delivered, whether or not prepaid or whether or not included in the claim and paid by the Assured.

**Misdescription of Goods**

(g)     Loss, damage, or expense arising out of or as a result of the issuance of Bills of Lading which, to the knowledge of the Assured, improperly describe the goods or their containers as to condition or quantity.

CONFIDENTIAL                                                      LM002233

**Failure to surrender Bill of Lading**

(h)     Loss, damage, or expense arising out of delivery of cargo without surrender of Bill of Lading.

And, provided further that:

(aa)     Liability hereunder shall in no event exceed that which would be imposed by law in the absence of contract.

**Protective clauses required in contract of affreightment**

(bb)     Liability hereunder shall be limited to such as would exist if the Charter Party, Bill of Lading or Contract of Affreightment contained the following clause (in substitution for the clause commonly known as the Jason Clause):

"In the event of accident, danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequences of which, the ship owner is not responsible, by statute or contract or otherwise, the shippers, consignees or owners of the cargo shall contribute with the ship owner in general average to the payment of any sacrifices, losses or expenses of a general average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of the cargo".

When cargo is carried by the vessel insured herein under a bill of lading or similar document of title subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as is imposed by said Act, and if the Assured or the vessel insured herein assumes any greater liability of obligation than the minimum liabilities and obligations imposed by said Act, such greater liability or obligation shall not be covered hereunder.

When cargo is carried by the vessel insured herein under a charter party, bill of lading or contract of affreightment not subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as would exist if said charter party, bill of lading, or contract of affreightment contained the following clauses:

**Limit per package**

a clause limiting the Assured's liability for total loss or damage to goods shipped to Two Hundred and Fifty ($250) Dollars per package, or in case of goods not shipped in packages, per customary freights unit, and providing for pro rata adjustment on such basis for partial loss or damage; worthiness, even though existing at the beginning of the voyage, provided that due diligence shall have been exercised to make the vessel seaworthy and property manned, equipped, and supplied; a clause providing that the carrier shall not be liable for claims in respect of cargo unless notice of claim is given within the time limited in such Bill of Lading and suit is brought thereon within the limited time prescribed therein; and such other protective clauses as are commonly in use in the particular trade; provided the incorporation of such clauses is not contrary to law.

CONFIDENTIAL                                               LM002234

The foregoing provisions as to the contents of the Bill of Lading and the limitation of the Assurer's liability may, however, be waived or altered by the Assurer's on terms agreed, in writing.

### Assured's own cargo

(cc)    Where cargo on board the vessel insured herein is the property of the Assured, such cargo shall be deemed to be carried under a contract containing the protective clauses described in the preceding paragraph, and such cargo shall be deemed to be fully insured under the usual form of cargo policy, and in case of loss thereof or damage thereto the Assured shall be insured hereunder in respect of such loss or damage only to the extent that they would have been covered if said cargo had belonged to another, but only in the event and to the extent that the loss or damage would not be recoverable under a cargo policy is herein before specified.

### Cotton Bills of Lading

(dd)    The Assured's liability for claims under Custody Cotton Bills of Lading issued under the conditions laid down by the Liverpool Bill of Lading Conference Committee, is covered subject to previous notice of contract and payment of an extra premium of two ($.02) cents per ton gross register per voyage, but such additional premium shall be waived provided every bale is re-marked at port of shipment on another portion of the bale.

### Land transportation not included

(ee)    No liability shall exist hereunder for any loss, damage or expense in respect of cargo or other property being transported on land or on another vessel.

No liability shall exist hereunder for any loss, damage or expense in respect of cargo before loading on or after discharge from the vessel insured herein caused by flood, tide, windstorm, earthquake, fire, explosion, heat, cold, deterioration, collapsed of wharf, leaky shed, theft or pilferage unless such loss, damage or expense is caused directly by the vessel insured herein, her master, officers or crew.

## Customs, immigration of other fines or penalties

(9)    Liability for fines and penalties, including expenses necessarily and reasonably incurred in avoiding or mitigating same, for the violation of any of the laws of the United States, or of any State thereof, or of any foreign country; provided, however, that the Assurer shall not be liable to indemnify the Assured against any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the Assured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a violation of any such laws.

## Mutiny or other misconduct

(10)    Expenses incurred in resisting any unfounded claim by the master or crew or other persons employed on the vessel insured herein, or in prosecuting such persons in case of mutiny or other misconduct.

CONFIDENTIAL                                                        LM002235

**ENDORSEMENT NO. 9**

**Extraordinary expenses in case of quarantine, etc.**

(11)    Liability for extraordinary expenses resulting from outbreak of plague or other contagious disease, including such expenses incurred for disinfection of the vessel insured herein or persons on board, or for quarantine, but excluding the ordinary expenses of loading and/or discharging, and the wages and provisions is subject to a deduction of Two Hundred ($200) Dollars.  It is provided further, however, that if the vessel insured herein be ordered to proceed to a port when it is or should be known that calling there will subject the vessel to the extraordinary expenses above mentioned, or to quarantine or disinfection there or elsewhere, the Assurer shall be under no obligation to indemnify the Assured for any such expenses.

**Deviation for purpose of landing injured or ill**

(12)    Net loss due to deviation incurred solely for the purpose of landing an injured or sick seaman in respect of port charges incurred, insurance, bunkers, stores, and provisions consumed as a result of the deviation.

**Cargo's proportion of general average**

(13)    Liability for, or loss of, cargo's proportion of general average, including special changes, in so far as the Assured cannot recover same from any other source; subject however, to the exclusions of Section (8) and provided, that if the Charter Party, Bill of Lading, or Contract of Affreightment does not contain the quoted clause under Section 8 (bb) the Assurer's liability hereunder shall be limited to such as would exist if such clause were contained therein.

**Costs and charges**

(14)    Costs, charges, and expenses, reasonably incurred and paid by the Assured in defense against any liabilities insured against hereunder in respect of the vessel insured herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided.


## GENERAL CONDITIONS AND/OR LIMITATIONS


**Prompt notice of claim**

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

**Settlement of claims**

The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable.  The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

**POLICY NO:  TB1-191-409751-129**                                  **Page 6 of 9**

CONFIDENTIAL                                LM002236

167200500001500032

**ENDORSEMENT NO. 9**

**Assured to assist with evidence in defense, etc.**

Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as herein before provided.

**Law costs**

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonably delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible. The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful.

The Assurer shall be liable for the excess where the amount deductible under this policy is exceeded by (A) the cost of investigating and/or successfully defending any claim or suite against the Assured based on a liability or an alleged liability of the Assured covered by this insurance, or (B) the amount paid by the Assured either under a judgment or an agreed settlement based on the liability covered herein including all costs, expenses of defense and taxable disbursements.

**Subrogation**

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall be entitled to take credit for any profit accruing to the Assured by reason of any negligence of wrongful act of the Assured's servants or agents, up to the measure of their loss, or to recover for their own account from third parties any damage that may be provable by reason of such negligence of wrongful act.

**Coverage elsewhere**

Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.

**POLICY NO: TB1-191-409751-129**                    **Page 7 of 9**



**ENDORSEMENT NO. 9**

**Assignments**

No claim or demand against the Assurer under this policy shall be assigned or transferred, and no person, excepting a legally appointed receiver of their property of the Assured, shall acquire any rights against the Assurer by virtue of this insurance without the expressed consent of the Assurer.

**Actions against Assurers**

No actions shall lie against the Assurer for the recovery of any loss sustained by the Assured unless such action is brought against the Assurer within one year after the final judgment or decree is entered in the litigation against the Assured, or in case the claim against the Assurer accrues without the entry of such final judgment or decree, unless such action is brought within one year from the date of the payment of such claim.

**Time Limitation**

The Assurer shall not be liable for any claim not presented to the Assurer with property proofs of loss within six (6) months after payment thereof by the Assured.

**Lay-up returns**

At the expiration of this policy, the Assurer is to return _____ for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port; or _____ for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port without loading and/or discharging and without crew or cargo on board, provided the Assured give written notice to the Assurer as soon as practicable after the commencement and the termination of such lay-up period.

**Cancellation provisions:**

(a)  If the vessel insured herein should be sold or requisitioned and this policy be cancelled and surrendered, the Assurer to return _____ for each thirty (30) consecutive days of the unexpired term of this insurance.

(b)  In the event of non-payment of premium within sixty (60) days after attachment, this policy may be cancelled by the Assurer upon five (5) days' written notice being given the Assured.

(c)  In the event that  Sections 182 to 189, both inclusive of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of ship owners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of ship owners or carriers be increased in any respect by legislative enactment, the Assurer shall have the right to cancel said insurance upon giving thirty (30 days' written notice of their intention so to do, and in the event of such cancellation, make return of premium upon a pro rata daily basis.

**Notwithstanding anything to the contrary contained in this policy, no liability attached to the Assurer:**

For any loss, damage, or expense which would be payable under the terms of the _____ form of policy on hull and machinery, etc., if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.

For any loss, damage or expense sustained by reason of capture, seizure, arrest, restraint or detainment, or the consequence thereof or of any attempt thereat; or sustained in consequence of military, naval or air action by force of arms, including mines and torpedoes or other missiles or

**POLICY NO:  TB1-191-409751-129**                                    **Page 8 of 9**

engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence of otherwise, and whether before or after a declaration of war.

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel insured herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

For any loss, damage expense or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or personal injury to passenger and/or members of the crew of the vessel insured herein arising as a result of towing.

For any claim for loss of life of personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor.

It is expressly understood and agreed if and when the Assured under his policy has any interest other than as a ship owner in the vessel or vessels insured herein, in no event shall the Assurer be liable hereunder to any greater extent that if such Assured were the owner and were entitled to all the rights of limitation to which a ship owner is entitled.

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

Liability hereunder in respect to any one accident or occurrence is limited to the amount hereby insured.

CONFIDENTIAL                                                      LM002239



**ENDORSEMENT NO. 10**

# BOY SCOUTS OF AMERICA

## NON-OWNED AIRCRAFT LIABILITY INSURANCE ENDORSEMENT

### Effective: 3/1/99 to 3/1/01

| | | | |
|---|---|---|---|
| **NON OWNED AIRCRAFT** | $ | 1,000,000 | Combined Single Limit, Personal Injury and Property Damage Liability, including Passengers, any one occurrence. |
| **MEDICAL PAYMENTS** | $ | 1,000 | Per Person |
| **LIABILITY FOR DAMAGE TO NON OWNED AIRCRAFT:** | $ | 50,000 | Each Occurrence |

**USE:**

The Aircraft will be used for your personal and business related purposes where no charge is made other than "direct operating cost" for such use.   Aircraft can also be used for dual flight instruction, orientation and observation flights for members of The Boy Scouts of America during aviation related scouting activities.

**ADDITIONAL APPROVED USES NON OWNED AIRCRAFT:**

Can also be used for your transportation of corporate executives, employees and guests for which no charges are made other than "direct operation costs" as defined in this endorsement and during this use the aircraft must be operated in flight by the following pilots:

**APPROVED PILOTS:**

During the uses approved above, the aircraft must be operated in flight only by any pilot operating a Non Owned Aircraft on your behalf as defined in this endorsement.

**TERRITORY:**

Worldwide

**AIRCRAFT COVERED:**

Any aircraft used in the business of the Insured, registered under an Airworthiness Certificate issued by the FAA, or a Public Use Category, provided it isn't owned, registered to or leased for more than 30 days to Boy Scouts of America.

**POLICY RESTRICTION**

1.  The policy has a Student Pilot Restriction which states that when any student Pilot is operating the aircraft, there is no coverage under the policy unless the student pilot is operating the non accompanied by a Flight Instructor, as required by the FAA who meets the pilot requirements.  During all solo flights, the pilot must be under the direct supervision of a Flight Instructor, as required by the FAA.  However, this restriction no longer applies when the Student Pilot holds a valid Private or Commercial Pilot Certificate.

*WARNING*

Although your policy provides you with coverage in Mexico, the Mexican Government requires you to have aircraft liability coverage written through a Mexican Insurance Company.  If you do not have proof of Mexican liability insurance, the aircraft can be confiscated by the Mexican authorities and any passengers jailed or detained.

Be sure to contact your agent or broker to arrange coverage before you fly into or near Mexican airspace.

**POLICY NO: TB1-191-409751-129**                                                    **Page 1 of 10**

**ENDORSEMENT NO. 10**

# PART ONE

## GENERAL PROVISIONS AND CONDITIONS

Before you read the other PARTS of your policy, here are some things you need to know about your coverage.

### 1. Words and Phrases

When they appear in **boldface** print, these terms have specific meaning in this policy.

- **Aircraft** means **non-owned aircraft** or **aircraft** covered under PART SIX of this policy. Included are parts and equipment permanently installed in or on the **aircraft**. Parts temporarily removed are included if not replaced by other parts. Tools and repair equipment standard for the **aircraft** and carried in the **aircraft** are also included.

- **Anyone** means any person or entity except **you**.

- **Crew or Crew Member** means any **passenger** who is required for or assists in **aircraft in-flight** operations.

- **Direct Operating Costs** means the costs of a specific flight for:
    a.  fuel and oil;
    b.  **crew** costs such as food or lodging but not salary or wages;
    c.  hangar or tie-down costs away form the **aircraft's** home base;
    d.  weather and flight plan services;
    e.  insurance for that flight;
    f.  landing fees;
    g.  customs, foreign permits, and like fees;
    h.  **in-flight** food and drinks;
    i.  an additional amount that does not exceed 100% of **your** cost for item a. above "fuel and oil".

- **FAA** means the Federal Aviation Administration or its equal in another country.

- **In-Flight** is from the start of a fixed wing **aircraft's** takeoff run until it has completed its landing roll. For rotorcraft, it is any time the rotors are moving under power for lift off until the rotors stop after landing. For any other craft, it is any time it is off a supporting surface.

- **Ingestion** means **physical damage** to turbine engines or power units caused by objects which are not or were not part of the engine or its accessories. It must be the result of one event that requires, or would require if known, its repair before further use.

- **In Motion** is when an **aircraft** is **in-flight** or moving under its owner power or the resulting momentum. For rotorcraft, it is anytime it is **in-flight** or when its rotors are moving under power or the resulting momentum.

- **Non-owned Aircraft** means any **aircraft** except one:
    a.  owned in whole or in part by, or registered to **you**;
    b.  leased to **your** for more than 30 day.

- **Passenger** means a person in, getting in or out of **your aircraft** for a ride or flight.

- **Pilot in Command** is the **crew member** who is in charge in **in-flight** operations.

- **Premises** are the areas of an airport used in connection with **your aircraft**.

- **Renter Pilot** is any person or entity who has paid, or agreed to pay, more than the direct operating costs for the use of the **aircraft**.

- **Salvage Value** is the value of damaged property prior to repair.

- **Student Pilot** means a person who does not have a pilot license while taking instructions in an **aircraft** or any pilot holding an **FAA Student Pilot** Certificate.

CONFIDENTIAL                                    LM002241



- **Substitute Aircraft** is a **non-owned aircraft** that **you** use because an **aircraft** is damaged or being repaired or services.

2. **Two or more Aircraft**

   If we insure two or more **aircraft** by this policy, all its terms apply separately to each.

3. **What Your Policy Does Not Cover**

   a. **Pilot**
   When the **aircraft** is **in-flight**, **you** must make certain the pilots are "approved pilots "as defined in Part 6 "approved Pilots and Additional Approved uses, "if any".   There is no coverage if this requirement is not met.   If the **aircraft** is being flown for a maintenance or test flight by an **FAA** Licensed Repair Station's pilot, Part 6 does not apply.

   b. **Use**
   **You** must make certain that each **aircraft** is operated only for the "approved use as defined in this endorsement".   If the **aircraft** is used for any other purpose with **your** knowledge and consent there is no coverage under this policy.

   c. **Concealment or Misrepresentation**
   This endorsement is void if any material fact is intentionally concealed or misrepresented.

   e. **Airworthiness**
   There is not coverage if the **aircraft** is operated in flight with **your** knowledge and consent knowing its airworthiness certificate is not in full force.

   f. **Unlawful purpose**
   There is not coverage if the **aircraft** is used for any unlawful purpose with **your** knowledge and consent.

   g. **Assumed Liability**
   **We** do not cover liability assumed in any agreement except with a governmental authority for **your** use of an airport.  This does not apply to liability **you** would incur without the agreement.

   h. **Intentional Acts**
   **We** do not cover any loss or damage intentionally caused by **you**.

9. **Other Coverage**

   1. **Military Certificates**

      If **we** issue a certificate to the U.S. Military for the uses of an airport, the minimum insurance requirements are automatically made a part of this policy.

CONFIDENTIAL                                                                LM002242

167200500001500038

# PART TWO

## LIABILITY TO OTHERS

### 1. What We Cover

**We** will pay damages **you** and **anyone we** protect are legally required to pay for **personal injury** or **property damage** arising out of the ownership, maintenance or use of **your aircraft** if caused by an **occurrence** during the policy period.

If **passengers** are "Included";

**We** will pay for **personal injury** to **passengers**.

### NON OWNED AIRCRAFT LIABILITY EXTENSION

"Use of **substitute aircraft** and "use of **non-owned aircraft**" in PART SIX of the policy are deleted and replaced by the following.

Use of **non-owned Aircraft**

**Your** "liability to others" (PART TWO) and, if purchased, "medical expense" (PART FOUR) will protect **you** and the following people and organizations while **you** or they are lawfully using an **non-owned aircraft** within the scope of **your** permission for the purpose of aviation related scouting activities:

    a.  **Your** officers, directors, and employees while acting within the scope of their duties as such, and **Your** officially appointed council, unit and/or chartered or certified organizations, their officers, directors, employees and scout volunteer officials and leaders while acting within the scope of their duties as such:

**We** will not pay more than the limits of liability shown under " **non-owned aircraft** liability" and "non owned medical expense" as defined in the limits section of this endorsement.

**Non owned aircraft** liability coverage is excess insurance.

### 2. The Most We Will Pay

The most **we** will pay for all **personal injury** and **property damage** arising out of any one **occurrence**, is the amount stated in the limits section of this endorsement for the **aircraft** involved.

### 3. Who Is Protected

Besides **you**, certain others are also protected if the **aircraft** is being used within the scope of **your** permission.
These others are:

    a.  **your** employees, directors, stockholders and agents, if acting in the scope of their duties as such;
    b.  any **passenger**;
    c.  any entity that is responsible for the use of **your aircraft**.

Each person or entity is covered separately. But, regardless of how many are protected, **we** will not pay more than the limit of liability shown in the limits section of this endorsement for the **aircraft** involved.

### 4. Who Is Not Protected

**We** do not protect any of the following even if they meet the conditions of Paragraph 3 above:

    a.  any person, organization, or their agents, or employees involved in any of the following activities,

        (1)  the manufacture, sale, repair or service of **aircraft** or **aircraft** parts, engines or accessories,

        (2)  the operation of any flying service, flying school, pilot service or any other commercial piloting activity.

**POLICY NO: TB1-191-409751-129**            **Page 4 of 10**

167200500001500039

(3) the operation of any airport or hangar facility,

if any **occurrence** arises out of any of these. However, **you** and **your** employees and chartering organizations are covered for these activities if they are in connection with **your aircraft** and no charge is made to others unless specifically allowed by this policy;

b. any **renter pilot**.

## 5. What Is Also Not Covered

In addition to things **we** do not cover in other parts of **your** policy, **we** will not cover:

a. **personal injury** to any of **your** employees injured in the course and scope of their employment;

b. any obligation which is covered under any workers' compensation, unemployment compensation, disability benefits, or similar law;

c. **property damage** to **your aircraft** or any property that **you** or **anyone we** protect owns, rents, leases, occupies, has charge of, transports, or is otherwise in the care, custody and control of **you** or **anyone we** protect;

d. **personal injury** or **property damage** arising out of the use of any **premises**.

"What **we** do not cover" in (PART FIVE) of the policy does not apply to **Substitute Aircraft** or **Non-owned Aircraft** and instead the following will apply:

## What We Will Not Cover

In additions to those persons and things which **we** will not cover in other parts of **your** policy, **we** will not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any **Non-owned Aircraft**. **We** also will not provide coverage for a **Non-owned Aircraft**, or its use:

For **Property Damage** to the **Non-owned aircraft**;

For any loss arising out of the use of any **aircraft** produce **you** manufacture, sell, handle or distribute;

Unless the requirements of this endorsement regarding "approved use" are met;

Unless the requirements of "Approved Pilots " are met when **you** or **your** employees are acting as Pilot In command of **non-owned aircraft**: unless it is licensed under:

1. an airworthiness certificate issued by the **FAA**, or
2. a public use category

## 7. Financial Responsibility Laws

If this policy is used as proof of insurance under any financial responsibility law, **we** will pay up to the limits of liability required by such law. But, **we** will not pay more than the limit of liability that applies under this policy. **You** agree to pay us back for any amount **we** have paid that **we** would not have otherwise had to pay under this policy.

CONFIDENTIAL                                       LM002244

16720050001500040

**ENDORSEMENT NO. 10**

# PART THREE

### DEFENSE, SETTLEMENT AND SUPPLEMENTARY PAYMENTS

If **you** bought coverage under PART THREE, **we** have the right and duty to defend any suit against **you** or anyone **we** protect for personal injury or **property damage** that is covered by this policy.  This applies even if the suit is groundless, false or fraudulent.  **We** may investigate and settle any claim or suit as **we** see expedient.

**We** are not obligated to pay any expense, claim or judgment or to defend any suit after our limit of liability has been used up by our payment of judgments or settlements.

Included within the limit of liability, **we** will pay:

1. all our expense and all costs taxed against **you** or anyone **we** protect in any suit **we** are required to defend, including:

    a. any prejudgment interest awarded but, only on that part of the judgment **we** are required to pay under this policy;

    b. all interest on the judgment **we** are required to pay under this policy which accrues after the entry of the judgment but before **we** have paid, offered to pay, tendered or deposited in court the part that is within the limit of **our** liability;

2. premiums on bonds required to release attachments or appeal judgments **we** elect to appeal.  **We** will not pay for bonds covering a total amount more than **our** limit of liability;

3. the cost of bail bonds, up to $500 each, required of **you** for a violation of a law for civil aviation arising out of the sue of **your aircraft**.  **We** will not furnish or apply for any bail bonds;

4. expenses **you** incur for first aid, medical and surgical relief that is needed at the time of a covered **occurrence**;

5. all expenses **you** incur at our request, but **we** will not pay for **you** or **your** employees' loss of earnings, wages or salaries.

CONFIDENTIAL                                              LM002245

167200500001500041

# PART FOUR

### PASSENGER MEDICAL EXPENSE

**1. What we Will Pay**

Regardless of liability, **we** will pay all reasonable **medical expenses** incurred within one year from the date of injury, to or for each covered **passenger** who sustains **personal injury** covered by this policy.

The most **we** will pay for each **passenger's medical expense** is shown in the limits section of this endorsement.

The most **we** will pay for all **medical expenses** in any one **occurrence** is the amount shown for that **aircraft** under "Each Occurrence" in the "Passenger Medical Expense" of the limits section of this endorsement. **We** will not pay for any **crew member's medical expenses** unless "**crew** members are included", as shown under the limits section of this endorsement.

**2. Whom We Will Pay**

**We** will pay each injured **passenger**, the person who paid the expense, or the entity providing the service.

**3. What We Will Not Pay**

**We** will not pay any expense that is covered under any workers' compensation or disability benefits or similar law. Nor will **we** pay any **medical expense** if the **aircraft** was not being used in the scope of **your** permission.

**4. Effect of payment**

By making any payment, **we** are not admitting that **you** or anyone **we** protect has any legal liability.

**5. Proof of Claim**

The injured **passenger** or someone acting for them must give us written proof of the medical expense and must give us any records and reports **we** may reasonably need. If **we** ask, the injured **passenger** must submit to examination by a doctor **we** select.

**6. When We Will Pay**

**We** will pay for **medical expense** within 30 day of **our** receipt of the required proofs of claim.

CONFIDENTIAL                 LM002246

# PART FIVE

## OTHER AIRCRAFT

Each Coverage in Part Six is **excess insurance** and does not apply to any claim or loss covered by other parts of this policy. **We** must insure all **aircraft you** own or exclusively lease or these coverage's do not apply.

1. **What We Cover**

    a. Use of Substitute **Aircraft**
    If **you** use a **substitute aircraft**, **we** will provide **you** with the same coverage for PART THREE and PART FIVE **you** or they are lawfully using a **non-owned aircraft**, other than a **substitute aircraft**.

    **We** will not pay more than the limits of liability shown under "Non owned **Aircraft** Liability" or "Non owned Aircraft Passenger Medical Expense" shown in the limits section of this endorsement.

2. **What We Also Will Not Cover**

    In addition to what **we** will not cover in other parts of **your** policy, **we** also will not cover a **substitute aircraft**, **non-owned aircraft**, or newly acquired **aircraft**, or its use:

    (a) unless the "Approved Pilots" and "Approved Use" are met;

    (b) unless it is licensed under an **FAA** "standard" category airworthiness certificate;

    (c) if it is a multiengine **aircraft** unless an **aircraft** is also a multiengine powered **aircraft**;

    (d) if it is a turbine powered **aircraft** unless an **aircraft** is also a turbine powered **aircraft**;

    (e) if it is a rotorcraft unless an **aircraft** is also a rotorcraft;

    (f) if it is a seaplane or amphibian unless and **aircraft** is also a seaplane or amphibian;

    (g) if it is a lighter-than-air **aircraft** unless an **aircraft** is also a lighter-than-air **aircraft**

    (h) for any loss arising out of the use of any product **you** manufacture, sell, handle or distribute.

    **We** will also not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any substitute **aircraft** or non owned **aircraft**.

# PART SIX

## ADDITIONAL COVERAGE'S

The most the company will pay for all **personal injury** and **property damage** arising out of one **occurrence** is the amount shown for that coverage under "Each Occurrence", less any deductible. Each coverage below is **excess insurance** and does not apply to any claim or loss covered by other parts of this policy.

1. **Premises Liability Coverage**

   PART THREE is extended to pay for damages **you** are legally required to pay for **personal injury** and **property damage** arising out of **your** legal use of **premises**.

2. **Damage to Non owned Hangars and Contents Coverage**

   PART THREE is extended to pay for damage **you** are legally required to pay for **property damage** to hangars and their contents, not owned by **you**.

3. **Damage to Non owned Aircraft Coverage**

   PART TWO is extended to pay for damages **you** are legally required to pay for **property damage** to any **non-owned aircraft** covered by PART SIX of this policy.

4. **Baggage Liability Coverage**

   PART TWO is extended to pay for damage **you** are legally required to pay for **property damage** to **passenger's** baggage. "Baggage" means **passenger's** hand bags, suitcases, briefcases, and similar items. It does not include cameras, currency, documents, electronic devices, jewelry, passports or tickets.

5. **Emergency Foaming**

   **We** will reimburse **you** for costs **you** incur in the emergency use of foam for or on **your aircraft**.

6. **Search and Rescue**

   **We** will reimburse **you** for costs **you** incur for search and rescue operations after an occurrence involving **your aircraft**. This coverage will not apply to any expense incurred:

   a. prior to the government discontinuing its search and rescue operation;
   b. after it is reasonable to assume there are not survivors;
   c. arising out of **personal injury** or **property damage**;
   d. for the salvaging of any property.

7. The "damage to non owned aircraft coverage" section is deleted from part seven of **your** policy.

8. **Your** coverage for "liability to others" (PART TWO) is extended to include **property damage** to **non-owned aircraft**.

   **We** will protect **you** and the following people while **you** or they are lawfully using a **non-owned aircraft** within the scope of **your** permission for the purpose of aviation related scouting activities.

   a. **Your** officers, directors and employees while acting within the scope of their duties as such, and
   b. **your** officially appointed council, unit and/or chartered or certified organizations, their officers, directors, employees and scout volunteer officials and leaders while acting within the scope of their duties as such:

   **We** will not pay more than the limits of liability shown under "damage to non owned aircraft" in the limits section of this endorsement.

   The coverage provided by this form is **excess insurance**.

CONFIDENTIAL

**ENDORSEMENT NO. 10**

9. **What We Will Not Cover**

In addition to those persons and things which **we** will not cover in other parts of **your** policy, **we** will not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any **non-owned aircraft**.

**We** also will not provide coverage for **Property Damage** to **Non owned aircraft**;

Arising out of the use of any **aircraft** product **you** manufacture, sell, handle or distribute;

Unless the requirements of page 1 regarding "Approved Use" are met;

Entrusted to **you** for storage, repair or safekeeping when such non owned **aircraft** is not in flight. Unless the requirements of "Approved Pilots" are met when **you** or **your** employees are acting as **pilot in command** or **non-owned aircraft**;

Unless it is licensed under:

1. An airworthiness certificate issued by the **FAA**, or
2. A public use category

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

## PARTICIPATING ORGANIZATIONS

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

Anything in the policy to the contrary notwithstanding, it is hereby understood and agreed that, as respects liability arising out of their sponsorship of any Learning for Life activity, this policy shall be primary insurance to any other insurance or self-insurance scheme arranged or purchased by or available to any Participating Organization of Learning for Life, as described below; except with respect to such insurance not directly acquired or arranged on behalf of the Participating Organization, as may be available to a Participating Organization for loss arising out of a non-owned automobile. And it is further agreed that this insurance is excess of any insurance carried on owned automobiles of the Participating Organization. However, no insurance is provided on owned automobiles of the Participating Organization unless the automobiles are in the actual use of the Learning for Life "unit" and being used only for a Learning for Life purpose and not for a business, governmental or any other purpose of the Participating Organization.

### DESCRIBED PARTICIPATING ORGANIZATION

All Participating Organizations, as on file the National Office of the Boy Scouts of America.

Participating Organization shall be deemed as "The Participating Organization, its board of directors or trustees, its officers and employees, as their official and individual capacity".

Effective Date:   3/1/99  to  3/1/01
Policy Number:   TB1-191-409751-129

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

|   | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

Expiration Date

*Barry L. Gilton*  SECRETARY   *Edmund F Kelly*  PRESIDENT

Countersigned by _____
                          Authorized Representative

| Issued | Sales Office and No. | End. Serial No.   11 |
|---|---|---|
| KJ | | |

**102**

CONFIDENTIAL

LM002250

## CHANGE ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

### N62467-89-RP-00329 NAS PENNSACOLA FL

(This endorsement to be attached to all insurance policies covering property of the United States of America {Department of the Navy} under license)

a. **CANCELLATION CLAUSE**: It is understood and agreed that in the event of cancellation of this policy by the Company, the Company agrees to notify in writing the Commanding Officer, Southern Division, Naval Facilities Engineering Command, 2155 Eagle Drive, P. O. Box 190010, Charleston, South Carolina, 29419, not less than 30 days prior to the effective date of the cancellation.

b. **WAVIER OF RIGHT OF SUBROGATION**: The insurer waives any right of subrogation against the United States of America which might arise by reason of any payments made under this policy.

c. It is understood and agreed that the United States of America (Department of the Navy) is not responsible for payment of any premium now due or to become due under this policy.

d. Loss, if any, under this policy, shall be adjusted with  and the proceeds, at the direction of the United States of America, shall be payable to and proceeds not paid to  shall be payable to the Treasurer of the United States of America. **(THIS CLAUSE APPLIES ONLY TO FIRE AND EXTENDED COVERAGE INSURANCE).**

e. It is understood and agreed that this policy of insurance shall indemnify and save harmless the United States of America (Department of the Navy), its officers, agents, servants and employees from all liability under the Federal Tort Claim Act (62 Stat. 869, 982:28 U. S. C. Sec 2671, 2680) or otherwise for the death or injury to all persons or loss or damage to the property of all persons resulting from the use of premises by the licensee. **(THIS CLAUSE DOES NOT APPLY TO FIRE AND EXTENDED COVERAGE INSURANCE).**

THIS ENDORSEMENT IS APPLICABLE WITH REGARDS ONLY TO THE GULF COAST COUNCIL/BOY SCOUTS OF AMERICA'S USE OF PROPERTY UNDER **Out-License N62467-89-RP-00329.**

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                    Expiration Date

For attachment to Policy No.      TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Gilvas*  SECRETARY   *Edmund F Kelly*  PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued                Sales Office and No.           End. Serial No.  12

KJ

**102**



## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The United States of America (Dept. of the Navy) is added as an Additional Insured as respects the Lease NF (R)-18671, which authorizes the Boy Scouts use of approximately 51 acres at the Marine Corps Base, Camp Pendleton, California.

The insurer waives any right of subrogation against the United States of America (Dept. of the Navy) which might arise by reason of any payment made under this policy.

The Commanding Officer, Southwest Division, Naval Facilities Engineering Command, San Diego, California, shall be given thirty (30) days written notice prior to making any material change in or the cancellation of the policy.

Applicable only to Orange County Council, Boy Scouts of America's use of the above premises as their camp at Law Flores at Camp Pendleton.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | |
|---|---|
| Effective Date | Expiration Date |

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

- [X] LIBERTY MUTUAL INSURANCE COMPANY
- [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
- [ ] LIBERTY INSURANCE CORPORATION
- [ ] LM INSURANCE CORPORATION
- [ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry P. Gilvan   Edmund F Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____
Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.   13 |
| KJ | | |

**102**


167200500001500048

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The County of Sonoma, California is named as an Additional Insured up to $1,000,000. per occurrence limits for bodily injury, personal injury and property damage, but only as respects the use of property owned by the County of Sonoma and donated for official Scout meetings and official Scout activities provided that a tour permit has been filed and approved by the Redwood Empire Council, Boy Scouts of America, prior to a scheduled Scouting activity, other that a weekly troop or pack meeting.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $ 

| [X] LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |

Effective Date            Expiration Date

| [ ] LIBERTY INSURANCE CORPORATION |
| [ ] LM INSURANCE CORPORATION |

For attachment to Policy No.    TB1-191-409751-129 / 8

| [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis

Issued to

*Barry S. Silverar Edmund F. Kelly*
              SECRETARY          PRESIDENT

Countersigned by _____
                                    Authorized Representative

Issued            Sales Office and No.            End. Serial No.   14

KJ

**102**

            LM002253

### CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The United States Department of the Interior, National Park Service and Everglades National Park are named as Additional Insured's as respects the Boy Scouts of America's Florida National High Adventure Sea Base use of the Dry Tortugas National Park.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.      TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

_Barry S. Gilbert_   SECRETARY   _Edmund F. Kelly_   PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued                    Sales Office and No.            End. Serial No.   15

KJ

102

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Yolo County, its officers, officials, employees and volunteers, are provided primary coverage for liability assumed by the Golden Empire Council in Section 7 of a license agreement entered into between Golden Empire Council and Yolo County for premises known as Camp Haswell, Yolo County, California.  Coverage is limited to official scouting activities.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | |
|---|---|
| Effective Date | Expiration Date |

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

- [X] LIBERTY MUTUAL INSURANCE COMPANY
- [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
- [ ] LIBERTY INSURANCE CORPORATION
- [ ] LM INSURANCE CORPORATION
- [ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Silvers*  SECRETARY   *Edmund F. Kelly*  PRESIDENT

Countersigned by _____

Authorized Representative

| Issued | Sales Office and No. | End. Serial No.   16 |
|---|---|---|
| KJ | | |

**102**



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Phillips Pipeline Company
101 N. Robinson
Oklahoma City, OK 73102

but only as respects liability arising out of the easement agreement with the St. Louis Area Council of the Boy Scouts of America in respect of the Beaumont Scout Reservation.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

Barry S. Silvan  Edmund F Kelly
SECRETARY          PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued            Sales Office and No.        End. Serial No.   17

**102**        KJ

167200500001500052

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Home Builders Association of Greater Kansas City
600 East 103rd. Street
Kansas City, MO  64131

but only as respects liability arising out of the agreement with Heart of America Council, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

Barry *S. Silvers* Edmund *F Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____

Authorized Representative

Issued                Sales Office and No.                End. Serial No.   18

KJ

**102**



## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The State of California, its officers, servants and employees, but only as respects the contract between the Department of Beaches and Western Los Angeles County Council #51, Boy Scouts of America, is concerned.

It is further agreed that in the event of cancellation of the policy, 30 days prior notice will be mailed to:

       The State of California
       Department of Beaches
       Bolsa Chica State Beach
       Bolsa Chica, CA

except in the event of non-payment of premium in which case 10 days notice will be given.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                          Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Gilmore* SECRETARY  *Edmund F Kelly* PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued                          Sales Office and No.                          End. Serial No.   19

       KJ

**102**



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Creststar Bank of Norfolk, Virginia is added as an Additional Insured in the operations of the policyholder at Pipsico Scout Reservation near Surry, Virginia.

The insurance as provided by this policy shall be primary.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date          Expiration Date

For attachment to Policy No.     TB1-191-409751-129 / 8

Audit Basis

Issued to

*Barry S. Gilbert*  SECRETARY   *Edward F. Kelly*  PRESIDENT

Countersigned by _____

Authorized Representative

Issued           Sales Office and No.          End. Serial No.   20

KJ

**102**

LM002259

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

It is understood and agreed that this policy is amended to include the following applicable to the use of the Parish Hall and Gymnasium at 199 Brandon Road, Pleasant Hill, California by the Mt. Diablo Council of Boy Scouts of America for their scouting activities.

The Roman Catholic Bishop of Oakland, A Corporation Sole and The Roman Catholic Welfare Corporation of Oakland, and their officers, agents and employees are included as Additional Insureds.

It is further understood and agreed that this insurance shall be primary and not contributing with any other insurance in effect for the Additional Insureds.

In the event of cancellation of or material change in this coverage, thirty (30) days advance written notice of such cancellation or change will be given to the Additional Insureds at the address stated as follows:

The Roman Catholic Bishop of Oakland, A Corporation Sole
c/o Gallagher Heffernan Insurance Brokers
P. O. Box 7443
San Francisco, CA 94120-7443

Notice must also be sent to:          Christ the King Parish
                                      199 Brandon Road
                                      Pleasant Hill, Ca.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

Countersigned by _____
                        Authorized Representative

Issued          Sales Office and No.          End. Serial No.  21

**102**     KJ


167200500001500056

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

Katahdin Council, Incorporated, Boy Scouts of America is added as an Additional Insured for any liability which may result from the Katahdin Council, Incorporated, Boy Scouts of America's carrying out the purpose of the corporation as set forth in Article II of the Bylaws of the Katahdin Council, Incorporated, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                  Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilvan  Edmund F Kelly*
                                    SECRETARY        PRESIDENT
Countersigned by _____
                              Authorized Representative

Issued                  Sales Office and No.          End. Serial No.   22

**102**        KJ

            LM002261

167200500001500057

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The City of Poway, their agents, officers, servants and employees are Additional Insureds for all scout meetings and activities at Poway Lakes, provided that a tour permit has been filed and approved by the Desert Pacific Council prior to the scheduled scouting activity.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | |
|---|---|
| | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date          Expiration Date | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | [ ] LIBERTY INSURANCE CORPORATION |
| For attachment to Policy No.    TB1-191-409751-129 / 8 | [ ] LM INSURANCE CORPORATION |
| Audit Basis | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Issued to

*Barry S. Silvers*  SECRETARY   *Edmund F Kelly* PRESIDENT

Countersigned by _____
                              Authorized Representative

Issued                  Sales Office and No.              End. Serial No.   23

KJ

**102**



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Association of Adirondack Scout Camps is hereby added as an Additional Insured.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | | |
|---|---|---|
| Effective Date | Expiration Date | |
| For attachment to Policy No. | TB1-191-409751-129 / 8 | |
| Audit Basis | | |
| Issued to | | |

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Gilvas    Edmund F Kelly*
SECRETARY                  PRESIDENT

Countersigned by _____
Authorized Representative

Issued                    Sales Office and No.          End. Serial No.   24

KJ

**102**



## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The Mount Pleasant Central School District and the Mount Pleasant Board of Education are named as Additional Insureds.

It is further understood and agreed that the coverage provided shall be primary insurance as respects the District, its Board, officers, employees and volunteers. Any insurance or self-insurance maintained by the District, its Board, officers, employees and volunteers shall be excess and shall not contribute to it. The District and its Board shall enjoy all rights and privileges of the policy contract without the responsibility to pay premiums.

The above is applicable only as respects the Westchester-Putnam Council, Inc. #388/Boy Scouts of America's use of property of the Mount Pleasant Central School District for official Scout meetings and activities during the policy period.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | |
|---|---|
| | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date        Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No.    TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis

Issued to

Barry P. Gilvar    Edmund F Kelly
SECRETARY              PRESIDENT

Countersigned by _____
Authorized Representative

Issued                     Sales Office and No.              End. Serial No.  25
KJ

**102**

CONFIDENTIAL                                    LM002264


167200500001500060

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Rhode Island Boy Scouts, a Trustee Organization for the Narragasett Council is added as an Additional Insured for any liability which may result from the Rhode Island Boy Scouts, a Trustee Organization's carrying out the purpose of the corporation as set forth in the Purpose and Bylaws of the Rhode Island Boy Scouts.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilvas    Edward F Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued              Sales Office and No.            End. Serial No.   26

    KJ

**102**

167200500001500061

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Sierra Canyon School, Inc. is named as an Additional Insured, but only with respect to liability arising out of the use of the premises leased or used by the Western Los Angeles County Council #51/Boy Scouts of America for all official Scout Meetings and activities of Pack 555 during policy period.

It is further understood and agreed that this insurance does not apply to:

1.  Any "occurrence" which takes place after the Insured ceases to be a tenant in the premises.

2.  Structural alterations, new construction or demolition operations performed by or on behalf of Sierra Canyon School, Inc.

Applicable only to Western Los Angeles County Council #51/Boy Scouts of America's use of property for all official Scout meetings and activities of Pack 55.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                        Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Silver  Edmund F Kelly*
SECRETARY        PRESIDENT

Countersigned by _____
Authorized Representative

Issued                    Sales Office and No.            End. Serial No.   27

KJ

**102**

LM002266



## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The Franklin Square Union Free School District is named as an Additional Insured, but only with respect to liability arising out of the Nausau County Council/Boy Scouts of America's use of the Washington Street School for official meetings and activities of Pack 521 during the policy period.

It is further understood and agreed that:

Boy Scouts of America agrees to indemnify and save harmless the Franklin Square Union Free School District from all costs, expense, or liability to the extent permitted by law arising out of its activities in connection with the use of the premises.

The Franklin Square Union Free School District has no responsibility for payment of premium under this policy.

The Franklin Square Union Free School District will be provided thirty (30) days notice of cancellation, non-renewal or reduction of coverage by the insuring company. The insuring company shall not be released from liability or obligation for its failure to notify the Franklin Square Union Free School District.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.      TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilvas   Edmund F Kelly*

Countersigned by _____
                    SECRETARY              PRESIDENT

                    Authorized Representative

Issued              Sales Office and No.        End. Serial No.   28

        KJ

**102**

LM002267

167200500001500063

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The United States of America (Dept. of the Navy) is added as an Additional Insured as respects the License N687 1190RP00P38, which authorizes the Boy Scouts use of facilities to conduct aquatic activities at the Naval Training Station, San Diego, California.

The insurer waives any right of subrogation against the United States of America (Dept. of the Navy) which might arise by reason of any payment made under this policy.

The Commanding Officer, Southwest Division, Naval Facilities Engineering Command, San Diego, California, shall be given thirty (30) days written notice prior to making any material change in or the cancellation of the policy.

Applicable only to San Diego County Council #49, Boy Scouts of America's use of the above premises.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium $ | | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date | Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No. | TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |
| Audit Basis | | |
| Issued to | | |

Barry S. Gilman  Edmund F. Kelly

SECRETARY          PRESIDENT

Countersigned by _____
                     Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.  29 |
| KJ | | |

**102**

 LM002268

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The United States of America (Department of the Navy) is added as an Additional Insured in operations of the policyholder at or from the premises licensed from the United States.

This insurance shall not be cancelled, limited in scope of coverage, or non-renewed until after 30 days written notice has been given to the Local Government Representative listed on the license.

Loss, if any, under this policy shall be adjusted with the policyholder and the proceeds, at the election of the Government, shall be payable to the policyholder. Any proceeds not paid to the policyholder shall be payable to the Treasurer of the United States of America.

The Insurer waives rights of subrogation against the Government which might arise by reason of any payment made under this policy.

This applies in respect to the Marine Corps Base, Camp Pendleton-112 acres within the 28 area of the Marine Corps Base, Camp Pendleton for Boy Scouts of America, San Diego County Council only.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | |
|---|---|
| | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date    Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No.   TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis

Issued to



Countersigned by _____

SECRETARY        PRESIDENT

Authorized Representative

Issued           Sales Office and No.           End. Serial No.   30

KJ

**102**

LM002269

167200500001500065

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Irvine Unified School District is added as an Additional Insured but only as respects all official Scout meetings and activities of Explorer Post 2001 of the Orange County Council of the Boy Scouts of America at University High School, Irvine, California.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | |
|---|---|
| | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date          Expiration Date | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | [ ] LIBERTY INSURANCE CORPORATION |
| For attachment to Policy No.    TB1-191-409751-129 / 8 | [ ] LM INSURANCE CORPORATION |
| | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis

Issued to

*Barry S. Gilvar* *Edmund F. Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____
Authorized Representative

| Issued | Sales Office and No. | End. Serial No.   31 |
|---|---|---|
| KJ | | |

**102**

LM002270

167200500001500066

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

It is hereby understood and agreed that the Fremont Union High School District, its officers, agents, employees, and board members, are added as Additional Insureds.

Applicable only as respects the Santa Clara County Council #55's use of property at Monte Vista High School and Cupertino High School, Cupertino, CA. for Scout meetings and other official scouting activities.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $            [X] LIBERTY MUTUAL INSURANCE COMPANY
                                         [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY

Effective Date           Expiration Date             [ ] LIBERTY INSURANCE CORPORATION
                                         [ ] LM INSURANCE CORPORATION

For attachment to Policy No.    TB1-191-409751-129 / 8       [ ] THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis

Issued to

*Barry L. Silvers Edmund F Kelly*
                                   SECRETARY              PRESIDENT
         Countersigned by _____
                                       Authorized Representative

     Issued                 Sales Office and No.           End. Serial No.   32

**102**       KJ



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**



## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Gamehaven Area Boy Scout Foundation is added as an Additional Insured for any liability which may result from the Gamehaven Area Boy Scout Foundation's carrying out the purpose of the corporation as set forth in the Purpose and Bylaws of the Gamehaven Area Boy Scout Foundation.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

|  | |
|---|---|
| Effective Date | Expiration Date |
| For attachment to Policy No. | TB1-191-409751-129 / 8 |

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Gilbert   Edmund F. Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____
                                   Authorized Representative

| Issued | Sales Office and No. | End. Serial No.  33 |
|---|---|---|
| KJ | | |

**102**

                    LM002272

167200500001500068

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Indianhead Scout Camp, Inc. is added as an Additional Insured for any liability which may result from the Indianhead Scout Camp, Inc.'s carrying out the purpose of the corporation as set forth in the Purpose and Bylaws of the Indianhead Scout Camp, Inc.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium  $ | | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date | Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No. | TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |
| Audit Basis | | |
| Issued to | | |

*Barry L. Gilvan* SECRETARY *Edmund F Kelly* PRESIDENT

Countersigned by _____
                    Authorized Representative

| Issued | Sales Office and No. | End. Serial No.  34 |
|---|---|---|
| KJ | | |

**102**

167200500001500069

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Atikaki Youth Ventures, Inc. is added as an Additional Insured for any liability which may result from the Atikaki Youth Ventures, Inc.'s carrying out the purpose of the corporation as set forth in the Purpose and Bylaws of the Atikaki Youth Ventures, Inc.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $                                                    [X] LIBERTY MUTUAL INSURANCE COMPANY
                                                             [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
Effective Date              Expiration Date                   [ ] LIBERTY INSURANCE CORPORATION
                                                             [ ] LM INSURANCE CORPORATION
For attachment to Policy No.    TB1-191-409751-129 / 8        [ ] THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis

Issued to

Countersigned by _____
                        Authorized Representative

Issued           Sales Office and No.            End. Serial No.   35

KJ

**102**

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

The Roman Catholic Bishop of Monterey, California, a Corporation Sole and The Roman Catholic Welfare Corporation of Monterey, and all of their officers, agents and employees are included as Additional Insureds.

It is further understood and agreed that this insurance shall be primary and not contributing with any other insurance in effect for the Additional Insureds.

In the event of cancellation of or material change in this coverage, thirty (30) days advance written notice of such cancellation or change will be given to the additional Insureds at the address stated on the certificate of insurance, as follows:

The Roman Catholic Bishop of Monterey, California
A Corporation Sole
Diocese of Monterey
P. O. Box 2048
Monteerey, CA  93942
(408-373-4345)

Effective Date:  March 1, 1999

Applicable only to official scouting activities of the Santa Lucia Area Council #45/Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium  $ | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date          Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No.    TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis

Issued to

_Barry S. Silvers_ SECRETARY  _Edmund F. Kelly_ PRESIDENT

Countersigned by _____
                                    Authorized Representative

| Issued | Sales Office and No. | End. Serial No.   36 |
|---|---|---|
| KJ | | |

**102**

                LM002275



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The U. S. Forest Service, USDA is included as an Additional Insured as respects the Insured's activities under the Special Use Permit from the U. S. Forest Service for use of the Valle Vidal area of Carson National Forest by Philmont Scout Ranch of Boy Scouts of America.

This insurance will not be cancelled or its provisions changed or deleted before thirty (30) days written notice is mailed to the Forest Supervisor, Leonard A. Lindquist.

This applies in respect to the Special Use Permit from U. S. Forest Service for Philmont Use of Valle Vidal Area from June 20, 1992 to September 30, 1997.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date          Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilman*  SECRETARY   *Edmund F. Kelly*  PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued          Sales Office and No.          End. Serial No.   37

        KJ

**102**

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The City of Healdsburg, the State of California, and their agents, officers servants and employees are named as Additional Insureds but only as respects the use of the City of Healdsburg's property for official Scout meetings and official Scouting Activities of the Redwood Empire Council #41/Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

*Barry S. Gilbert*  SECRETARY    *Edmund F. Kelly*  PRESIDENT

Countersigned by _____
                         Authorized Representative

Issued            Sales Office and No.          End. Serial No.   38

       KJ

**102**



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The city of Live Oak, California, is named as an Additional Insured up to $1,000,000. per occurrence limits for bodily injury, personal injury, and property damage, but only as respects the use of the city of Live Oak's property for official Scout meetings and official Scouting activities of Troop 3 and Pack 2, Golden Empire Council, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date          Expiration Date

For attachment to Policy No.   TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Silvers*  SECRETARY  *Edmund F Kelly*  PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued          Sales Office and No.          End. Serial No.   39

KJ

**102**

LM002278

167200500001500074

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**


## ADDITIONAL INSURED


This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Boy Scout Memorial Foundation is added as an Additional Insured for any liability which may result from the Boy Scouts Memorial Foundation's carrying out the purpose of the corporation as set forth in the Bylaws of the Santa Clara County Council, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium $ | | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date | Expiration Date | [ ] LIBERTY INSURANCE CORPORATION |
| | | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No. | TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |
| Audit Basis | | |
| Issued to | | |

*Barry S. Silveira* SECRETARY *Edmund F. Kelly* PRESIDENT

Countersigned by _____
                                        Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No. 40 |
| KJ | | |

**102**

LM002279

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

Pine Burr Area Council Boy Scouts of America Trust Fund is added as an Additional Insured for any liability which may result from carrying out the purpose of the corporation as set forth in the Declaration of Trust Creating a Boy Scout Trust Fund for the Pine Burr Area Council, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY

Effective Date                    Expiration Date

[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION

For attachment to Policy No.    TB1-191-409751-129 / 8

[ ] THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis

Issued to

*Barry S. Silvers  Edmund F. Kelly*

SECRETARY        PRESIDENT

Countersigned by _____

Authorized Representative

Issued          Sales Office and No.          End. Serial No.   41

KJ

**102**

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The U. S. Postal Service is an additional Insured with respect to the lease for office space at 713 E. Edison Ave., Sunnyside, WA  98944-9998 by the Grand Columbia Council of the Boy Scouts of America in Yakima, WA.  It is a condition of this policy that the insurance company must furnish written notice to the United States Postal Service thirty (30) days in advance of the effective date of any reduction in or cancellation of this policy.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                    Expiration Date

For attachment to Policy No.     TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilrean*  SECRETARY  *Edmund F Kelly*  PRESIDENT

Countersigned by _____
                         Authorized Representative

Issued                  Sales Office and No.              End. Serial No.   42

KJ

**102**

167200500001500077

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The City of Glendale, CA., its agents, officers and employees are provided primary coverage for any bodily injury liability or property damage liability resulting from the Varsity Spirit Program funded by a community development block grant. No coverage is provided for fiduciary or errors and omissions exposures.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                  Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilvaro    Edmund F Kelly*
SECRETARY                PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued                  Sales Office and No.              End. Serial No.   43

KJ

**102**

LM002282

167200500001500078

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

The City of Glendale, CA., its agents, officers and employees are provided primary coverage for any bodily injury liability or property damage liability resulting from the improvement of the service center funded by a community development block grant.  No coverage is provided for fiduciary or errors and omissions exposures

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

*Barry L. Gilbert  Edmund F Kelly*
SECRETARY                PRESIDENT

Countersigned by _____
Authorized Representative

Issued                    Sales Office and No.              End. Serial No.   44

KJ

102

LM002283

167200500001500079

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Lakewood Board of Education, Lakewood, New Jersey is named as an Additional Insured up to $1,000,000. per occurrence limits for bodily injury, personal injury and property damage, but only as respects the use of Laekwood school's facilities for official Scouting activities that include the pack, troop and post meetings, district round-ups, school nights and pinewood derby.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                     Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry P. Gilbert*  SECRETARY    *Edmund F Kelly*  PRESIDENT

Countersigned by _____
                                        Authorized Representative

Issued                    Sales Office and No.           End. Serial No.   45

KJ

**102**

LM002284



## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Camp Russell Trust and the Trustees of Camp Russell are named as Additional Insureds for any liability which may result from the Camp Russell Trust and Trustee of Camp Russell's carrying out the purpose and mission of the Indian Nations Council, Boy Scouts of America.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Shilvas  Edmund F Kelly*
SECRETARY                    PRESIDENT

Countersigned by _____
Authorized Representative

Issued                    Sales Office and No.                    End. Serial No.   46

KJ

102

167200500001500081

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The Del Norte County Unified School District is named as an Additional Insured with primary insurance coverage up to $1,000,000. per occurrence limits for bodily injury, personal injury and property damage for cub pack and den meetings, troop meetings, post meeting and Order of the Arrow meetings held on the premises owned by the Del Norte County Unified School District.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date          Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Gilwax*  SECRETARY   *Edmund F. Kelly*  PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued                  Sales Office and No.          End. Serial No.   47

KJ

**102**



**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The City of Burbank, CA., its agents, officers and employees are included and added as an Additional Insured for any bodily injury liability or property damage liability resulting from the Cub Scout Mentoring Program funded by a community development block grant. No coverage is provided for fiduciary or errors and omissions exposures.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $                                            [X] LIBERTY MUTUAL INSURANCE COMPANY
                                                     [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
Effective Date              Expiration Date          [ ] LIBERTY INSURANCE CORPORATION
                                                     [ ] LM INSURANCE CORPORATION
For attachment to Policy No.    TB1-191-409751-129 / 8   [ ] THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis

Issued to

                                    Barry S. Silvan        Edmund F. Kelly
                                         SECRETARY              PRESIDENT
                        Countersigned by _____
                                              Authorized Representative

        Issued              Sales Office and No.         End. Serial No.   48

        KJ

**102**

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

**ADDITIONAL INSURED**  The City of Los Angeles Harbor Department, its officers, agents and employees are included as additional Insureds with regard to liability and defense of claims arising from the operations and uses performed by or on behalf of the named insured regardless of whether liability is attributable to the named insured or a combination of the named and the additional insured.

**CONTRIBUTION NOT REQUIRED**  Any other insurance maintained by the City of Los Angeles Harbor Department shall be excess of this insurance and shall not contribute with it.

**SEVERABILITY OF INTEREST**  This insurance applies separately to each insured against whom claim is made or suit is brought except with respect to the company's limits of liability.  The inclusion of any person or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

**CANCELLATION NOTICE**  With respect to the interest of the additional insured, the insurance shall not be cancelled, changed in coverage, reduced in limits or non-renewed except after thirty (30) days prior written notice by Certified Mail Return Receipts Requested has been given both the City Attorney of Los Angeles and the Board of Harbor Commissioners addressed as follows:

City Attorney
Harbor Division
Post Office Box 151
San Pedro, CA  90733-0151

Board of Harbor Commissioners
Post Office Box 151
San Pedro, CA  90733-0151
Attention:  Risk Manager

**APPLICABILITY**  This insurance pertains to the operations and/or tenancy of the named insured under:

The following specific agreements with the City of Los Angeles Harbor Department:  Lease 448

Except as stated above nothing herein shall be held to waive, alter or extend any of the limits, conditions, agreements or exclusions of the policy to which this endorsement is attached.

Signature: _____
Authorized Representative (original signature required on
copy furnished to the Board of Harbor Commissioners)

102

**Page 1 of 2**

LM002288

ADDRESS:    2200 Ross Avenue, Suite 3300
Dallas, Texas   75201
TELEPHONE:   (214)-979-9804

Report claims pursuant to this insurance to:

Liberty Mutual Insurance Group
Liability Claims
2100 Walnut Hill Lane Ste. 100
Irving, TX   75038

Includes:
Broad Form Property Damage
Personal Injury
Independent Contractors
Premises Operations
Products/Completed Operations
Contractual Liability
Fire Legal Liability

| Type of Coverage | Limits of Liability | | Policy Period | Deductible |
|---|---|---|---|---|
| Comprehensive General Liability | $1,000,000 | Per Occurrence | 3-1-99/01 | $1,000,000 |
| Non-Owned Auto | $1,000,000 | Per Occurrence | 3-1-99/00 | $1,000,000 |

Named Insured and Address:

Boy Scouts of America, National & All Local Councils including subsidiaries
1325 W. Walnut Hill Lane
Irving, TX.  75038-3096

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Silvas*          *Edmund F Kelly*
                SECRETARY              PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued                   Sales Office and No.          End. Serial No.   49

KJ

CONFIDENTIAL                                          LM002289

167200500001500085

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED
### (VENDORS-LIMITED FORM)

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Any person or organization designated below (herein referred to as "vendor"), as an Insured, but only with respect to the distribution or sale in the regular course of the vendor's business of the named Insured's products designated below subject to the following additional provisions:

1. The insurance with respect to the vendor does not apply to:

   (a) any express warranty, or any distribution or sale for a purpose, unauthorized by the named insured;

   (b) bodily injury or property damage arising out of

      (i) any act of the vendor which changes the condition of the products,

      (ii) any failure to maintain the product in merchantable condition,

      (iii) any failure to make such inspections, adjustment, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products, or

      (iv) products which after distribution or sale by the named insured have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

   (c) bodily injury or property damage occurring within the vendor's premises.

2. The insurance does not apply to any person or organization, as insured, from whom the named insured has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

| Name of Vendor(s) | Description of Product(s) |
|---|---|
| Sear, Roebuck and Company | All Products of Named Insured sold by Sears, Roebuck and Company |

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Silvers* SECRETARY *Edmund F. Kelly* PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued              Sales Office and No.              End. Serial No.   50
   KJ

**102**

LM002290

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured, and subject to the following additional exclusions:

The insurance does not apply:

1. to any occurrence which takes place after the named insured ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below:

### SCHEDULE

| Designation of Premises (part leased to Named Insured) | Name of Person or Organization | Annual Premiums | |
|---|---|---|---|
| | | Bodily Injury Liability | Property Damage Liability |
| Official Scout Meeting and Scout activities of Gold County District held on Nevada Joint Union High School District Properties | Nevada Joint Union High School District 11645 Ridge Road Grass Valley, CA 95945 | Included | Included |

as respects specific activities of the Golden Empire Council #47.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                   Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Silvas* SECRETARY *Edmund F Kelly* PRESIDENT

Countersigned by _____
                          Authorized Representative

Issued                 Sales Office and No.          End. Serial No.  51

KJ

**102**

167200500001500087

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

**ADDITIONAL INSURED**
**(Premises Leased to the Named Insured)**

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

The person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any occurrence which takes place after the named insured ceases to be a tenant in said premises;

2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below:

**SCHEDULE**

| Designation of Premises (part leased to Named Insured) | Name of Person or Organization | Annual Premiums | |
| --- | --- | --- | --- |
| | | Bodily Injury Liability | Property Damage Liability |
| Property of the Milpetes Unified School District used for all official Scout meetings and Scouting Activities | The Milpetes Unified School District 1331 Calveras Milpetes, CA  95035 | Included. | Included |

as respects specific activities of the Santa Clara County Council #55

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
| --- | --- |
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Silver*  SECRETARY  *Edmund F Kelly* PRESIDENT
Countersigned by _____
Authorized Representative

Issued                    Sales Office and No.                    End. Serial No.   52

KJ

**102**

LM002292


167200500001500088

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.


## ADDITIONAL INSURED


This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

Without prejudice to coverage otherwise existing herein, the City of Portland, its officers, agents and employees are included as additional Insureds under this policy as to any claim or claims for injury or death of any person, or damage to property, resulting from or growing out of the permit issued by the City of Portland to the named insured for the use of city property as specified below sponsored by the Cascade Pacific Council BSA:

Scouting for Food to be held December 4, 1998 an December 2, 2000 at Waterfront Park.

Notwithstanding the naming of additional insured, the policy shall defend and indemnify each insured in the same manner as though a separate policy had been issued to each, but nothing herein shall operate to increase the insurer's per occurrence liability limit of $5,000. This coverage applies as to claims between Insureds on the policy.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $                                                    [X] LIBERTY MUTUAL INSURANCE COMPANY
                                                              [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
Effective Date                    Expiration Date             [ ] LIBERTY INSURANCE CORPORATION
                                                              [ ] LM INSURANCE CORPORATION
For attachment to Policy No.    TB1-191-409751-129 / 8        [ ] THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis

Issued to

                                       Barry S. Gilvas Edmund F Kelly
                                                SECRETARY         PRESIDENT
                          Countersigned by _____
                                                Authorized Representative

        Issued              Sales Office and No.           End. Serial No.   53

          KJ

**102**

LM002293

167200500001500089

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that Persons or Entities insured provision is amended to include:

It is hereby understood and agreed that the Orange Unified School District, its officers, agents, employees, and board members are added as Additional Insureds.  Applicable only as respects the Orange County Council #39's use of property owned by the Orange Unified School District for Scout meetings and other official scouting activities.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry P. Silves*  SECRETARY   *Edmund F. Kelly*  PRESIDENT

Countersigned by _____
                                    Authorized Representative

Issued              Sales Office and No.           End. Serial No.  54

KJ

**102**

CONFIDENTIAL                                                    LM002294

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

William S. Hart Union High School District

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date          Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Silvas  Edmund F Kelly*
                    SECRETARY              PRESIDENT

Countersigned by _____
                        Authorized Representative

Issued            Sales Office and No.          End. Serial No.   55

KJ

102

167200500001500091

## CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

San Juan Unified School District

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium  $

Effective Date                    Expiration Date

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis

Issued to

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry P. Silvros  Edmund F Kelly*
SECRETARY          PRESIDENT

Countersigned by _____
                        **Authorized Representative**

Issued                    Sales Office and No.              End. Serial No.   56

        KJ

**102**

167200500001500092

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Name of Person or Organization:**

Three Fires Scout Reservation Boy Scouts of America

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | ☐ LIBERTY INSURANCE CORPORATION |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LM INSURANCE CORPORATION |
| Audit Basis | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |
| Issued to | |

Expiration Date

*(signatures)* SECRETARY    PRESIDENT

Countersigned by ..............................................................................................
Authorized Representative

Issued          Sales Office and No.          End. Serial No. 57
KJ

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL

LM002297

167200500001500093

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The Weingart Foundation

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Expiration Date

Countersigned by  ............................................................................

Authorized Representative

Issued

KJ

Sales Office and No.

End. Serial No.  58

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL

LM002298

167200500001500094

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The City of Ukiah, CA is named as an additional insured up to $1,000,000 per occurrence limits from bodily injury, personal injury, and property damage, but only as respects the use of City of Ukiah's property for Scout-o—rama and use the City of Ukiah's properties for official Scout Meetings.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.    Expiration Date    TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| | ☐ LM INSURANCE CORPORATION |
| Audit Basis | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |
| Issued to | |

*Larry S. Hilton* SECRETARY     *Edmund F. Kelly* PRESIDENT

Countersigned by .............................................................................
Authorized Representative

Issued      Sales Office and No.      End. Serial No. 59

KJ

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85



COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The City of Monterey and The U. S. Department of Army for the use of the building known as S-141 located at 231 Corporal Ewing Drive, Presidio of Monterey by the Monterey Bay Area Council, BSA.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | ☐ LIBERTY INSURANCE CORPORATION |
| For attachment to Policy or Bond No.    TB1-191-409751-129 / 8 | ☐ LM INSURANCE CORPORATION |
| Audit Basis | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |
| Issued to | |

Expiration Date

*Larry S. Wilson*  SECRETARY    *Edmund F. Kelly*  PRESIDENT

Countersigned by ........................................................................
Authorized Representative

Issued    Sales Office and No.    End. Serial No. 60
KJ

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002300

167200500001500096

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The City of Santa Ana, its officers and employees listed as additional insureds resulting from the use of Orange County Council, BSA Scout paraprofessionals in community centers, public schools, and churches funded by a community development block grant. No coverage is provided for fiduciary or errors and omissions exposures.

Coverage provided by this endorsment is limited to $1,000,000 aggregate.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Hilton* SECRETARY        *Edmund F. Kelly* PRESIDENT

Countersigned by ..................................................................................................

Authorized Representative

Issued
KJ

Sales Office and No.

End. Serial No. 61

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL                                      LM002301

167200500001500097

COMMERCIAL  GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED  PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the City of Placentia, its officers, agents, employees and board members are named as Additional Insureds.  Applicable only as respects to the use of the property owned by the city of Placentia for Scout activities held by:

Packs 99, 589, 706, 707, 723, 732, 750, 775, 780, 781, 782, 783, 798, 811, 881, 897, 1740 and
Troops 722, 723, 780, 781, 782, 783, 801, 811, 1001, 1740 and
Teams 781, 782, 783 and
Posts 781, 782, 783

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date                    Expiration Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Countersigned by ...................................................................
Authorized Representative

Issued          KJ

Sales Office and No.          End. Serial No. 62

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, Shasta College, 11566 Old Oregon Trail, Reeding, CA, is named as Additional Insured as respects the Golden Empire Council, Shasta Trinity District, 1999 Merit Badge PowWow to be held March 6, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium $ | | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | Expiration Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No. | TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | | ☐ LM INSURANCE CORPORATION |
| Issued to | | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Wilson* SECRETARY    *Edmund F. Kelly* PRESIDENT

Countersigned by .......................................................................
                                    Authorized Representative

|  | |  |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No. 63 |
| KJ | | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL

LM002303

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the City of Sutter Creek, their officers, agents, directors and employees are named as Additional Insured,  Applicable only as respects the use of property owned by the City of Sutter Creek for official Scout activities held by:

Packs 63, 77, 78, 89, 110, 477, 478 and
Troops 63, 77, 78, 477, 478, 88 and
Team 477.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date                          Expiration Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.    TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Hilton*  SECRETARY     *Edmund F. Kelly*  PRESIDENT

Countersigned by .............................................................................
Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 64 |
|---|---|---|
| KJ | | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL                                                    LM002304

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

King County, its officers, employees and agents for Chief Seattle Council Boy Scout Camporee held at the King County Fairgrounds, April 30 - May 2, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date          Expiration Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Gary S. Gibson*  SECRETARY          *Edmund F. Kelly*  PRESIDENT

Countersigned by ...................................................................................
Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No. 65 |
| KJ | | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002305

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, Coast Community College District, CCCD Board of Trustees, Orange Coast College, agents, officers, employees and representatives are named as Additional Insured as respects the Orange County Council #39 Arrow Training on December 11, 1999 and Order of the Arrow Trade-O-Ree held on February 25-26, 2000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date 03/01/99    Expiration Date 03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis 9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Countersigned by ...........................................................................
Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 66 |
|---|---|---|
| kj 10/11/99 | 949 - Irving | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

167200500001500102

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

It is hereby understood and agreed that the Palo Alto Unified School District, located within the geographic area of the Pacific Skyline Council, BSA, its officers, agents, employees and board members, are added as Additional Insureds.

RE: Applicable only as respects use of property owned by Palo Alto Unified School District of Scout meetings and other official scouting activities and nothing herein shall operate to increase insurer's per occurrence liability limit of $1,000,000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.    TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis | ☐ LM INSURANCE CORPORATION |
| Issued to | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Expiration Date

SECRETARY        PRESIDENT

Countersigned by ....................................................................................
Authorized Representative

Issued               Sales Office and No.       End. Serial No. **67**

KJ

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL

LM002307

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, The City of Lakewood, 445 South Allison Parkway, lakewood, CO is named an Additional Insured as respects to Denver Area Council Timberline District Cub Scout Day Camp to be held June 27 - July 12, 1999 at the Heritaage Center.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | ☐ LIBERTY INSURANCE CORPORATION |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LM INSURANCE CORPORATION |
| Audit Basis | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |
| Issued to | |

Expiration Date

Countersigned by ........................................
Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 68 |
|---|---|---|
| KJ | | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

167200500001500104

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the Nevada Division of State Parks is included as an Additional Insured for any bodily injury, liability or property damage liability resulting from Boulder Dam Area Council Cub Scout Day Camp at Floyd Lamp State Park on August 9-13, 1999.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $  Nil

Effective Date  03/01/99          Expiration Date  03/01/01

For attachment to Policy or Bond No.    TB1-191-409751-129 / 8

Audit Basis   9

Issued to   Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

SECRETARY          PRESIDENT

Countersigned by  ..................................................................
                              Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 69 |
|---|---|---|
| KJ 4/21/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

## CHANGE ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

It is hereby understood and agreed that:

**End. Serial No. 30**, Additional Insured Endorsement, form 102, is deleted.

**End. Serial No. 36**, Additional Insured Endorsement, form 102, is deleted.

**End. Serial No. 28**, Additional Insured Endorsement, form 102, is amended to read Theodore Roosevelt Council in lieu of Nausau County Council.

**End. Serial No. 53**, Additional Insured Endorsement, form 102, is amended to read December 4, 1999 in lieu of December 4, 1998.

**End. Serial No. 55**, Additional Insured Endorsement, form 102, is amended to include the following:

It is hereby understood and agreed that the William S. Hart Union High School District is added as an Additional Insured. Applicable only as respects the Western Los Angeles County Council's use of property owned by the William S. Hart Union High School District for Scout meetings and other Official scouting activities.

**End. Serial No. 56**, Additional Insured Endorsement, form 102, is amended to include the following:

It is hereby understood and agreed that the San Juan Unified School District is added as an Additional Insured up to $1,000,000 per occurrence limits from bodily injury, personal injury and property damage but only as respects use of property owned by the San Juan Unified School District for Scout meetings and other official scouting activities.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium $  Nil | | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  3/1/99 | Expiration Date  3/1/01 | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>[ ] LIBERTY INSURANCE CORPORATION |
| For attachment to Policy No. | TB1-191-409751-129 / 8 | [ ] LM INSURANCE CORPORATION<br>[ ] THE FIRST LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | | |
| Issued to | Boy Scouts of America, National and all Local Councils<br>including their Subsidiaries | |

*Barry L. Silvan  Edmund F. Kelly*
SECRETARY                PRESIDENT

Countersigned by _____
Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.  70 |
| KJ  4/26/99 | Irving - 949 | |

102

LM002310

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The City of Eureka, CA, including its officers, officials, agents and employees are provided primary coverage for any bodily injury liability or property damage liability resulting from the Humboldt District, Redwood Empire Council Scout-O-Rama on May 1, 1999. Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99       Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Hilton*          *Edmund F. Kelly*

Countersigned by  ...............................................................

Authorized Representative

| Issued | Sales Office and No. | End. Serial No.  71 |
|---|---|---|
| KJ 4/21/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL                                             LM002311

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The County of Santa Clara is included as additional insured for the Santa Clara County Council Canoe Race held on May 29, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99    Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis   9 | ☐ LM INSURANCE CORPORATION |
| Issued to   Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Countersigned by ................................................
Authorized Representative

Issued         Sales Office and No.      End. Serial No. 72
KJ 5/10/99        Irving - 949

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85



COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, The City of Escondido, CA, is named an Additional Insured as respects the Desert Pacific Council, Kit Carson District Fun Day to be held on June 19, 1999 at Kit Carson Park.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $  Nil

Effective Date  03/01/99          Expiration Date  03/01/01

For attachment to Policy or Bond No.    TB1-191-409751-129 / 8

Audit Basis  9

Issued to  Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Larry S. Wilson*  SECRETARY        *Edmund F. Kelly*  PRESIDENT

Countersigned by  ...........................................................................................
                                    Authorized Representative

Issued                 Sales Office and No.              End. Serial No.  73

kj 6/2/99                   Irving - 949

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL                                          LM002313

167200500001500109

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

## ADDITIONAL INSURED
## (VENDORS-LIMITED FORM)

This endorsement modifies insurance provided under the following:
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

Any person or organization designated below (herein referred to as "vendor"), as an Insured, but only with respect to the distribution or sale in the regular course of the vendor's business of the named Insured's products designated below subject to the following additional provisions:

1.  The insurance with respect to the vendor does not apply to:

    (a) any express warranty, or any distribution or sale for a purpose, unauthorized by the named insured;

    (b) bodily injury or property damage arising out of

        (i) any act of the vendor which changes the condition of the products,

        (ii) any failure to maintain the product in merchantable condition,

        (iii) any failure to make such inspections, adjustment, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products, or

        (iv) products which after distribution or sale by the named insured have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

    (c) bodily injury or property damage occurring within the vendor's premises.

2.  The insurance does not apply to any person or organization, as insured, from whom the named insured has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

| **Name of Vendor(s)** | **Description of Product(s)** |
|---|---|
| J.C. Penney Company, Inc. | All Products of Named Insured sold by J.C. Penney Company, Inc. |

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $    Nil

Effective Date    3-1-99          Expiration Date    3-1-2001

For attachment to Policy No.    TB1-191-409751-129 / 8

Audit Basis    9

Issued to    Boy Scouts of America

[X] LIBERTY MUTUAL INSURANCE COMPANY
[ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY
[ ] LIBERTY INSURANCE CORPORATION
[ ] LM INSURANCE CORPORATION
[ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry L. Silvers   Edmund F. Kelly*
SECRETARY                              PRESIDENT

Countersigned by _____
                                        Authorized Representative

Issued                    Sales Office and No.          End. Serial No.   74

kj 8/2/99                 Irving - 949

**102**

16720050000150010

COMMERCIAL  GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED  PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, The City of Irvine and the Irvine Company are named an Additional Insured as respects the Orange County Council #39 Cub Scout Day Camp held at Bommer Canyon July 11 - 16, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99     Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Wilson*  SECRETARY     *Edmund F. Kelly*  PRESIDENT

Countersigned by  ..................................................................................

Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.  75 |
| kj  8/2/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL

LM002315

167200500001500111

COMMERCIAL  GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED  PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The Lake Casitas Municipal Water District is included as additional insured for the Ventura County Council Camporee being held at the Lake Casitas Recreational area on April 14-16, 2000.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $   Nil

Effective Date   03/01/99          Expiration Date   03/01/01

For attachment to Policy or Bond No.   TB1-191-409751-129 / 8

Audit Basis   9

Issued to   Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

Countersigned by ...............................................................
Authorized Representative

Issued                    Sales Office and No.          End. Serial No.  76

kj  8/2/99                Irving - 949

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002316

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, The City of Stockton, its officers and employees are named as Additional Insured as respects the Greater Yosemite Council Breakfast of Champions held August 9-10, 1999 at Stockton Civic Auditorium.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99     Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Gibson*     *Edmund F. Kelly*
SECRETARY            PRESIDENT

Countersigned by ...................................................................................
Authorized Representative

| Issued | Sales Office and No. | End. Serial No.  77 |
|---|---|---|
| kj  8/2/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002317

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**

The City of Diamond Bar, its officials, officers and employees are provided primary coverage for any bodily injury liability or property damage liability resulting from the Old Baldy Council Wood Badge Reunion being held at Summit Ridge Park on September 18, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $   Nil

Effective Date   03/01/99          Expiration Date   03/01/01

For attachment to Policy or Bond No.    TB1-191-409751-129 / 8

Audit Basis    9

Issued to   Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

Countersigned by ...........................................................
Authorized Representative

Issued              Sales Office and No.            End. Serial No.  78

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85



COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Fred and Harriet Cox and the Cox Family Trust is included as an additional insured with primary coverage for official Scout use of Melita Island in Flathead Lake, Montana.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $ Nil

Effective Date 03/01/99          Expiration Date 03/01/01

For attachment to Policy or Bond No.   TB1-191-409751-129 / 8

Audit Basis  9

Issued to   Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

Countersigned by .......................................................................................
                                                    Authorized Representative

Issued                    Sales Office and No.        End. Serial No. 79

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002319

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the Dry Creek Joint Elementary School District is named as Additional Insured.  Applicable only as respects the use of property owned by the Dry Creek School District for official Scout activities held by:

Packs 505, 507, 252, 30, 816, 918, 224 and 229
and Troops 505, 801, 828, 30, 816, 918 and 224

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $   Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date   03/01/99          Expiration Date   03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis   9 | · ☐ LM INSURANCE CORPORATION |
| Issued to   Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Countersigned by ............................................................
                          Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 80 |
|---|---|---|
| KJ 10/11/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002320

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, The State of California, California State University, the trustees, employees and officers of each entity is named an Additional Insured, but only for the Old Baldy Council Merit Badge Day held on February 5, 2000.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $ Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date 03/01/99     Expiration Date 03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No. TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis 9 | ☐ LM INSURANCE CORPORATION |
| Issued to Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Hilton* SECRETARY          *Edmund F. Kelly* PRESIDENT

Countersigned by ...................................................................
Authorized Representative

| Issued | Sales Office and No. | End. Serial No. 81 |
|---|---|---|
| kj 9/1/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

CONFIDENTIAL                    LM002321

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities insured provision is amended to include:

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

ADDITIONAL INSURED. The City of Los Angeles, its officers, and employees are included as additional insureds with regard to liability and defense of claims arising from the fundraising event held by the Los Angeles Area Council, BSA on September 23, 1999 in the Los Angeles Convention Center regardless of whether liability is attributable to the named insured or a combination of the named and the additional insured.

CONTRIBUTION NOT REQUIRED. Any other insurance maintained by the City of Los Angeles Harbor Department shall be excess of this insurance and shall not contribute with it.

SEVERABILITY OF INTEREST. This insurance applies separately to each insured against whom claim is made or suit is brought except with respect to the insurance policy limits of liability. The inclusion of any persons or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

CANCELLATION NOTICE. With respect to the interest of the additional insured, the insurance shall not be cancelled, changed in coverage, reduced in limits or non-renewed except after thirty (30) days prior written notice by Certified Mail return Receipts Requested has been given the City Attorney of Los Angeles.

       City Attorney
       Harbor Division
       Post Office Box 151
       San Pedro, CA 90733-0151

APPLICABILITY. This insurance pertains only to the operations of the Los Angeles Area Council, BSA on September 23, 1999 at the Los Angeles Convention Center.

Nothing herein shall be held to waive, alter or extend any of the limits, conditions, agreements or exclusions of the policy to which this endorsement is attached.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | | |
|---|---|---|
| Premium $ | Nil | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date | 03/01/1999    Expiration Date    03/01/01 | [ ] LIBERTY INSURANCE CORPORATION |
| | | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No.    TB1-191-409751-129 / 8 | | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |
| Audit Basis | 9 | |
| Issued to | Boy Scouts of America | |

*Barry L. Gilvan  Edmund F Kelly*
                        SECRETARY         PRESIDENT
Countersigned by _____
                             Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.   82 |
| KJ  9/1/99 | Irving - 949 | |

**102**

LM002322

167200500001500118

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

The City of Rohnert Park, its officials, officers and employees are provided primary coverage for any bodily injury liability or property damage liability resulting from the Redwood Empire Council Scout-O-Rama being held at the Rohnert Park Public Safety Building on October 8-9, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99    Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.  TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

*Larry S. Hilton*  SECRETARY    *Edmund F. Kelly*  PRESIDENT

Countersigned by ..................................................................
Authorized Representative

| Issued | Sales Office and No.  Irving - 949 | End. Serial No.  83 |
|---|---|---|

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002323

167200500001500119

**LIABILITY POLICY**



**Liberty Mutual
Insurance Group/Boston**

### Liberty Mutual Insurance Company

**(A Mutual Insurance Company herein called the Company)**

This policy is non-assessable.  The named insured is hereby notified that by virtue of this policy he is a member of the Company and as such is entitled to vote either in person or by proxy at any and all meetings of the Company and to participate, to the extent and upon the conditions fixed and determined by the board of directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined. The annual meetings of the Company are held at its home office, Boston, Massachusetts, on the third Wednesday of April in each year, at ten o'clock in the morning.

This policy is classified for dividend purposes in Dividend Class I - General Class.

**IN WITNESS WHEREOF,** the company has caused this policy to be signed by its President and its Secretary at Boston, Massachusetts, and countersigned on the declarations page by a duly authorized representative of the company

*Barry S. Hilton*
SECRETARY

*Edmund F. Kelly*
PRESIDENT

**GPO 4078 (6-17-92)**

LM002324

167200500001500120

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

King County, its officers and employees are additional insured for the Chief Seattle Council, Foothills District Camporee held at the King County Fairgrounds on October 1-3, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $  Nil

Effective Date  03/01/99          Expiration Date  03/01/01

For attachment to Policy or Bond No.    TB1-191-409751-129 / 8

Audit Basis   9

Issued to   Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

Countersigned by  ..................................................................
Authorized Representative

Issued                              Sales Office and No.              End. Serial No.  84

kj 10/11/99                          Irving - 949

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002325



COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the San Mateo Foster City School District is named as Additional Insured.  Applicable only as respects the use of property owned by the San Mateo Foster City School District for official Scout activities held by:

Packs 3, 17, 27, 89, 132, 152, 175, 266, 303, 357, and 700
and Troops 11, 27, 42, 44, 47, and 700

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $  Nil

Effective Date  03/01/99              Expiration Date  03/01/01

For attachment to Policy or Bond No.   TB1-191-409751-129 / 8

Audit Basis  9

Issued to  Boy Scouts of America

☒ LIBERTY MUTUAL INSURANCE COMPANY
☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

Countersigned by .................................................................
                                          Authorized Representative

Issued                        Sales Office and No.            End. Serial No. 85
kj 10/11/99                       949 - Irving

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85

LM002326

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization:**

Without prejudice to coverage existing herein, the United States of America, Department of Transportation, and U.S. Coast Guard are included as Additional Insured, by only with respect to operations under license #DTCG-Z67100-99-RP-029-L, for the Northeast Region Seabadge Training Course held on November 12-14, 1999.

Nothing herein shall operate to increase the insurer's per occurrence liability limit of $1,000,000.00.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $  Nil | ☒ LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date  03/01/99        Expiration Date  03/01/01 | ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No.   TB1-191-409751-129 / 8 | ☐ LIBERTY INSURANCE CORPORATION |
| Audit Basis  9 | ☐ LM INSURANCE CORPORATION |
| Issued to  Boy Scouts of America | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

Countersigned by ..................................................................

Authorized Representative

| | | |
|---|---|---|
| **Issued** | **Sales Office and No.** | End. Serial No.  86 |
| kj 11/18/99 | Irving - 949 | |

Copyright, Insurance Service Office, Inc., 1984

CG 20 26 11 85



CHANGE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following
**GENERAL LIABILITY POLICY**

It is agreed that the Persons or Entities Insured provision is amended to include:

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

ADDITIONAL INSURED.  The City of Los Angeles, its officers, and employees are included as additional insureds with regard to liability and defense of claims arising from filming of a Cub Scout promotional video on property owned by the City of Los Angeles regardless of whether liability is attributed to the named insured or a combination of the named and additional insured.
CINTRIBUTION NOT REQUIRED.  Any other insurance maintained by the City of Los Angeles shall be excess of this insurance and shall not contribute with it.

SEVERABILITY OF INTEREST.  This insurance applies separately to each insured against whom claim is made or suit is brought <u>except</u> with respect to the insurance policy limits of liability.  The inclusion of any persons or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

CANCELLATION NOTICE.  With respect to the interest of the additional insured, the insurance shall not be cancelled, changed in coverage reduced in limits or non-renewed except after thirty (30) days prior written notice by Certified Mail Return Receipts Requested has been given the City Attorney of Los Angeles.

      City of Los Angeles
      Film Office
      7083 Hollywood Blvd., 5th Floor
      Los Angeles, CA  90028

APPLICABILITY.  This insurance pertains only to the operations of the National Council, BSA on December 1-2, 1999 in Los Angeles, CA.

Nothing herein shall be held to waive, alter or extend the $1,000,000 per occurrence limit of liability, conditions, agreements or exclusions of the policy to which this endorsement is attached.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| Premium $   Nil | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| Effective Date   3/1/99   Expiration Date   3/1/01 | [ ] LIBERTY INSURANCE CORPORATION |
| | [ ] LM INSURANCE CORPORATION |
| For attachment to Policy No.   TB1-191-409751-129 / 8 | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

Audit Basis    9

Issued to      Boy Scouts of America, National and all Local
            Councils including their Subsidiaries

*Barry S. Gilmore  Edmund F Kelly*
                         SECRETARY        PRESIDENT
Countersigned by _____
                          Authorized Representative

| | | |
|---|---|---|
| Issued | Sales Office and No. | End. Serial No.   87 |
| KJ | Irving - 949 | |

102

CONFIDENTIAL

LM002328

167200500001500124

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

It is agreed that the GPO 4051 R2, Commercial General Liability Declarations is amending the following.

Total Advance Premium should read $386,882 in lieu of $48,360 Annual Deposit

Audit Basis is a "0" in lieu of a "9"

**For the Period of 3/1/99 to 3/1/01**

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $ NPC

Effective Date **03/01/99**        Expiration Date **03/01/01**

For attachment to Policy No. TB1-191-409751-129/8

Audit Basis 0 (formerly a 9)

Issued To Boy Scouts of America, National and all Local Councils
    including their Subsidiaries

| | |
|---|---|
| X | LIBERTY MUTUAL INSURANCE COMPANY |
| | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry L. Silvas*                          *Edmund F Kelly*
            SECRETARY                                    PRESIDENT

Countersigned by ................................................................
                            Authorized Representative

Issued    MLA 5/7/01        Sales Office and No.    Irving-949        End. Serial No.    88

**102**

LM002329

EXHIBIT B

## POLICY CERTIFICATION FORM

**RE: NAMED INSURED: BOY SCOUTS OF AMERICA**

**POLICY NUMBER:** TH1-191-409751-114

**EFFECTIVE DATES: 03-01-2004 to 03-01-2005**

☒  **I certify this is to be a true copy of the original policy issued.**

☐  **I certify this is to be a true copy of the original Declarations page issued.**

☐  **I certify this is to be a true copy of the original Uninsured/Underinsured**

**Motor Rejection and/or the Personal Injury Rejection form(s).**

☐  **This policy was retrieved from Liberty Mutual's files and is Liberty Mutual's best Current evidence of the policy.  Liberty Mutual, however, reserves the right to Supplement or amend this policy should further or different terms, conditions, Endorsements, or exclusions become known. Liberty Mutual does not acknowledge that this is a certified copy of the policy, or that it is the exact copy of the policy that was delivered to the insured.**

**LIBERTY MUTUAL RESERVES THE RIGHT TO FURTHER AMEND OR SUPPLEMENT THIS POLICY SHOULD ANY ADDITIONAL TERMS, CONDITIONS OR EXCLUSIONS COME TO OUR ATTENTION.**

*Lisa Donohue*

**Lisa Donohue, Business Operations Manager**
**Central Processing Operations**
**Commercial Insurance**
**Liberty Mutual Insurance**
**Lewiston, Maine**

 **Date:**    **11-09-2021**

**LIBERTY MUTUAL**
**INSURANCE COMPANY**

**Liberty Mutual™**

**UMBRELLA EXCESS**
**LIABILITY DECLARATIONS**

| ACCOUNT | SUB-ACCT. NO | | | | | | |
|---------|--------------|---|---|---|---|---|---|
| 40 97 51 | 0000 | LIBERTY MUTUAL INSURANCE GROUP/BOSTON | | | | | |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YR. LIAB. POL. |
|-----------|-------|--------------|------|----------------------|------|-----|---------------------|
| TH1-191-409751-114 | 32/7 | Irving | #949 | Collins | #6797 | 2 | 1996 |

Item 1.   Named Insured   Boy Scouts of America, National Council and all of it's affiliates and
subsidiaries and all Local Councils and all their af filiates and subsidiaries

Address   1325 Walnut Hill Lane
Irving, TX 75062

First Named Insured:   Boy Scouts of America

The named insured is:   ☐ Individual,   ☐ Partnership,   ☐ Corporation,   ☒ Other

Business of named insured is:   Boy Scouts

| | Mo. | Day | Year | | Mo. | Day | Year |
|---|-----|-----|------|---|-----|-----|------|
| Item 2.  Policy Period:  From | 3 | 1 | 04 | To | 3 | 1 | 05 |

12:01 A.M., standard time at the address of the named insured as stated herein.

Item 3.   In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

**LIMITS OF INSURANCE**

| | | |
|---|---|---|
| BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND ADVERTISING INJURY LIABILITY | $ 3,000,000 | each occurrence |
| GENERAL AGGREGATE LIMIT (Other Than Products - Completed Operations and Automobile) | $ 3,000,000 | |
| PRODUCTS - COMPLETED OPERATIONS AGGREGATE LIMIT | $ 3,000,000 | |

| Item 4.  INSURED'S RETENTION | $ 3,000,000 | EACH OCCURRENCE |
|---|---|---|
| DEDUCTIBLE END'T | $ 3,000,000 | EACH OCCURRENCE |

The Insured's retention applies as a minimum amount except where the applicable limit or sub-limit of an "underlying policy" is reduced due to the impairment or exhaustion of an aggregate limit of liability.  Please read section IV.12. of the policy ("retained limit") carefully.

Item 5.   **PREMIUM**

| Premium Basis | Code No. | Estimated Annual Exposure | Rate | Estimated Annual Premium (324) |
|---------------|----------|---------------------------|------|--------------------------------|
| Flat Charge | 99935 | | | $ 9,144 |

Minimum Premium  $9,144     Premium   $ 9,144

The premium for this policy is payable   $                    .        in advance,  $                    on first anniversary
and  $                    on the second anniversary.

Audit Basis:   ☐ At Expiration,   ☐ Annual,   ☐ Semi-Annual,   ☐ Quarterly,   ☐ Monthly,   ☒ Flat Charge

GPO 4073 R1 (4/97)

Page 1 of 2

| Item 6.   Underlying Insurance | Underlying Policies | Limits of Liability | |
|---|---|---|---|
| Underlying Insurers | Policy Number and Type | | |
| See Attached Schedule | **WC**<br>Workers Compensation | Employers Liability | |
| | | By Accident | $ | Each Accident |
| | | By Disease | $ | Policy Limit |
| | | By Disease | $ | Each Employee |
| | General Liability | $ | Occurrence |
| | | $ | Prod. Comp. Op. Aggregate |
| | | $ | General Aggregate |
| | Automobile | $ | CSL |
| | | $ | B.I. |
| | | $ | P.D. |
| | | | |

The Declarations are completed on the attached schedules designated Item 5 and Item 6 Declarations Extension Schedules

Forms and endorsements attached to this policy:

See Attached Insuring Agreement

This Policy, including all endorsements issued herewith, is hereby countersigned by ...............................................................

Authorized Representative

N*1L00

| LOC. CODE. | TYPED | PERIODIC PAYMENT | RATING BASIS | AUDIT BASIS | HOME STATE | POL. HG. | RENEWAL OF |
|---|---|---|---|---|---|---|---|
| 1 | EC 3/04 | $ | ☐ R ☒ NR | 0 | TX | S- ☐ | TH1-113/9 |

Page 2 of 2

GPO 4073 R1 (4/97)

CONFIDENTIAL

LM002742

## SCHEDULE OF FORMS AND ENDORSEMENTS

| Form Number | Form Name | Endorsement Number | Comments / Expiring End. |
|---|---|---|---|
| GPO 4613 | Policy Cover | | |
| GPO4073 R1 | Umbrella Excess Liability Declarations | | |
| LM 102 | Named Insured Endorsement | 1 | |
| 102 | Amendatory Endorsement | 2 | |
| 102 | Amendatory Endorsement | 3 | |
| 102 | Amendatory Endorsement | 4 | |
| 102 | Amendatory Endorsement | 5 | |
| 102 | Amendatory Endorsement | 6 | |
| 102 | Amendatory Endorsement | 7 | |
| 102 | Amendatory Endorsement | 8 | |
| 102 | Amendatory Endorsement | 9 | |
| 102 | Amendatory Endorsement | 10 | |
| 102 | Amendatory Endorsement | 11 | |
| 102 | Amendatory Endorsement | 12 | |
| 102 | Amendatory Endorsement | 13 | |
| 102 | Amendatory Endorsement | 14 | |
| 102 | Amendatory Endorsement | 15 | |
| 102 | Amendatory Endorsement | 16 | |
| 102 | Amendatory Endorsement | 17 | |
| 102 | Amendatory Endorsement | 18 | |
| 102 | Amendatory Endorsement | 19 | |
| CU 21 35 12 02 | Exclusion Of Certified Acts Of Terrorism And Other Acts Of Terrorism | 20 | |
| 102 | Amendatory Endorsement | | |
| GPO 4170 R1 | Important Notice | | |

Policy No.  TH1-191-409751-114                    Page 1   of 1

## SCHEDULE OF UNDERLYING INSURANCE
### (Attached to and forming part of GPO 4073 R1)

| Carrier<br>Policy Number<br>Policy Period | Type of Policy | Applicable Limits |
|---|---|---|
| Liberty Mutual Insurance Co.<br>TB1-191-409751-124<br>Eff. 3/1/04 to 3/1/05 | Comprehensive General Liability | $ 1,000,000 Each Occurrence<br>$ 1,000,000 Aggregate |
| " | Non-Owned Aviation<br>Liability | $ 1,000,000 Each Occurrence |
| " | Excess Watercraft<br>Protection & Indemnity<br>Scheduled Vessels over 50 ft. | $ 1,000,000 Each Occurrence |
| " | Employers Liability | By Accident:<br>$ 500,000 Each Accident<br>By Disease:<br>$ 500,000 Policy Limit<br>By Disease:<br>$ 500,000 Each Employee |
| Liberty Insurance Corp.<br>AST-191-409751-034<br>AS1-191-409751-054<br>Eff. 3/1/04 to 3/1/05 | Auto Liability<br>Auto Liability | $ 1,000,000 Per Occurrence - CSL<br>$ 1,000,000 Each Accident |
| Liberty Mutual Fire Ins. Co.<br>WA2-19D-409751-144<br>WC2-191-409751-154<br>Eff. 3/1/03 to 3/1/04 | Employer Liability | By Accident:<br>$ 500,000 Each Accident<br>By Disease:<br>$ 500,000 Policy Limit<br>By Disease:<br>$ 500,000 Each Accident |
| | Jones Act | $ 500,000 Each Employee<br>$ 500,000 Each Accident |
| Executive Risk<br>81653468<br>Eff. 4/1/04 to 4/1/05 | Multi-Media | $ 1,000,000 Each Occurrence<br>$ 1,000,000 Aggregate |

LM002744

**ENDORSEMENT NO. 1**

## NAMED INSURED ENDORSEMENT

The Named Insured shown on the Declarations is completed to read:

Boy Scouts of America, National council and all of it's affiliates and subsidiaries and all Local Councils and all their affiliates and subsidiaries.

**POLICY NO: TH1-191-409751-114**

Page 1 of 1

CONFIDENTIAL

LM002745

UMBRELLA EXCESS LIAE ., Y POLICY                                    ENDORSEMENT NO. 2

## DEDUCTIBLE LIABILITY ENDORSEMENT

It is agreed that:

1. The Liberty Mutual's obligation to pay damages on behalf of the Insured under this policy applies only to damages in excess of the amount of the Deductible stated below:

|  | **Amount** |
|---|---|
| A. Deductible - Per Occurrence | $3,000,000 |
| B. Deductible- Minimum Annual Aggregate | Not Applicable |

2. The limits of Liability shown in the Declarations of this policy, including any applicable Aggregate Limits of Liability, as amended or supplemented by any applicable Coverage Parts or endorsements, include the amounts for (a) Deductible-Per Occurrence and (b) Deductible Minimum Annual Aggregate as stated above.

If the policy is extended for a period of less than twelve (12) months beyond the annual term set forth in the Declarations:

   (a) The Aggregate Limits of Liability stated in the Declarations, as amended or supplemented by any applicable Coverage Parts or endorsements, and the amount of the Deductible-Per Occurrence stated shall apply for the total annual period plus such extension period.

   (b) The amount of the Deductible-Minimum Annual Aggregate stated above, unless amended by an endorsement forming a part of this policy, shall be reinstated to the full amount stated.

Termination or cancellation of this policy shall not reduce the amount of the Deductible Minimum Annual Aggregate.

3. The terms of this policy, including the Insured's duties in the event of an occurrence, except as otherwise provided in this endorsement, apply irrespective of the application of the deductible amounts.

4. Liberty Mutual shall have the right:

   (a) to pay, at its sole discretion, any damages within the amount of the stated Deductible, in the event that the Named Insured, fails to pay any damages within the applicable Deductible amount(s) after the legal obligation of the Insured to pay such damages has become definitely determined;

   (b) to control and to associate with the Insured in the investigation, defense and settlement of any claims or proceedings arising out of any occurrence (1) to which the insurance provided by this policy applies, and (2) which is reasonably likely to exceed the amount of the Deductible-Per Occurrence.

   (c) to pay any or all of the amount of the Deductible-Per Occurrence to effect settlement of any claim or suit.

5. The Named Insured shall have the duty:

   (a) to pay damages covered under this policy up to the amount of the Deductible-Per Occurrence; provided, however, the Named Insured's total annual obligation for such damages shall be limited to the amount of the Deductible-Minimum Annual Aggregate. In the event the amount of the Deductible-Annual Aggregate is exhausted by payment of damages,

POLICY NO: TH1-191-409751-114                                    **Page 1 of 2**

CONFIDENTIAL                                    LM002746

Liberty Mutual will pay all subsequent damages covered by this policy, and will not require reimbursement from the Named Insured for such payments during the remainder of the applicable annual policy period;

(b)    to cooperate with Liberty Mutual to the extent required under the conditions of this policy;

(c)    to reimburse Liberty Mutual promptly for any part of the amount of the Deductible(s) paid by Liberty Mutual.

6.    Whereas the Named Insured has entered into a written agreement  with Liberty Mutual  under which Liberty Mutual agrees to provide investigation, defense and settlement services on behalf of the Insured in connection with claims made or suits brought for which insurance is provided by this policy.

7.    Liberty Mutual shall have no duty to pay or contribute to any Loss Adjustment Expense as defined herein.  The Named Insured shall pay all Loss Adjustment Expense in addition to the amounts of damages the Named Insured has a duty to pay up to the amount of the Deductible-Per Occurrence.  The exhaustion of the Deductible-Minimum Annual Aggregate shall not relieve the Named Insured of the Named Insured's duty to pay all Loss Adjustment Expense.

## DEFINITIONS

When used in this endorsement -

"Loss Adjustment Expense" means:

(a)    attorney's fees for professional services rendered in connection with claims under this policy, plus

(b)    court costs and other expenses in connection with investigation, defense or settlement of claims under this policy, such as fees for medical examinations, expert testimony, stenographic services, witnesses and summonses, copies of documents an photographs; also, premiums on bonds to release attachments, premiums on appeal bonds and the amount of interest on judgments; but Loss Adjustment Expense does not include salaries for Liberty Mutual's employees involved in claims investigation, defense or settlement, nor Liberty Mutual's other general operating expense.

"Deductible-Per Occurrence" means the amount of damages under this policy which the Named Insured has a duty to pay and which arise from any one occurrence to which insurance applies under this policy.

"Deductible-Minimum Annual Aggregate" means, subject to the limit applicable to the amount of the Deductible-Per Occurrence, the total amount of the damages under this policy which the Named Insured has a duty to pay, arising out of all occurrences to which insurance applies during each annual period of this policy, or any extension thereof for less than twelve (12) months.  The Deductible-Minimum Annual Aggregate shall be the greater of the following:

(a)    the Deductible-Minimum Annual Aggregate stated above; or

(b)    the amount computed by applying a rate of $N/A to each N/A of the Named Insured's annual N/A.

"Damages", as used in this endorsement, include amounts payable under this policy, if any, for the Insured's liability under State No-Fault automobile insurance laws, Uninsured Motorists laws and for medical payment benefits.

CONFIDENTIAL      LM002747

**UMBRELLA EXCESS LIABIL.  ( POLICY**                                    **ENDORSEMENT NO. 3**

### RETENTION ENDORSEMENT- AGGREGATE EXHAUSTION

In consideration of the premium charged, it is agreed that in the event of the exhaustion of the aggregate underlying limit of liability provided under Liberty Mutual's policy, TB1-191-409751-124, the Insured will retain the amount indicated below of any claim or loss on the same basis that coverage would have been provided under policy, TB1-191-409751-124  but for the exhaustion of any applicable aggregate.

Exhaustion of Aggregate -

    Insured's Retained Limit:    $1,000,000 Each Occurrence

It is further agreed that the following changes apply.

    1.    The following paragraph is added:

        The Exhaustion of Aggregate-Insured's Retained Limit shall not include salaries of the employees of the Insured but shall include allocated loss adjustment expense on the same basis as such is included within the limit of liability under policy     .

    2.    The following paragraph is deleted from the Insuring Agreement Section titled RETAINED LIMIT LIBERTY MUTUAL;

"If the aggregate limits of liability of the underlying insurance listed in Schedule A are reduced or exhausted because of personal injury, property damage or advertising injury during the period of this policy, Liberty Mutual will, subject to Liberty Mutual's limit of liability stated above, continue such coverage as is afforded by such listed underlying insurance for the remainder of the policy year of such underlying insurance in excess of the reduce or exhausted limits."

CONFIDENTIAL                                    LM002748

18420060011850000010

**UMBRELLA EXCESS LIAB . TY POLICY**                                         **ENDORSEMENT NO. 4**

## AMENDMENT OF "ULTIMATE NET LOSS" DEFINITION

"Ultimate Net Loss" means the total sum which the Insured, or his underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachments or appeal bonds, for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Insured's or any underlying Insurer's permanent employees.

Liberty Mutual shall not be liable for expense as aforesaid when such expenses are included in other valid and collectible insurance.

It is further agreed that Part (b) of Paragraph (2) of the Insuring Agreement is deleted.

**POLICY NO: TH1-191-409751-114**                                          **Page 1 of 1**

                                        LM002749

## AMENDMENT TO PERSONAL INJURY DEFINITION

It is hereby agreed and understood that the definition of Personal Injury is amended to read:

"Personal Injury" means, but is not limited to

  (a)  bodily injury, sickness, disease, disability, or mental anguish;

  (b)  false arrest, detention or imprisonment, or malicious prosecution;

  (c)  the publication or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (c) arise from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured;

  (d)  wrongful entry or eviction or other invasion of the right of private occupancy;

  (e)  death, discrimination or harassment; shock, fright, humiliation; disparaging statements concerning the condition, value, quality, or use of real or personal property; loss of means of support; wrongful dismissal or termination: disparate treatment or disparate impact.

CONFIDENTIAL                    LM002750

184200600118500012

**UMBRELLA EXCESS LIAB. .rY POLICY**                                    **ENDORSEMENT NO. 6**

## ADVERTISING LIABILITY

It is agreed that the definition of "Advertising Liability" is amended to include:

ADVERTISING LIABILITY.  Liability arising out of one or more of the following offenses committed in any advertisement, promotion, publicity article, broadcast or telecast:

(a)   Any form of defamation or other tort related to disparagement or harm to the character, reputation, or feelings of any natural person or organization, including but not limited to, libel, slander, product disparagement, trade libel, infliction of emotional distress, outrage or outrageous conduct;

(b)   Infringement of copyright, trademark, slogan, title or rights in literary or musical material;

(c)   Plagiarism, piracy, or unfair competition resulting from the alleged unauthorized use of titles, formats, ideas, characters, character names, characterizations, plots, musical compositions, performances, slogans, program material or any similar material but only as to claims based upon infringement of rights in literary, dramatic, musical or similar material, performance, plagiarism, unfair competition, piracy and privacy.

**POLICY NO: TH1-191-409751-114**                                           **Page 1 of 1**

18420060011850013

ǀ

**UMBRELLA EXCESS LIA_ _ITY POLICY**                                    **ENDORSEMENT NO. 7**

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

It is agreed that:

**I.   The policy does not apply:**

A.   Under any Liability Coverage, to bodily injury or property damage

   (1)   with respect to which an insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2)·  resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required  to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B.   Under any medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C.   Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

   (1)   the nuclear material

      (a)   is at any nuclear facility owned by, or operated by or on behalf of, an Insured or
      (b)   has been discharged or dispersed therefrom;

   (2)   the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

   (3)   the bodily injury or property damage arises out  of the furnishing by the Insured or services, materials, parts of equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility if located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

**II.  As used in this endorsement:**

**"hazardous properties"** include radioactive, toxic or explosive properties:

**"nuclear material"** means source material, special nuclear material or byproduct material;

**"source material", "special nuclear material"**, and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

**POLICY NO: TH1-191-409751-114**                                    **Page 1**

LM002752

**UMBRELLA EXCESS LIA_ _ITY POLICY**                                    **ENDORSEMENT NO. 7**

**"spent fuel"** means any fuel element of fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

**"waste"** means any waste material (a) containing by product material other than the tailings or wastes produced by the extraction or concentration of uranium of thorium from any ore processed primarily for its source material content, and (b) resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility.

**"nuclear facility"** means

    (a)   any nuclear reactor, any equipment or device designed or used for

        (1)   separating the isotopes of uranium or plutonium,
        (2)   processing or utilizing spent fuel, or
        (3)   handling, processing or packaging waste,

    (c)   any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235.

    (d)   any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premiums used for such operations;

**"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**"property damage'** includes all forms of radioactive contamination of property.

CONFIDENTIAL                                    LM002753

**UMBRELLA EXCESS LIAB___ITY POLICY**                    **ENDORSEMENT NO. 8**

## ASBESTOS EXCLUSION

In consideration of the premium charged, this policy does not apply to any loss, demand, claim or suit arising out of or related in any way to asbestos or asbestos-containing materials.

Liberty Mutual shall have no duty of any kind with respect to any such loss, demand, claim or suit.

This endorsement applies to all coverage's under this policy.

It is further understood and agreed that this policy will not become excess of any reduced or exhausted underlying aggregate limit of liability or aggregate self-insured retention to the extent such reduction or exhaustion is the result of any loss, demand, claim or suit of the sort excluded by this endorsement.

**POLICY NO: TH1-191-409751-114**                    **Page 1 of 1**

## ABSOLUTE POLLUTION EXCLUSION

Any exclusion in the policy relating to the actual, alleged or threatened discharge, dispersal, release or escape of pollutants and any loss, costs, or expense arising therefrom is replaced by the following:

"Bodily injury" or "property damage" arising out of or in any way related to the actual alleged or threatened discharge, dispersal, release or escape of pollutants by whomever caused, including , but not limited to, into or upon land, the atmosphere or any watercourse or body of water, including underground water or water table supplies.

This insurance also does not apply to any cost or expense arising out of any demand or request that an Insured test for, assess, monitor, clean-up, remove, contain, treat, detoxify, or neutralize any pollutants. This includes demands, directives, complaints, suits or requests brought by any governmental entity or by any person or group of persons.

Liberty Mutual shall not have the duty to defend any claim of suit seeking to impose such costs, expenses, liability for damages, or any other relief.

Pollutant means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to smoke, vapors, soot, fumes, acids, alkalis, chemicals and wastes, including materials to be recycled, reconditioned, or reclaimed.

This exclusion does not apply to:

"Bodily injury" or "property damage" caused by heat, smoke or fumes from a hostile fire:

(a)     At or from premises you own, rent, or occupy; or

(b)     At or from any site or location on which you or any of your contractors working directly or indirectly on your behalf are performing operations, if pollutants are brought on or to the site in connection with such operations.

A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

CONFIDENTIAL

LM002755

184200600118500017

UMBRELLA EXCESS LIABILITY POLICY                                    ENDORSEMENT NO. 10

## DIRECTORS AND OFFICERS LIABILITY EXCLUSION

It is agreed that this policy does not apply:

To any liability arising out of a wrongful act being any breach of duty, neglect, error or misstatement, misleading statement, omission or other act done or wrongfully attempted by the directors or officers solely by reason of their being a director or officer of Boy Scouts of America.

However, this exclusion shall not apply to "Personal Injury" where all or part of such injury is, directly or indirectly, based on, attributable to, arising out of, resulting from or in any manner related to:

(1) any actual or alleged violation of any Federal, State or Local Law or Statute pertaining to unfair labor practices, discrimination related to employment practices or equal employment opportunity; or

(2) any actual or alleged wrongful termination of any employee of former employee, any actual or alleged failure to promote or advance any employee or former employee, or any actual or alleged failure to hire any applicant for employment.

POLICY NO: TH1-191-409751-114                                      **Page 1 of 1**

## BROAD AS PRIMARY ENDORSEMENT

It is agreed that in the event the Insured suffers a loss which is covered under the policies of the underlying insurance as set out in the schedule attached to this policy, as written at the inception date of this policy, the excess of which would be payable under this policy except for terms and conditions of this policy which are not consistent with the underlying insurance, then notwithstanding anything contained in this policy to the contrary, this policy shall be amended to follow and be subject to the terms and conditions of such underlying insurance in respect to such paid loss.

The foregoing shall not, however, apply to:

1.   any coverage given under the underlying insurance for limits less than the full limit of the said underlying policy as stated in the schedule hereto;

2.   any specific endorsement attached to this policy at inception specifically including endorsements 1 through 15 and any endorsement attach to this policy after the inception date regardless of the effective date.

**POLICY NO: TH1-191-409751-114**                                    **Page 1 of 1**

CONFIDENTIAL                                    LM002757

## EMPLOYEE BENEFITS LIABILITY EXPLANATORY ENDORSEMENT

It is understood and agreed that the following exclusion is added as respects the Employee Benefits Liability Coverage:

To any claim based upon any actual or alleged error or omission or breach of duty, committed or alleged to have been committed by a trustee, in the discharge of fiduciary duties, obligations, or responsibilities imposed by the Federal Employee Retirement Income Security Act of 1974.

CONFIDENTIAL                                                              LM002758

184200600118500020

## CANCELLATION

Condition 12 of the Policy is amended to read as follows:

   12. Cancellation

This policy may be canceled by the Named Insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company for any reason except non-payment of premium by mailing to the Named Insured at the address shown in the Declarations written notice stating when no less than ninety (90) days thereafter such cancellation shall be effective. This policy may be canceled by the company for non-payment of premium by mailing to the Named Insured at the address shown in the Declarations written notice stating when no less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as foresaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the Named Insured or the company, shall be equivalent to mailing. If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effective or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If this policy insured more than one Named Insured, cancellation may be affected by the first of such Named Insureds for the account of all Named Insureds; notice of cancellation by the company to such first Named Insured shall be deemed notice to all Insureds.

CONFIDENTIAL                                       LM002759

184200600118500021

## TEXAS AMENDATORY ENDORSEMENT

It is understood and agreed that the words "and duty" are deleted from line 1 of Paragraph 2 (a) of the Insuring Agreement.

It is further understood and agreed that the following wording is deleted from Paragraph 3 (c), (d) and (e) of the Conditions:

(c)    Lines 16, 17, & 18 - "... or Liberty Mutual will upon request of the Insured make such payment to the claimant on behalf of the Insured".

(d)    Lines 1, 2, & 3 - "The Named Insured shall promptly reimburse Liberty Mutual for any amount of ultimate net loss paid on behalf of any Insured within the retained limit".

(e)    Lines, 2, 3, 4, 5, & 6 - "It is agreed that the Named Insured shall promptly reimburse Liberty Mutual for any amount of ultimate net loss paid on behalf of any Insured as respects any payment made under an uninsured motorists law, or any similar law".

**POLICY NO: TH1-191-409751-114**                                                          **Page 1 of 1**

CONFIDENTIAL                                LM002760

ENL  RSEMENT NO. 15

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# PARTICIPATING ORGANIZATIONS
## Primary Insurance Endorsement

This endorsement modifies insurance provided under the following:
**UMBRELLA EXCESS LIABILITY POLICY**

Anything in the policy to the contrary notwithstanding, it is hereby understood and agreed that, as respects liability arising out of their sponsorship of any Learning for Life activity, this policy shall be primary insurance to any other insurance or self-insurance scheme arranged or purchased by or available to any Participating Organization of Learning for Life, as described below; except with respect to such insurance not directly acquired or arranged on behalf of the Participating Organization, as may be available to a Participating Organization for loss arising from the ownership, maintenance or use of a motor vehicle or watercraft. And it is further agreed that this insurance is excess of any insurance carried on motor vehicles or watercraft owned or used by the Participating Organization. However, no insurance is provided on motor vehicles or watercraft of the Participating Organization unless the vehicle or watercraft are in the actual use of the Learning for Life "unit" and being used only for a Learning for Life purpose and not for a business, governmental or any other purpose of the Participating Organization.

## DESCRIBED PARTICIPATING ORGANIZATION

All Participating Organizations, as on file at the National Office of the Boy Scouts of America.

Participating Organization shall be deemed as "The Participating Organization, its board of directors or trustees, its officers and employees, as their official and individual capacity".

Effective Date: 3/1/03 to 3/1/04
Policy Number: TH1-191-409751-114                        Page 1 Of 1

                        LM002761

ı

## NON-OWNED AIRCRAFT LIABILITY INSURANCE ENDORSEMENT

### Effective: 3/1/04 to 3/1/05

| | | | |
|---|---|---|---|
| **NON OWNED AIRCRAFT** | $ | 3,000,000 | Combined Single Limit, Personal Injury and Property Damage Liability, including Passengers, any one occurrence. |
| **MEDICAL PAYMENTS** | $ | 1,000 | Per Person |
| **LIABILITY FOR DAMAGE TO NON OWNED AIRCRAFT:** | $ | 3,000,000 | Each Occurrence |

**USE:**

The Aircraft will be used for your personal and business related purposes where no charge is made other than "direct operating cost" for such use. Aircraft can also be used for dual flight instruction, orientation and observation flights for members of The Boy Scouts of America during aviation related scouting activities.

**ADDITIONAL APPROVED USES NON OWNED AIRCRAFT:**

Can also be used for your transportation of corporate executives, employees and guests for which no charges are made other than "direct operation costs" as defined in this endorsement and during this use the aircraft must be operated in flight by the following pilots:

**APPROVED PILOTS:**

During the uses approved above, the aircraft must be operated in flight only by any pilot operating a Non Owned Aircraft on your behalf as defined in this endorsement.

**TERRITORY:**

Worldwide

**AIRCRAFT COVERED:**

Any aircraft used in the business of the Insured, registered under an Airworthiness Certificate issued by the FAA, or a Public Use Category, provided it isn't owned, registered to or leased for more than 30 days to Boy Scouts of America.

### POLICY RESTRICTION

1. The policy has a Student Pilot Restriction which states that when any student Pilot is operating the aircraft, there is no coverage under the policy unless the student pilot is operating the non accompanied by a Flight Instructor, as required by the FAA who meets the pilot requirements. During all solo flights, the pilot must be under the direct supervision of a Flight Instructor, as required by the FAA. However, this restriction no longer applies when the Student Pilot holds a valid Private or Commercial Pilot Certificate.

### *WARNING*

Although your policy provides you with coverage in Mexico, the Mexican Government requires you to have aircraft liability coverage written through a Mexican Insurance Company. If you do not have proof of Mexican liability insurance, the aircraft can be confiscated by the Mexican authorities and any passengers jailed or detained.

Be sure to contact your agent or broker to arrange coverage before you fly into or near Mexican airspace.

CONFIDENTIAL                                              LM002762

UMBRELLA EXCESS LIABIL Y POLICY                                    ENDORSEMENT NO. 16

# PART ONE

## GENERAL PROVISIONS AND CONDITIONS

Before you read the other PARTS of your policy, here are some things you need to know about your coverage.

### 1. Words and Phrases

When they appear in **boldface** print, these terms have specific meaning in this policy.

- **Aircraft** means **non-owned aircraft** or **aircraft** covered under PART SIX of this policy. Included are parts and equipment permanently installed in or on the **aircraft**. Parts temporarily removed are included if not replaced by other parts. Tools and repair equipment standard for the **aircraft** and carried in the **aircraft** are also included.

- **Anyone** means any person or entity except **you**.

- **Crew or Crew Member** means any **passenger** who is required for or assists in **aircraft in-flight** operations.

- **Direct Operating Costs** means the costs of a specific flight for:
    a.  fuel and oil;
    b.  **crew** costs such as food or lodging but not salary or wages;
    c.  hangar or tie-down costs away form the **aircraft's** home base;
    d.  weather and flight plan services;
    e.  insurance for that flight;
    f.  landing fees;
    g.  customs, foreign permits, and like fees;
    h.  **in-flight** food and drinks;
    i.  an additional amount that does not exceed 100% of **your** cost for item a. above "fuel and oil".

- **FAA** means the Federal Aviation Administration or its equal in another country.

- **In-Flight** is from the start of a fixed wing **aircraft's** takeoff run until it has completed its landing roll. For rotorcraft, it is any time the rotors are moving under power for lift off until the rotors stop after landing. For any other craft, it is any time it is off a supporting surface.

- **Ingestion** means **physical damage** to turbine engines or power units caused by objects which are not or were not part of the engine or its accessories. It must be the result of one event that requires, or would require if known, its repair before further use.

- **In Motion** is when an **aircraft** is **in-flight** or moving under its owner power or the resulting momentum. For rotorcraft, it is anytime it is **in-flight** or when its rotors are moving under power or the resulting momentum.

- **Non-owned Aircraft** means any **aircraft** except one:
    a.  owned in whole or in part by, or registered to **you**;
    b.  leased to **your** for more than 30 day.

- **Passenger** means a person in, getting in or out of **your aircraft** for a ride or flight.

- **Pilot in Command** is the **crew member** who is in charge in **in-flight** operations.

- **Premises** are the areas of an airport used in connection with **your aircraft**.

POLICY NO: TH1-191-409751-114                                    **Page 2 of 9**

- **Renter Pilot** is any person or entity who has paid, or agreed to pay, more than the direct operating costs for the use of the **aircraft**.

- **Salvage Value** is the value of damaged property prior to repair.

- **Student Pilot** means a person who does not have a pilot license while taking instructions in an **aircraft** or any pilot holding an **FAA Student Pilot** Certificate.

- **Substitute Aircraft** is a **non-owned aircraft** that **you** use because an **aircraft** is damaged or being repaired or services.

## 2. Two or more Aircraft

If we insure two or more **aircraft** by this policy, all its terms apply separately to each.

## 3. What Your Policy Does Not Cover

a. **Pilot**
When the **aircraft** is **in-flight**, **you** must make certain the pilots are "approved pilots "as defined in Part 6 "approved Pilots and Additional Approved uses, "if any". There is no coverage if this requirement is not met. If the **aircraft** is being flown for a maintenance or test flight by an **FAA** Licensed Repair Station's pilot, Part 6 does not apply.

b. **Use**
**You** must make certain that each **aircraft** is operated only for the "approved use as defined in this endorsement". If the **aircraft** is used for any other purpose with **your** knowledge and consent there is no coverage under this policy.

c. **Concealment or Misrepresentation**
This endorsement is void if any material fact is intentionally concealed or misrepresented.

e. **Airworthiness**
There is not coverage if the **aircraft** is operated in flight with **your** knowledge and consent knowing its airworthiness certificate is not in full force.

f. **Unlawful purpose**
There is not coverage if the **aircraft** is used for any unlawful purpose with **your** knowledge and consent.

g. **Assumed Liability**
**We** do not cover liability assumed in any agreement except with a governmental authority for **your** use of an airport. This does not apply to liability **you** would incur without the agreement.

h. **Intentional Acts**
**We** do not cover any loss or damage intentionally caused by **you**.

## 9. Other Coverage

### 1. Military Certificates
If **we** issue a certificate to the U.S. Military for the uses of an airport, the minimum insurance requirements are automatically made a part of this policy.

CONFIDENTIAL                                    LM002764

# PART TWO

## LIABILITY TO OTHERS

### 1. What We Cover

**We** will pay damages **you** and **anyone we** protect are legally required to pay for **personal injury** or **property damage** arising out of the ownership, maintenance or use of **your aircraft** if caused by an **occurrence** during the policy period.

If **passengers** are "Included";

> **We** will pay for **personal injury** to **passengers**.

### NON OWNED AIRCRAFT LIABILITY EXTENSION

"Use of **substitute aircraft** and "use of **non-owned aircraft**" in PART SIX of the policy are deleted and replaced by the following.

### Use of non-owned Aircraft

**Your** "liability to others" (PART TWO) and, if purchased, "medical expense" (PART FOUR) will protect **you** and the following people and organizations while **you** or they are lawfully using an **non-owned aircraft** within the scope of **your** permission for the purpose of aviation related scouting activities:

> a.  **Your** officers, directors, and employees while acting within the scope of their duties as such, and **Your** officially appointed council, unit and/or chartered or certified organizations, their officers, directors, employees and scout volunteer officials and leaders while acting within the scope of their duties as such:

**We** will not pay more than the limits of liability shown under " **non-owned aircraft** liability" and "non owned medical expense" as defined in the limits section of this endorsement.

**Non owned aircraft** liability coverage is excess insurance.

### 2. The Most We Will Pay

The most **we** will pay for all **personal injury** and **property damage** arising out of any one **occurrence**, is the amount stated in the limits section of this endorsement for the **aircraft** involved.

### 3. Who is Protected

Besides **you**, certain others are also protected if the **aircraft** is being used within the scope of **your** permission.
These others are:

> a.  **your** employees, directors, stockholders and agents, if acting in the scope of their duties as such;
> b.  any **passenger;**
> c.  any entity that is responsible for the use of **your aircraft.**

Each person or entity is covered separately. But, regardless of how many are protected, **we** will not pay more than the limit of liability shown in the limits section of this endorsement for the **aircraft** involved.

CONFIDENTIAL                                    LM002765

184200600118500027

**4. Who is Not Protected**

**We** do not protect any of the following even if they meet the conditions of Paragraph 3 above:

    a.  any person, organization, or their agents, or employees involved in any of the following activities,

          (1)  the manufacture, sale, repair or service of **aircraft** or **aircraft** parts, engines or accessories,

          (2)  the operation of any flying service, flying school, pilot service or any other commercial piloting activity.

          (3)  the operation of any airport or hangar facility,

if any **occurrence** arises out of any of these. However, **you** and **your** employees and chartering organizations are covered for these activities if they are in connection with **your aircraft** and no charge is made to others unless specifically allowed by this policy;

    b.  any **renter pilot.**

**5. What Is Also Not Covered**

In addition to things **we** do not cover in other parts of **your** policy, **we** will not cover:

    a.  **personal injury** to any of **your** employees injured in the course and scope of their employment;

    b.  any obligation which is covered under any workers' compensation, unemployment compensation, disability benefits, or similar law;

    c.  **property damage** to **your aircraft** or any property that **you** or **anyone we** protect owns, rents, leases, occupies, has charge of, transports, or is otherwise in the care, custody and control of **you** or **anyone we** protect;

    d.  **personal injury** or **property damage** arising out of the use of any **premises**.

"What **we** do not cover" in (PART FIVE) of the policy does not apply to **Substitute Aircraft** or **Non-owned Aircraft** and instead the following will apply:

**What We Will Not Cover**

In additions to those persons and things which **we** will not cover in other parts of **your** policy, **we** will not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any **Non-owned Aircraft**. **We** also will not provide coverage for a **Non-owned Aircraft**, or its use:

For **Property Damage** to the **Non-owned aircraft**;

For any loss arising out of the use of any **aircraft** produce **you** manufacture, sell, handle or distribute;

Unless the requirements of this endorsement regarding "approved use" are met;

Unless the requirements of "Approved Pilots " are met when **you** or **your** employees are acting as Pilot In command of **non-owned aircraft**: unless it is licensed under:

    1.  an airworthiness certificate issued by the **FAA**, or
    2.  a public use category

CONFIDENTIAL                                         LM002766

### 7. Financial Responsibility Laws

If this policy is used as proof of insurance under any financial responsibility law, **we** will pay up to the limits of liability required by such law. But, **we** will not pay more than the limit of liability that applies under this policy. **You** agree to pay us back for any amount **we** have paid that **we** would not have otherwise had to pay under this policy.

# PART THREE

## DEFENSE, SETTLEMENT AND SUPPLEMENTARY PAYMENTS

If **you** bought coverage under PART THREE, **we** have the right and duty to defend any suit against **you** or anyone **we** protect for personal injury or **property damage** that is covered by this policy. This applies even if the suit is groundless, false or fraudulent. **We** may investigate and settle any claim or suit as **we** see expedient.

**We** are not obligated to pay any expense, claim or judgment or to defend any suit after our limit of liability has been used up by our payment of judgments or settlements.

Included within the limit of liability, **we** will pay:

1. all our expense and all costs taxed against **you** or anyone **we** protect in any suit **we** are required to defend, including:

   a. any prejudgment interest awarded but, only on that part of the judgment **we** are required to pay under this policy;
   b. all interest on the judgment **we** are required to pay under this policy which accrues after the entry of the judgment but before **we** have paid, offered to pay, tendered or deposited in court the part that is within the limit of **our** liability;

2. premiums on bonds required to release attachments or appeal judgments **we** elect to appeal. **We** will not pay for bonds covering a total amount more than **our** limit of liability;

3. the cost of bail bonds, up to $500 each, required of **you** for a violation of a law for civil aviation arising out of the sue of **your aircraft**. **We** will not furnish or apply for any bail bonds;

4. expenses **you** incur for first aid, medical and surgical relief that is needed at the time of a covered **occurrence**;

5. all expenses **you** incur at our request, but **we** will not pay for **you** or **your** employees' loss of earnings, wages or salaries.

# PART FOUR

## PASSENGER MEDICAL EXPENSE

### 1. What we Will Pay

Regardless of liability, **we** will pay all reasonable **medical expenses** incurred within one year from the date of injury, to or for each covered **passenger** who sustains **personal injury** covered by this policy.

The most **we** will pay for each **passenger's** medical expense is shown in the limits section of this endorsement.

CONFIDENTIAL                              LM002767

**UMBRELLA EXCESS LIABIL.. Y POLICY**                                            **ENDORSEMENT NO. 16**

The most we will pay for all **medical expenses** in any one **occurrence** is the amount shown for that **aircraft** under "Each Occurrence" in the "Passenger Medical Expense" of the limits section of this endorsement. **We** will not pay for any **crew member's medical expenses** unless "**crew** members are included", as shown under the limits section of this endorsement.

**2. Whom We Will Pay**

**We** will pay each injured **passenger**, the person who paid the expense, or the entity providing the service.

**3. What We Will Not Pay**

**We** will not pay any expense that is covered under any workers' compensation or disability benefits or similar law. Nor will **we** pay any **medical expense** if the **aircraft** was not being used in the scope of **your** permission.

**4. Effect of payment**

By making any payment, **we** are not admitting that **you** or anyone **we** protect has any legal liability.

**5. Proof of Claim**

The injured **passenger** or someone acting for them must give us written proof of the medical expense and must give us any records and reports **we** may reasonably need. If **we** ask, the injured **passenger** must submit to examination by a doctor **we** select.

**6. When We Will Pay**

**We** will pay for **medical expense** within 30 day of **our** receipt of the required proofs of claim.

# PART FIVE

### OTHER AIRCRAFT

Each Coverage in Part Six is **excess insurance** and does not apply to any claim or loss covered by other parts of this policy. **We** must insure all **aircraft you** own or exclusively lease or these coverage's do not apply.

**1. What We Cover**

    a. Use of Substitute **Aircraft**
    If **you** use a **substitute aircraft, we** will provide **you** with the same coverage for PART THREE and PART FIVE **you** or they are lawfully using a **non-owned aircraft**, other than a **substitute aircraft**.

    **We** will not pay more than the limits of liability shown under "Non owned **Aircraft** Liability" or "Non owned Aircraft Passenger Medical Expense" shown in the limits section of this endorsement.

**2. What We Also Will Not Cover**

In addition to what **we** will not cover in other parts of **your** policy, **we** also will not cover a **substitute aircraft, non-owned aircraft,** or newly acquired **aircraft,** or its use:

    (a) unless the "Approved Pilots" and "Approved Use" are met;

CONFIDENTIAL                                            LM002768

(b) unless it is licensed under an **FAA** "standard" category airworthiness certificate;

(c) if it is a multiengine **aircraft** unless an **aircraft** is also a multiengine powered **aircraft**;

(d) if it is a turbine powered **aircraft** unless an **aircraft** is also a turbine powered **aircraft**;

(e) if it is a rotorcraft unless an **aircraft** is also a rotorcraft;

(f) if it is a seaplane or amphibian unless and **aircraft** is also a seaplane or amphibian;

(g) if it is a lighter-than-air **aircraft** unless an **aircraft** is also a lighter-than-air **aircraft**

(h) for any loss arising out of the use of any product **you** manufacture, sell, handle or distribute.

**We** will also not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any substitute **aircraft** or non owned **aircraft**.

# PART SIX

## ADDITIONAL COVERAGES

The most the company will pay for all **personal injury** and **property damage** arising out of one **occurrence** is the amount shown for that coverage under "Each Occurrence", less any deductible. Each coverage below is **excess insurance** and does not apply to any claim or loss covered by other parts of this policy.

### 1. Premises Liability Coverage

PART THREE is extended to pay for damages **you** are legally required to pay for **personal injury** and **property damage** arising out of **your** legal use of **premises**.

### 2. Damage to Non owned Hangars and Contents Coverage

PART THREE is extended to pay for damage **you** are legally required to pay for **property damage** to hangars and their contents, not owned by **you**.

### 3. Damage to Non owned Aircraft Coverage

PART TWO is extended to pay for damages **you** are legally required to pay for **property damage** to any **non-owned aircraft** covered by PART SIX of this policy.

### 4. Baggage Liability Coverage

PART TWO is extended to pay for damage **you** are legally required to pay for **property damage** to **passenger's** baggage. "Baggage" means **passenger's** hand bags, suitcases, briefcases, and similar items. It does not include cameras, currency, documents, electronic devices, jewelry, passports or tickets.

### 5. Emergency Foaming

**We** will reimburse **you** for costs **you** incur in the emergency use of foam for or on **your aircraft**.

### 6. Search and Rescue

**We** will reimburse **you** for costs **you** incur for search and rescue operations after an occurrence involving **your aircraft**. This coverage will not apply to any expense incurred:

a. prior to the government discontinuing its search and rescue operation;

CONFIDENTIAL                                          LM002769

**UMBRELLA EXCESS LIABIL.. Y POLICY**                    **ENDORSEMENT NO. 16**

    b.  after it is reasonable to assume there are not survivors;

    c.  arising out of **personal injury** or **property damage**;

    d.  for the salvaging of any property.

7.  The "damage to non owned aircraft coverage" section is deleted from part seven of **your** policy.

8.  **Your** coverage for "liability to others" (PART TWO) is extended to include **property damage** to **non-owned aircraft**.

    **We** will protect **you** and the following people while **you** or they are lawfully using a **non-owned aircraft** within the scope of **your** permission for the purpose of aviation related scouting activities.

    a.  **Your** officers, directors and employees while acting within the scope of their duties as such, and

    b.  **your** officially appointed council, unit and/or chartered or certified organizations, their officers, directors, employees and scout volunteer officials and leaders while acting within the scope of their duties as such:

    **We** will not pay more than the limits of liability shown under "damage to non owned aircraft" in the limits section of this endorsement.

    The coverage provided by this form is **excess insurance**.

9.  **What We Will Not Cover**

    In addition to those persons and things which **we** will not cover in other parts of **your** policy, **we** will not provide any coverage for or on behalf of any owner or lessor, or their agents or employees, of any **non-owned aircraft**.

    **We** also will not provide coverage for **Property Damage** to **Non owned aircraft**;

    Arising out of the use of any **aircraft** product **you** manufacture, sell, handle or distribute;

    Unless the requirements of page 1 regarding "Approved Use" are met;

    Entrusted to **you** for storage, repair or safekeeping when such non owned **aircraft** is not in flight. Unless the requirements of "Approved Pilots" are met when **you** or **your** employees are acting as **pilot in command** or **non-owned aircraft**;

    Unless it is licensed under:

    1.  An airworthiness certificate issued by the **FAA**, or

    2.  A public use category

CONFIDENTIAL                    LM002770

184200600118500032

UMBRELLA EXCESS LIAB  .TY POLICY                                ENDORSEMENT NO. 17

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

# PROTECTION AND INDEMNITY

This endorsement modifies insurance provided under the following:
**UMBRELLA EXCESS LIABILITY POLICY**

**Amount Insured:**   **$1,000,000    each occurrence**
                      **$1,000,000    aggregate**

Boy Scouts of America, et al, 1325 Walnut Hill Lane, Irving, Texas, hereinafter called the Assured; Loss, if any, payable to Claimants or order in the sum of $1,000,000 dollars at and from the 1st day of March, 2004, at 12:01 a.m., Dallas, Texas time until the 1st day of March, 2005, at 12:01 a.m., Dallas, Texas time against the liabilities of the Assured as hereinafter described, and subject to the terms and conditions hereinafter set forth, in respect of all vessels owned by the Assured and all non owned vessels in the control of the Assured.

In consideration of the stipulations herein named and of $ included in policy premium dollars, being premium the Assurer hereby undertakes pay on behalf of the Assured, Additional Insured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel insured herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

**Loss of Life, injury and illness**

(1)      Liability for loss of life or, or personal injury to, or illness of, any person, excluding, however, unless otherwise agreed by endorsement hereon, liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others.

Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel insured herein shall commence from the time of receipt by the Assured of the cargo on dock or wharf or on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from dock or wharf of discharge or until discharge from the said vessel on to another vessel or craft.

**Hospital, medical, or other expenses**

(2)      Liability for hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life or, personal injury to, or illness of any member of the crew of the vessel insured herein or any other person.  Liability hereunder shall also include burial expenses not exceeding Two Hundred ($200) Dollars, when necessarily and reasonably incurred by the Assured for the burial of any seaman of said insured vessel.

CONFIDENTIAL                                          LM002771

18420060011850003

**Repatriation expenses**

(3)     Liability for repatriation expenses of any member of the crew of the insured vessel, necessarily and reasonably incurred, under statutory obligation, excepting such expenses as arise out of or ensue from the termination of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of the insured vessel, or by other act of the Assured. Wages shall be included in such expenses when payable under statutory obligation, during unemployment due to the wreck or loss of the insured vessel.

**Damage to other vessel or property on board caused by collision.**

(4)     Liability for loss of, or damage to, any other vessel or craft, or to the freight thereof, or property on such other vessel or craft, caused by collision with the insured vessel, insofar as such liability would not be covered by full insurance under the)_____ (including the four-fourths running-down clause).

   **Principle of cross-liabilities to prevail**

   (a)     Claims under this clause shall be settled on the principle of cross-liabilities to the same extent only as provided in the running-down clause above mentioned.
   (b)     Claims under this clause shall be divided among the several classes of claims enumerated in this policy and each class shall be subject to the deduction and special conditions applicable in respect of such class.

**Damage to other vessel or property on board not caused by collision**

(5)     Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the Assured.

   Where there would be a valid claim hereunder but the fact that the damaged property belongs to the Assured, the Assurer shall be liable as is such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Damage to docks, piers, etc.**

(6)     Liability for damage to any dock, pier, harbor, bridge, jetty buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.

   Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Removal or wreck**

(7)     Liability for cost or expenses of, or incidental to, the removal of the wreck of the vessel insured herein when such removal is compulsory by law, provided, however, that:

   (a)     There shall be deducted from such claim for cost or expenses, the value of any salvage from or which might have been recovered from the wreck, inuring or which might have inured, to the benefit of the Assured.
   (b)     The Assurer shall not be liable for such costs or expense which would be covered by full insurance under the _____ or claims arising out of hostilities or war-like operations, whether before or after declaration of war.

CONFIDENTIAL                                  LM002772

**Cargo**

(8)   Liability for loss of, or damage to, or in connection with cargo or other property, excluding mail and parcel post, including baggage and personal effects of passengers, to be carried, carried, or which has been carried on board the vessel insured herein:

   Provided, however, that no liability shall exist under this provision for:

**Specie, bullion, precious stones, etc.**

(a)   Loss, damage or expense arising out of or in connection with the custody, care, carriage or delivery of specie, bullion, precious stones, precious metal, jewelry, silks, furs, bank notes, or other negotiable documents or similar valuable property, unless specially agreed to and accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Refrigeration**

(b)   Loss of, or damage to, or in connection with cargo requiring refrigeration unless the space, apparatus and means used for the care, custody, and carriage thereof have been surveyed by a classification surveyor or other competent disinterested surveyor under working conditions before the commencement of each voyage and found in all respects fit, and unless accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Passengers' effects**

(c)   Loss, damage, or expense in connection with any passenger's baggage or personal effects, unless the form of ticket issued to the passenger shall have been approved, in writing, by the Assurer.

**Stowage in improper places**

(d)   Loss, damage, or expense arising from stowage of underdeck cargo on deck or stowage of cargo in spaces not suitable for its carriage, unless the Assured shall show that every reasonable precaution has been taken by him to prevent such improper stowage.

**Deviation**

(e)   Loss, damage, or expense arising from any deviation, or proposed deviation, not authorized by the contract of affreightment, known to the Assured in time to insure specifically the liability therefor, unless notice thereof is given to the Assurer and the Assurer agrees, in writing, that such insurance is unnecessary.

**Freight on cargo short delivered**

(f)   Freight on cargo short delivered, whether or not prepaid or whether or not included in the claim and paid by the Assured.

**Misdescription of Goods**

(g)   Loss, damage, or expense arising out of or as a result of the issuance of Bills of Lading which, to the knowledge of the Assured, improperly describe the goods or their containers as to condition or quantity.

CONFIDENTIAL                                           LM002773

**Failure to surrender Bill of Lading**

(h)    Loss, damage, or expense arising out of delivery of cargo without surrender of Bill of Lading.

And, provided further that:

(aa)    Liability hereunder shall in no event exceed that which would be imposed by law in the absence of contract.

**Protective clauses required in contract of affreightment**

(bb)    Liability hereunder shall be limited to such as would exist if the Charter Party, Bill of Lading or Contract of Affreightment contained the following clause (in substitution for the clause commonly known as the Jason Clause):

"In the event of accident, danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequences of which, the ship owner is not responsible, by statute or contract or otherwise, the shippers, consignees or owners of the cargo shall contribute with the ship owner in general average to the payment of any sacrifices, losses or expenses of a general average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of the cargo".

When cargo is carried by the vessel insured herein under a bill of lading or similar document of title subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as is imposed by said Act, and if the Assured or the vessel insured herein assumes any greater liability of obligation than the minimum liabilities and obligations imposed by said Act, such greater liability or obligation shall not be covered hereunder.

When cargo is carried by the vessel insured herein under a charter party, bill of lading or contract of affreightment  not subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as would exist if said charter party, bill of lading, or contract of affreightment contained the following clauses:

**Limit per package**

a clause limiting the Assured's liability for total loss or damage to goods shipped to Two Hundred and Fifty ($250) Dollars per package, or in case of goods not shipped in packages, per customary freights unit, and providing for pro rata adjustment on such basis for partial loss or damage; worthiness, even though existing at the beginning of the voyage, provided that due diligence shall have been exercised to make the vessel seaworthy and property manned, equipped, and supplied; a clause providing that the carrier shall not be liable for claims in respect of cargo unless notice of claim is given within the time limited in such Bill of Lading and suit is brought thereon within the limited time prescribed therein; and such other protective clauses as are commonly in use in the particular trade; provided the incorporation of such clauses is not contrary to law.

The foregoing provisions as to the contents of the Bill of Lading and the limitation of the Assurer's liability may, however, be waived or altered by the Assurer's on terms agreed, in writing.

CONFIDENTIAL

LM002774

**Assured's own cargo**

(cc)  Where cargo on board the vessel insured herein is the property of the Assured, such cargo shall be deemed to be carried under a contract containing the protective clauses described in the preceding paragraph, and such cargo shall be deemed to be fully insured under the usual form of cargo policy, and in case of loss thereof or damage thereto the Assured shall be insured hereunder in respect of such loss or damage only to the extent that they would have been covered if said cargo had belonged to another, but only in the event and to the extent that the loss or damage would not be recoverable under a cargo policy is herein before specified.

**Cotton Bills of Lading**

(dd)  The Assured's liability for claims under Custody Cotton Bills of Lading issued under the conditions laid down by the Liverpool Bill of Lading Conference Committee, is covered subject to previous notice of contract and payment of an extra premium of two ($.02) cents per ton gross register per voyage, but such additional premium shall be waived provided every bale is re-marked at port of shipment on another portion of the bale.

**Land transportation not included**

(ee)  No liability shall exist hereunder for any loss, damage or expense in respect of cargo or other property being transported on land or on another vessel.

No liability shall exist hereunder for any loss, damage or expense in respect of cargo before loading on or after discharge from the vessel insured herein caused by flood, tide, windstorm, earthquake, fire, explosion, heat, cold, deterioration, collapsed of wharf, leaky shed, theft or pilferage unless such loss, damage or expense is caused directly by the vessel insured herein, her master, officers or crew.

**Customs, immigration of other fines or penalties**

(9)  Liability for fines and penalties, including expenses necessarily and reasonably incurred in avoiding or mitigating same, for the violation of any of the laws of the United States, or of any State thereof, or of any foreign country; provided, however, that the Assurer shall not be liable to indemnify the Assured against any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the Assured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a violation of any such laws.

**Mutiny or other misconduct**

(10)  Expenses incurred in resisting any unfounded claim by the master or crew or other persons employed on the vessel insured herein, or in prosecuting such persons in case of mutiny or other misconduct.

**Extraordinary expenses in case of quarantine, etc.**

(11)  Liability for extraordinary expenses resulting from outbreak of plague or other contagious disease, including such expenses incurred for disinfection of the vessel insured herein or persons on board, or for quarantine, but excluding the ordinary expenses of loading and/or discharging, and the wages and provisions is subject to a deduction of Two Hundred ($200) Dollars. It is provided further, however, that if the vessel insured herein be ordered to proceed to a port when it is or should be known that calling there will subject the vessel to the

CONFIDENTIAL                                                          LM002775

extraordinary expenses above mentioned, or to quarantine or disinfection there or elsewhere, the Assurer shall be under no obligation to indemnify the Assured for any such expenses.

**Deviation for purpose of landing injured or ill**

(12)    Net loss due to deviation incurred solely for the purpose of landing an injured or sick seaman in respect of port charges incurred, insurance, bunkers, stores, and provisions consumed as a result of the deviation.

**Cargo's proportion of general average**

(13)    Liability for, or loss of, cargo's proportion of general average, including special changes, in so far as the Assured cannot recover same from any other source; subject however, to the exclusions of Section (8) and provided, that if the Charter Party, Bill of Lading, or Contract of Affreightment does not contain the quoted clause under Section 8 (bb) the Assurer's liability hereunder shall be limited to such as would exist if such clause were contained therein.

**Costs and charges**

(14)    Costs, charges, and expenses, reasonably incurred and paid by the Assured in defense against any liabilities insured against hereunder in respect of the vessel insured herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided.

## GENERAL CONDITIONS AND/OR LIMITATIONS

**Prompt notice of claim**

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

**Settlement of claims**

The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable.  The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance.  If the Assured shall fail or refuse to settle any claim as authorized by Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

**Assured to assist with evidence in defense, etc.**

Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as herein before provided.

CONFIDENTIAL                                        LM002776

184200600118500038

**Law costs**

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonably delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible.  The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful.

The Assurer shall be liable for the excess where the amount deductible under this policy is exceeded by (A) the cost of investigating and/or successfully defending any claim or suite against the Assured based on a liability or an alleged liability of the Assured covered by this insurance, or  (B) the amount paid by the Assured either under a judgment or an agreed settlement based on the liability covered herein including all costs, expenses of defense and taxable disbursements.

**Subrogation**

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall not be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall be entitled to take credit for any profit accruing to the Assured by reason of any negligence of wrongful act of the Assured's servants or agents, up to the measure of their loss, or to recover for their own account from third parties any damage that may be provable by reason of such negligence of wrongful act.

**Coverage elsewhere**

Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.

**Assignments**

No claim or demand against the Assurer under this policy shall be assigned or transferred, and no person, excepting a legally appointed receiver of their property of the Assured, shall acquire any rights against the Assurer by virtue of this insurance without the expressed consent of the Assurer.

**Actions against Assurers**

No actions shall lie against the Assurer for the recovery of any loss sustained by the Assured unless such action is brought against the Assurer within one year after the final judgment or decree is entered in the litigation against the Assured, or in case the claim against the Assurer accrues without

CONFIDENTIAL                                    LM002777

the entry of such final judgment or decree, unless such action is brought within one year from the date of the payment of such claim.

**Time Limitation**

The Assurer shall not be liable for any claim not presented to the Assurer with property proofs of loss within six (6) months after payment thereof by the Assured.

**Lay-up returns**

At the expiration of this policy, the Assurer is to return _____ for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port; or _____ for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port without loading and/or discharging and without crew or cargo on board, provided the Assured give written notice to the Assurer as soon as practicable after the commencement and the termination of such lay-up period.

**Cancellation provisions:**

    (a)    If the vessel insured herein should be sold or requisitioned and this policy be cancelled and surrendered, the Assurer to return _____ for each thirty (30) consecutive days of the unexpired term of this insurance.

    (b)    In the event of non-payment of premium within sixty (60) days after attachment, this policy may be cancelled by the Assurer upon five (5) days' written notice being given the Assured.

    (c)    In the event that  Sections 182 to 189, both inclusive of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of ship owners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of ship owners or carriers be increased in any respect by legislative enactment, the Assurer shall have the right to cancel said insurance upon giving thirty (30 days' written notice of their intention so to do, and in the event of such cancellation, make return of premium upon a pro rata daily basis.

**Notwithstanding anything to the contrary contained in this policy, no liability attached to the Assurer:**

For any loss, damage, or expense which would be payable under the terms of the _____ form of policy on hull and machinery, etc., if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.

For any loss, damage or expense sustained by reason of capture, seizure, arrest, restraint or detainment, or the consequence thereof or of any attempt thereat; or sustained in consequence of military, naval or air action by force of arms, including mines and torpedoes or other missiles or engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence of otherwise, and whether before or after a declaration of war.

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel insured herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

CONFIDENTIAL                    LM002778

For any loss, damage expense or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or personal injury to passenger and/or members of the crew of the vessel insured herein arising as a result of towing.

For any claim for loss of life of personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor.

It is expressly understood and agreed if and when the Assured under his policy has any interest other than as a ship owner in the vessel or vessels insured herein, in no event shall the Assurer be liable hereunder to any greater extent that if such Assured were the owner and were entitled to all the rights of limitation to which a ship owner is entitled.

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

Liability hereunder in respect to any one accident or occurrence is limited to the amount hereby insured.

CONFIDENTIAL                                    LM002779

**CHANGE ENDORSEMENT**
**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# CHARTERED ORGANIZATIONS
## PRIMARY INSURANCE ENDORSEMENT

This endorsement modifies insurance provided under the following:
**UMBRELLA EXCESS LIABILITY POLICY**

Anything in the policy to the contrary notwithstanding it is hereby understood and agreed that, as respects liability arising out of their sponsor of any Scouting activity, this policy shall be primary insurance to any other insurance or self-insurance scheme arranged or purchased by or available to any Chartered Organization of Boy Scouts of America, as described below; except with respect to such insurance, not directly acquired or arranged on behalf of the Chartered Organization, as may be available to a Chartered Organization for loss arising from the ownership, maintenance or use of a motor vehicle or watercraft. And it is further agreed that this insurance is excess of any insurance carried on owned motor vehicles or watercraft of the Chartered Organization. However, no insurance is provided on vehicles or watercraft of the Chartered Organization unless the vehicle or watercraft are in the actual use of the Scouting "Unit" and being used only for a Scouting purpose and not for a business, governmental or any other purpose of the Chartered Organization.

**DESCRIBED CHARTERED ORGANIZATION**

An organization that has applied and received a current Boy Scouts of America Charter to operate a Scouting unit.

Chartered Organization, as defined shall include "The Chartered Organization, its board of directors or trustees, its officers and employees, as their official and individual capacity." This definition shall also include a specific position: Chartered Organization Representative

Effective Date: 3/1/03 to 3/1/04
Policy Number: TH1-191-409751-114

Page 1 of 1

CONFIDENTIAL

LM002780

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY PLEASE READ IT CAREFULLY**

## Registered Adult Volunteers
## PRIMARY INSURANCE ENDORSEMENT

Anything in the policy to the contrary notwithstanding it is hereby understood and agreed that, as respects liability arising out of participation in an official Scouting activity, this policy shall be primary for any "volunteer," with the exception that it shall be excess over any insurance which may be available to the "volunteer" for loss arising from the ownership, maintenance or use of a motor vehicle or watercraft. However, no insurance is provided to any "volunteer" or on vehicles or watercraft owned or used by the "volunteer" unless the vehicle or watercraft is in the actual use of a Scouting Unit and being used only for a Scouting purpose and not for a business, governmental or any other purpose of the "volunteer" at the time of the incident.

As used in this endorsement, "volunteer" means a "registered adult" member of the Boy Scouts of America who donates services or time to support the program of the Boy Scouts of America.

"Registered adult" means an individual 21 years of age or older who has been accepted for registration for that year by Boy Scouts of America, paid a registration fee, and been issued a current registration card or an individual 18 - 20 years of age who has been accepted for registration in a leadership capacity for that year by Boy Scouts of America, paid a registration fee, and been issued a current registration card.

"Unit" means the entity that conducts Scouting for the chartered organization; it consists of registered youth members and registered adult volunteer members. A "unit" may be a team, pack, troop, crew or ship. Its affairs are administered by the unit committee, which is appointed by the chartered organization.

Effective Date: 3/1/04 to 3/1/05
Policy Number: TH1-191-409751-114                                                            Page 1 of 1

18420060011850004 3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM AND OTHER ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

"Any injury or damage" arising, directly or indirectly, out of a "certified act of terrorism" or an "other act of terrorism". However, with respect to an "other act of terrorism", this exclusion applies only when one or more of the following are attributed to such act:

**1.** The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the terrorism and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions; or

**2.** Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

    **a.** Physical injury that involves a substantial risk of death; or

    **b.** Protracted and obvious physical disfigurement; or

    **c.** Protracted loss of or impairment of the function of a bodily member or organ; or

**3.** The terrorism involves the use, release or escape of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination; or

**4.** The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

**5.** Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

With respect to this exclusion, Paragraphs **1.** and **2.** describe the thresholds used to measure the magnitude of an incident of an "other act of terrorism" and the circumstances in which the threshold will apply for the purpose of determining whether this exclusion will apply to that incident.

**B.** The following definitions are added:

**1.** For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Coverage Part or underlying insurance to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "injury" or "environmental damage" as may be defined in any applicable Coverage Part or underlying insurance.

**2.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

    **a.** The act resulted in aggregate losses in excess of $5 million; and

    **b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

© ISO Properties, Inc., 2002

CONFIDENTIAL

LM002782

**3.** "Other act of terrorism" means a violent act or an act that is dangerous to human life, property or infrastructure that is committed by an individual or individuals and that appears to be part of an effort to coerce a civilian population or to influence the policy or affect the conduct of any government by coercion, and the act is not certified as a terrorist act pursuant to the federal Terrorism Risk Insurance Act of 2002. Multiple incidents of an "other act of terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident.

**C.** In the event of any incident of a "certified act of terrorism" or an "other act of terrorism" that is not subject to this exclusion, coverage does not apply to any loss or damage that is otherwise excluded under this Coverage Part.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium $

Effective Date                 Expiration Date

For attachment to Policy or Bond No.  TH1-191-409751-114/7

Audit Basis

Issued to

| | |
|---|---|
| [X] | LIBERTY MUTUAL INSURANCE COMPANY |
| [ ] | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| [ ] | LIBERTY INSURANCE CORPORATION |
| [ ] | LM INSURANCE CORPORATION |
| [ ] | THE FIRST LIBERTY INSURANCE CORPORATION |

*Dexter R. Jay*
SECRETARY

*Leonard F Kly*
PRESIDENT

Countersigned by ........................................................................................................................
                                              Authorized Representative

Issued EC 3/04                      *Sales Office and No.*                    End. Serial No.  20

CONFIDENTIAL            LM002783

184200600118500045

**CHANGE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

☐ 1. The Name of Insured is changed to:

☐ 2. The following Insured(s) is added to the Named Insured:

☐ 3. The following Insured(s) is deleted from the Named Insured:

☐ 4. The Mailing Address is changed to:

☐ 5. The Policy Period is changed to:

☐ 6. Legal Status is changed to:      ☐ Individual      ☐ Partnership      ☐ Corporation

☐ _____
(other)

☐ 7. The location is changed to:

☒ 8. The following Coverage Form(s) or Endorsement(s) is added:      Terrorism Risk Insurance Act Premium $75
CU 2131 1202, CU 2136 1102, BM 0116 1102                               to be added to GPO 4073 R1

☒ 9. The following Coverage Form(s) or Endorsement(s) is deleted:
CU 2135 1202

This endorsement is executed by the company below designated by an
entry in the box opposite its name.

Premium $    **75 Additional**                           ☒ LIBERTY MUTUAL INSURANCE COMPANY
                                                          ☐ LIBERTY MUTUAL FIRE INSURANCE COMPANY
Effective Date    **03/01/04**    Expiration Date**03/01/05**    ☐ LIBERTY INSURANCE CORPORATION
                                                          ☐ LM INSURANCE CORPORATION
For attachment to Policy or Bond No. **TH1-191-409751-114 /7**    ☐ THE FIRST LIBERTY INSURANCE CORPORATION

Audit Basis    **0**

Issued to    **Boy Scouts of America, Etal**

*Dexter R. Jay*                    *Edward 7 Kelly*
SECRETARY                          PRESIDENT

Countersigned by ...................................................................................
                                              Authorized Representative

Issued              Sales Office and No.      End. Serial No. **21**
HS 09/07/04          Irving 949

2318 07/87

LM002784

COMMERCIAL LIABILITY UMBRELLA
CU 21 31 12 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED TERRORISM EXCLUSION (OTHER THAN CERTIFIED ACTS OF TERRORISM); CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

"Any injury or damage" arising, directly or indirectly, out of an "other act of terrorism". However, this exclusion applies only when one or more of the following are attributed to such act:

**1.** The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the terrorism and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions; or

**2.** Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

    **a.** Physical injury that involves a substantial risk of death; or

    **b.** Protracted and obvious physical disfigurement; or

    **c.** Protracted loss of or impairment of the function of a bodily member or organ; or

**3.** The terrorism involves the use, release or escape of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination; or

**4.** The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

**5.** Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

With respect to this exclusion, Paragraphs **1.** and **2.** describe the thresholds used to measure the magnitude of an incident of an "other act of terrorism" and the circumstances in which the threshold will apply for the purpose of determining whether this exclusion will apply to that incident.

**B.** The following definitions are added:

**1.** For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Coverage Part or underlying insurance to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "injury" or "environmental damage" as may be defined in any applicable Coverage Part or underlying insurance.

**2.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

    **a.** The act resulted in aggregate losses in excess of $5 million; and

    **b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

© ISO Properties, Inc., 2002

CONFIDENTIAL
LM002785

18420060011850047

3. "Other act of terrorism" means a violent act or an act that is dangerous to human life, property or infrastructure that is committed by an individual or individuals and that appears to be part of an effort to coerce a civilian population or to influence the policy or affect the conduct of any government by coercion, and the act is not certified as a terrorist act pursuant to the federal Terrorism Risk Insurance Act of 2002. However, "other act of terrorism" does not include an act which meets the criteria set forth in Paragraph b. of the definition of "certified act of terrorism" when such act resulted in aggregate losses of $5 million or less. Multiple incidents of an "other act of terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident.

C. In the event of an "other act of terrorism" that is not subject to this exclusion, coverage does not apply to any loss or damage that is otherwise excluded under this Coverage Part.

D. With respect to any one or more "certified acts of terrorism", we will not pay any amounts for which we are not responsible under the terms of the federal Terrorism Risk Insurance Act of 2002 (including subsequent acts of Congress pursuant to the Act) due to the application of any clause which results in a cap on our liability for payments for terrorism losses.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium $ Included in Endorsement #21

Effective Date  03/01/04                               Expiration Date  03/01/05

For attachment to Policy or Bond No.  TH1-191-409751-114/7

Audit Basis 0

Issued to Boy Scouts of America, Etal

| | |
|---|---|
| X | LIBERTY MUTUAL INSURANCE COMPANY |
| | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Dexter R. Legg
SECRETARY

Lewis F. Kff
PRESIDENT

Countersigned by...................................................................................
Authorized Representative

Issued HS 09/07/04                    Sales Office and No. Irving 949                    End. Serial No. 22

CONFIDENTIAL                                                                      LM002786

184200600118500048

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF PUNITIVE DAMAGES RELATED TO A CERTIFIED ACT OF TERRORISM

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM PUNITIVE DAMAGES**

Damages arising, directly or indirectly, out of a "certified act of terrorism" that are awarded as punitive damages.

**B.** The following definition is added:

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

**1.** The act resulted in aggregate losses in excess of $5 million; and

**2.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

This endorsement is executed by the company below designated by an entry in the box opposite its name

| | | |
|---|---|---|
| Premium $ Included in Endorsement #21 | | [X] LIBERTY MUTUAL INSURANCE COMPANY |
| Effective Date 03/01/04 | Expiration Date 03/01/05 | [ ] LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| For attachment to Policy or Bond No. TH1-191-409751-114/7 | | [ ] LIBERTY INSURANCE CORPORATION |
| Audit Basis 0 | | [ ] LM INSURANCE CORPORATION |
| Issued to Boy Scouts of America, Etal | | [ ] THE FIRST LIBERTY INSURANCE CORPORATION |

*Dexter R. Legg*
SECRETARY

*Edmund F. Kelly*
PRESIDENT

Countersigned by.................................................................................................................
Authorized Representative

Issued HS 09/07/04                    Sales Office and No. Irving 949                    End. Serial No. 23

**CU 21 36 11 02**                    © ISO Properties, Inc., 2002                    **Page 1 of 1**

CONFIDENTIAL                    LM002787

# POLICYHOLDER NOTICE

## TERRORISM RISK INSURANCE ACT 2002

This Notice addresses requirements of the Terrorism Risk Insurance Act of 2002.

### Definitions

"Act" means the Terrorism Risk Insurance Act of 2002 and any amendments.

"Act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States: to be an act of terrorism; to be an act that is violent or dangerous to human life, property or infrastructure; to have resulted in damage within the United States, or outside of the United States in the case of United States missions or certain air carriers or vessels; to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured terrorism loss" means any loss resulting from an "act of terrorism" (including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at United States missions or to certain air carriers or vessels.

"Insurer deductible" means the amount established in the Act that must be paid by us before the federal government can pay its share of the compensation for insured terrorism losses.

### Notice of Federal Share of Losses and Premium Charge

Effective November 26, insured terrorism losses will be partially reimbursed by the United States Government under a formula established under the Act. Under this formula, the United States Government will pay 90% of our insured terrorism losses that exceed our insurer deductible.

The premium charge for insured terrorism losses covered under the Terrorism Risk Insurance Act of 2002 is shown in the Declarations or Declarations Extension Schedule.

BM 0116 11 02

                                                        **INSURING AGREEMENT**

In consideration of the premium to be paid, in reliance upon the statements in the Declarations made a part hereof and subject to all of the terms of this policy, agrees with the Named Insured as follows:

## 1. LIBERTY MUTUAL

The term Liberty Mutual means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation, all having their principal place of business at 175 Berkeley Street, Boston, Massachusetts.

# INSURING AGREEMENT

**Coverage A - Personal Injury Liability**

**Coverage B - Property Damage Liability**

**Coverage C - Advertising Liability**

Liberty Mutual will indemnify the Insured for ultimate net loss in excess of the retained limit hereinafter stated which the Insured shall become legally obligated to pay as damages because of

- A.   personal injury, or
- B.   property damage, or
- C.   advertising injury

to which this insurance applies, caused by an occurrence, and

- (1)   With respect to any personal injury, property damage or advertising injury not within the terms of the coverage of underlying insurance but within the terms of coverage of this insurance; or

- (2)   If limits of liability of the underlying insurance are exhausted because of personal injury, property damage or advertising injury during the period of this policy

Liberty Mutual will

- (a)   have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or advertising injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient; but Liberty Mutual shall not be obligated to pay any claim or judgment or to defend any suit after Liberty Mutual's limit of liability has been exhausted by payment of judgments or settlements;

- (b)   in addition to the amount of ultimate net loss payable;

  - (i)   pay all expenses incurred by Liberty Mutual , all costs taxed against the Insured in any suit defended by Liberty Mutual and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before Liberty Mutual has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of Liberty Mutual's liability thereon;

  - (ii)   pay premiums on appeal bonds required in any suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies but   Liberty Mutual shall have no obligation to apply for or furnish any such bonds.

CONFIDENTIAL                          LM002789

      (iii)   pay reasonable expenses incurred by Liberty Mutual's request in assisting  in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $50 per day.

In jurisdictions where Liberty Mutual may be prevented by law or otherwise from carrying out this agreement, Liberty Mutual will indemnify the Insured for such expense incurred with its written consent in accordance with this provision.

## PERSONS OR ENTITIES INSURED

(1)    The Named Insured is the organization(s) named in the Declarations of this policy and includes:

    (a)   any subsidiary company (including subsidiaries thereof) and any other company under their control and active management at the inception date of this policy;

    (b)   new organizations acquired by the Named Insured during the policy  period, through consolidation, merger, purchase of the assets of, or assumption of control and active management; provided such acquisition or assumption is reported to Liberty Mutual within 60 days after it is effected and provided further such acquisition is endorsed on this policy;

    (c)   if the Named Insured in the Declarations is a partnership or joint venture, any partner or member thereof is included as a Named Insured but only with respect to his liability as a partner or member of such partnership or joint venture.

(2)    Each of the following is an Insured under this policy to the extent set forth below:

    (a)   any person, organization, trustee or estate to whom or to which the Named Insured is obligated by virtue of a written contract or permit to provide insurance such as is afforded by the terms of this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities used by the Named Insured and then only to the extent of the coverage required by such contract and for the limits of liability specified in such contract, but in no event for insurance not afforded by this policy nor for limits of liability in excess of the applicable limits of liability of this policy;

    (b)   at the option of the Named Insured and subject to the terms of the coverage of this insurance, any additional Insured(s) included in the underlying insurance listed in Schedule A, but only to the extent that insurance is provided for such additional Insured(s) thereunder;

    (c)   except with respect to the ownership, maintenance or use, including loading or unloading, of automobiles or aircraft,

        (i)   any officer, executive, employee, director or stockholder of the Named Insured while acting on behalf of such Named Insured;

        (ii)   any person or organization while acting as real estate manager for the Named Insured;

    (d)   any person while using, with the permission of the Named Insured, any automobile or aircraft owned by, loaned to or hired for use by or on behalf of the Named Insured and any person or organization legally responsible for the use thereof, provided the actual operation or other actual use is within the scope of such permission, and any officer, director or stockholder of the Named Insured with respect to the use of an automobile or aircraft not owned by the Named Insured but only while such automobile or aircraft is being used in the business of the Named Insured.  The insurance with respect to any person or organization other than the Named Insured does not apply under this paragraph (d):

        (i)   to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place;

CONFIDENTIAL                                    LM002790

    (ii)    to any automobile or aircraft hired by or loaned to the Named Insured, to the owner or a lessee (of whom the Named Insured is a sub-lessee) thereof other than the Named Insured, or to any agent or employee or such owner or lessee;

    (iii)    to any manufacturer of aircraft, aircraft engines or aviation accessories, or any aviation sales service, or repair organization or airport or hangar operator or their respective employees or agents.

## RETAINED LIMIT
## LIBERTY MUTUAL
## LIMIT OF LIABILITY

Regardless of the number of

(1)    Insureds under this policy,
(2)    persons or organizations who sustain injury or damage, or
(3)    claims made or suits brought because of personal injury, property damage, or advertising injury, Liberty Mutual's liability is limited as follows:

With respect to personal injury, property damage or advertising injury, or any combination thereof, Liberty Mutual's liability shall be only for the ultimate net loss in excess of the Insured's retained limit defined as the greater of:

(a)    an amount equal to the limit of liability indicated beside the underlying insurance listed in Schedule A hereof, plus the applicable limits of any other underlying insurance collectible by the Insured; or

(b)    the amount specified in Item 3, of the Limits of Liability section of the Declarations because of personal injury, property damage or advertising injury not within the terms of the coverage of the underlying insurance listed in Schedule A:

and then for an amount not exceeding the amount specified in Item 1. of the Limits of Liability section of the Declarations arising out of any one occurrence.

There is no limit to the number of occurrences during the policy period for which claims may be made, except that the liability of Liberty Mutual, because of either the products hazard or the completed operations hazard, or both combined, arising out of all occurrences during each policy year shall not exceed the amount specified in Item 2. of the Limits of Liability section of the Declarations.

For the purpose of determining the limits of Liberty Mutual

(1)    all personal injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence, and
(2)    with respect to advertising injury, all injury arising out of any advertisement publicity article, broadcast or telecast or any combination thereof involving the same injurious material or act, regardless of the frequency of repetition thereof or the number or kind of media used, whether claim is made by one or more persons, shall be deemed to arise out of one occurrence.

## POLICY PERIOD, TERRITORY

This policy applies to personal injury, property damage or advertising injury which occurs anywhere during the policy period.

CONFIDENTIAL                                    LM002791

# EXCLUSIONS

**This policy does not apply:**

(a) to any obligation for which the Insured or any carrier as his insurer may be held liable under any workers compensation, unemployment compensation or disability benefits law, or under any similar law;

(b) to property damage to

(1) property owned by the Insured, or

(2) the Insured's products arising out of such products or any part of such products, or

(3) work performed by or on behalf of the Insured arising out of the work or any portion thereof, or out of materials, parts of equipment furnished in connection therewith;

(c) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or

(2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured;

(d) to damages claimed for the withdrawal, inspection, repair, replacement or loss of the use of the Insured's products or work completed by or for the Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market of from use because of any known or suspected defect or deficiency therein;

(e) to advertising injury resulting from

(1) failure of performance of contract,

(2) infringement of trade mark, service mark of trade name by use thereof as the trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans,

(3) incorrect description of any article or commodity, or

(4) mistake in advertised price;

(f) to property damage in accordance with the provisions of this property damage exclusion endorsement attached hereto;

(g) as respects parts (b), (c), and (d) of the definition of personal injury, to injury arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the Named Insured;

(h) as respects part (c) of the definition of personal injury, to injury arising out of any publication or utterance, if the first injurious publication or utterance of the same or similar material by or on behalf of the Named Insured was made prior to the effective date of this policy;

CONFIDENTIAL                              LM002792

(l)    to bodily injure or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids of gases waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

**"advertising injury"** means libel, slander, defamation, infringement of copyright, title or slogan, piracy, unfair competition, idea misappropriation or invasion of rights of privacy, arising out of the Insured's advertising activities:

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**'completed operations hazard"** includes personal injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Insured.   "Operations" include materials, parts or equipment furnishing in connection therewith.  Operations shall be deemed completed at the earliest of the following times:

(a)    when all operations to be performed by or on behalf of the Insured under the contract have been completed,

(b)    when all operations to be performed by or on behalf of the Insured at the site of the operations have been completed, or

(c)    when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete shall be deemed completed.

The completed operations hazard does not include personal injury or property damage arising out of (1) operations in connection with the transportation of property, unless the personal injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof, (2) the existence of tools, equipment not installed or abandoned or unused  materials;

**"damages"**  means only those damages which are payable because of personal injury, property damage or advertising injury to which this insurance applies and includes damages for (1) death and for care and loss of services resulting from personal injury, (2) loss of use of property resulting from property damage, and (3) advertising injury;

**"insured"** means any person or organization qualifying as an Insured under the Persons or Entities Insured section of this policy.  The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of Liberty Mutual's liability;

**"insured's products"** means goods or products manufactured, sold, handled or distributed by the Insured or by others trading under his name, including any container thereof (other than a vehicle) but "Insured's products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold;

"Named Insured" means the organization(s) named in the Declarations of this policy;

The word "Insured" includes the Named Insured;

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in personal injury or property damage neither expected nor intended from the standpoint of the Insured;

"personal injury" means,

  (a)   injury;

  (b)   false arrest, detention or imprisonment or malicious prosecution;

  (c)   the publication or utterance of a libel or slander of other defamatory or derogatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (c) arises from publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the Named Insured;

  (d)   wrongful entry or eviction, or other conducted by or on behalf other Named Insured; wrongful entry or eviction, or other invasion of the right of private occupancy;

  (e)   assault and battery not committed by or at the direction of the insured, unless committed for the purpose of protecting persons or property;

"products hazard" includes bodily injury and property damage arising out of the Insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the Insured and after physical possession of such products has been relinquished to others;

"products damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

"ultimate net loss" means the sum actually paid or payable in cash in the settlement or satisfaction of losses for which the Insured is liable either by adjudication or compromise with the written consent of Liberty Mutual, after making proper deduction for all recoveries and salvages collectible, but excludes all loss expenses and legal expenses (including attorneys' fees, court costs and interest on any judgment or award) and all salaries of employees and office expenses of the Insured, Liberty Mutual or any underlying insurer so incurred.

## CONDITIONS

### 1. Premium

The premium for this policy shall be stated in the Declarations.

If the premium as stated in the Declarations is an advance premium, it shall be computed in accordance with the premium computation endorsement attached to the policy. If the Named Insured includes more than one person, partnership or organization they shall be jointly and severally liable for the premium for this policy.

### 2. Inspection and Audit

Liberty Mutual shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither Liberty Mutual's right to make inspections nor the making thereof nor any

CONFIDENTIAL                                        LM002794

report thereon shall constitute an undertaking, on behalf of or for the benefit o the Named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation. Liberty Mutual may examine and audit the Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

3. **Insured's Duties in the Event of Occurrence, Claim or Suit**

(a)   In the event of an occurrence, reasonably likely to exceed the retained limit, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for Liberty Mutual or any of its authorized agents as soon as practicable.

(b)   if claim is made or suit is brought against the Insured, the Insure shall immediately forward to Liberty Mutual every demand, notice, summons or other process received by him or his representative.

(c)   The Insured shall cooperate with Liberty Mutual and upon the Liberty Mutual's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of personal injury or property damage or advertising injury with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense; however, if the amount of ultimate net loss becomes certain either through trial court judgment or agreement among the Insured, the claimant and Liberty Mutual, then the Insured may pay the amount of ultimate net loss to the claimant to effect settlement and, upon submission of due proof thereof, Liberty Mutual shall indemnify the Insured for that part of such payment which is in excess of the retained limit.

4. **Appeals**

If the Insured or the Insured's underlying insurer elects not to appeal a judgment in excess of the retained limit, Liberty Mutual may elect to do so at its own expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of Liberty Mutual for ultimate net loss exceed the amount specified in the Limits of Liability section of the Declarations plus the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of Liberty Mutual for ultimate net loss exceed the amount specified in the limits of Liability section of the Declarations plus the taxable costs, disbursements and interest incidental to such appeal.

5. **Action Against Liberty Mutual**

No action shall lie against Liberty Mutual unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and Liberty Mutual. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join Liberty Mutual as a co-defendant in any action against the Insured to determine the Insured's liability, nor shall Liberty Mutual be imploded by the Insured or his Legal Representative. Bankruptcy or insolvency of the insured shall not relieve Liberty Mutual of any of its obligations hereunder.

6. **Other Insurance**

If collectible insurance with any insurer is available to the Insured covering  a loss also covered hereunder, the insurance hereunder shall be excess of, and not contribute with, such other insurance

CONFIDENTIAL

LM002795

**UMBRELLA EXCESS LIAB. ̴Y POLICY**                                    **INSURING AGREEMENT**

provided, however, this does not apply to insurance which is written as excess insurance over Liberty Mutual's limit of liability provided in this policy.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, Liberty Mutual shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a)   Contribution by Equal Shares.  If all of such other valid and collectible insurance provides for contribution by equal shares, Liberty Mutual shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shared of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss paid.

(b)   Contribution by Limits.  If any of such other insurance does not provide for contribution by equal shares, Liberty Mutual shall not be liable to a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability or all valid and collectible insurance against such loss.

## 7. Subrogation

In the event of any payment under this policy, Liberty Mutual shall be subrogated to all the Insured's rights of recovery therefor against any person or organization; and the Insured shall execute and deliver instruments an papers and do whatever else is necessary to secure such rights.  Any amount so recovered shall be apportioned as follows:

Any interest (including the Insured's) having paid an amount in excess of the retained limit plus Liberty Mutual limit of liability hereunder shall be reimbursed first to the extent of actual payment.  Liberty Mutual shall be reimbursed next to the extent of its actual payment hereunder.  If any balance then remains unpaid, it shall be applied to reimburse the insured or any underlying insurer, as their interest may appear.  The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries.  If there is no recovery in proceedings conducted solely by Liberty Mutual, it shall bear the expenses thereof.

## 8. Changes

Notice of any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or stop Liberty Mutual from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

## 9. Assignment

Assignment in interest under this policy shall not bind Liberty Mutual until its consent is endorsed hereon; if, however, the Named Insured shall die, or be adjudged bankrupt or insolvent, such insurance as is afforded by this policy shall apply (a) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (b) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only until the appointment and qualification of the legal representative.

## 10. Three Year Policy

If this policy is issued for a period of three years, the limits of Liberty Mutual's liability shall apply separately to each consecutive policy year thereof.

CONFIDENTIAL                                    LM002796

**11. Maintenance of Underlying Policies**

The Named Insured shall maintain the underlying policies (and renewals thereof) with limits of liability as stated in Schedule A in full effect during this policy period, except for any reduction or exhaustion of the aggregate limit or limits contained in such policies solely by payment of claims arising out of occurrences which happen during this policy period. Failure of the Named Insured to comply with the foregoing shall not invalidate this policy but in the event of such failure Liberty Mutual shall be liable only to the extent that it would have been liable had the Named Insured complied therewith.

The Named Insured shall give Liberty Mutual written notice as soon as practicable of any change in the scope of coverage or in the amount of limits of insurance under any underlying policy, and of the termination of any coverage or exhaustion of aggregate limits of any underlying insurer's liability.

**12. Acceptance**

By acceptance of this policy, the Insured agrees that this policy embodies all agreements existing between himself and Liberty Mutual relating to this insurance.

**IN WITNESS WHEREOF,** Liberty Mutual has caused this policy to be signed by:

---

**Name**
**Sr. Vice President**

---

**Date**

CONFIDENTIAL                                    LM002797



**Liberty Mutual Insurance Group/Boston**

# IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact Liberty Mutual at:

2100 WALNUT HILL LANE
P.O. BOX 152067
IRVING, TX  75015-2067
TELEPHONE (214)-550-7899

You may call Liberty Mutual's toll-free telephone number for information or to make a complaint at:

1-800-225-2390
EXTENSION - 41015

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX  78714-9104
FAX #(512) 475-1771

## PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

## ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

**GPO 4170 R1**

CONFIDENTIAL

**EXHIBIT C**



LETTER OF CREDIT/DEDUCTIBLE PLAN
BUSINESS ACCOUNTS # 09-2000-9451

## AGREEMENT FOR GUARANTEE OF DEDUCTIBLE REIMBURSEMENT

This agreement for guarantee of deductible reimbursement ("Agreement") is made effective as of 3/1/2000 , by and between Liberty Mutual, as defined in ¶1 below, and Policyholder, as defined in ¶2 below, to secure all of Policyholder's obligations to Liberty Mutual arising out of or in connection with any and all the following insurance policies, including any and all rewrites thereof (singularly the "Insurance Policy"; collectively the "Insurance Policies"), listed below:

| Policy No. | Insurer |
|---|---|
| TB1-191-409751-120 | Liberty Mutual Group |
| TH1-191-409751-110 | Liberty Mutual Group |

**1.     Liberty Mutual.** The term "Liberty Mutual" means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, or The First Liberty Insurance Corporation, all of which have their principal place of business at 175 Berkeley Street, Boston, Massachusetts, 02117. However, regardless of which company has issued an Insurance Policy, this Agreement will be satisfied if all payments are made to Liberty Mutual Insurance Company at the above address or as otherwise directed in writing by Liberty Mutual.

Notices to Liberty Mutual shall be in writing and shall be hand delivered or mailed by registered or certified mail, return receipt requested, to Liberty Mutual and addressed to the Division Financial Manager, 2100 Walnut Hill Lane Suite 100 Irving, TX 75038 or to such other address or person as Liberty Mutual may specify to Policyholder in writing. Notices given hereunder shall be deemed effective upon the date received as evidenced by the return receipt.

**2.     Policyholder.** The term "Policyholder", as used in this Agreement, shall mean The Boy Scouts of America , with its principal place of business at 1325 West Walnut Hill Lane Irving, TX 75060 and shall include all those listed on any of the above Insurance Policies as a "named insured," and all of them shall be jointly and severally liable for: the performance of the terms of this Agreement; the reimbursement of deductible advances made by Liberty Mutual owing to Liberty Mutual under the Insurance Policies.

Except for the deductible reimbursement notices contemplated in ¶5(a), any notice required to be sent to Policyholder shall be in writing and shall be hand delivered or mailed by registered or certified mail, return receipt requested, to the person designated below at Policyholder's principal place of business, and addressed to , or to such other address or person as Policyholder may specify to the Liberty Mutual in writing. Notices given hereunder shall be deemed effective upon the date received as evidenced by the return receipt. Notices to Policyholder shall be on behalf of all those listed as a "named insured" on any of the above Insurance Policies, and Policyholder will act on behalf of all of them, unless Policyholder and Liberty Mutual agree in writing on some other arrangement.

©1997, Liberty Mutual Insurance Company

BMU/LOC (DED) MOA - 4/97

3.      **Endorsements and Filings.** Liberty Mutual has issued or will issue to Policyholder the above listed Insurance Policies and, with the consent of Policyholder, has attached or will attach to some or all of the Insurance Policies certain deductible endorsements. Liberty Mutual has also filed, or will file, with appropriate federal and state regulatory agencies, where applicable, evidence of insurance for the protection of the public, and has issued or will issue evidence of insurance to additional parties who require or request such evidence of insurance.

4.      **Deductible Advances.** Pursuant to the terms of the Insurance Policies, Liberty Mutual may advance any part or all of the deductible amount on behalf of Policyholder for claims which are the sole and exclusive liability of Policyholder. Policyholder agrees to reimburse Liberty Mutual for such payments, and any allocated loss adjustment expenses and costs applicable to such claims.

5.      **Reimbursement and Payment; Disputed Amounts.**

(a) Reimbursement by Policyholder of amounts paid or advanced by Liberty Mutual, under the circumstances described in ¶4 above, shall be made within twenty (20) days of receipt by Policyholder of any written request by Liberty Mutual for reimbursement of said amounts. Payment by Policyholder of any adjusted deductible advances due under the Insurance Policies shall be made within twenty (20) days of receipt by Policyholder of any written notice by Liberty Mutual to Policyholder that such a payment is required. Should any reimbursement not be made within said twenty (20) day period, then, in addition to all other rights and remedies available to Liberty Mutual hereunder, under the policies, or at law or in equity, Liberty Mutual shall be entitled to receive a late payment charge computed at a rate of 1 and 1/2 percent per month on the overdue amount, for actual days elapsed from the date due until paid.

(b) Should a dispute arise as to an amount due within the "Deductible Advance " based on Policyholder's good faith belief that Liberty Mutual has, because of an administrative error, miscalculated the Deductible Advance, then Policyholder, after written notice to Liberty Mutual indicating the nature and amount of the dispute, agrees to either:

(i) Pay the Deductible Advance, including the disputed amount. However, if the disputed advance amount is resolved in Policyholder's favor, Liberty Mutual shall credit Policyholder such disputed advance plus accrued interest at the prevailing Prime Rate (as published in the Wall Street Journal) plus 1% per annum as of the original receipt date of the disputed advance amount to the date said amount is credited to Policyholder; or

(ii) Pay the Deductible Advance as billed, net of the disputed amount. However, if the disputed advance amount is resolved in Liberty Mutual's favor, Policyholder shall remit to Liberty Mutual such disputed advance amount plus accrued interest at the prevailing Prime Rate (as published in the Wall Street Journal) plus 1% per annum from the original due date of the disputed advance amount to date of remittance to Liberty Mutual.

6.      **Letter of Credit.** To secure deductible reimbursement, whether now existing or hereafter arising, of Policyholder to Liberty Mutual arising under or in connection with the Insurance Policies and this Agreement (the "Obligations"), Policyholder shall deliver to Liberty Mutual a clean, irrevocable letter of credit providing for negotiation credit (multiple partial draws permitted), by sight draft, without notation, in form substantially similar to the attached specimen. The letter of credit shall name Liberty Mutual as the beneficiary, shall be issued by a bank satisfactory to Liberty Mutual, shall include an "evergreen" clause, and shall be for a term of at least twelve (12) months. The amount of the Letter of Credit shall be the amount as indicated on the attached schedule ( the "Schedule") reflecting estimated amounts of unpaid claims which are the responsibility of Policyholder because of the deductible amount set forth in the Deductible Endorsement.

7.      **Amended or Additional Letter of Credit.** Liberty Mutual may, at its sole discretion, determine that the potential liability under the deductible endorsements is greater than the amount of the existing Letter of Credit, and, if so, Liberty Mutual shall have the option to require Policyholder to deliver, within sixty (60) days of receipt by Policyholder of written notice by Liberty Mutual, an amendment to the existing Letter of Credit or an additional Letter of Credit (which shall otherwise conform with the requirements of ¶6 above) so that the total amount of such letter(s) of credit equals the amount set forth on the most recent Schedule.

8.      **Substitute Letter of Credit.** No later than sixty (60) days before the date of termination of a letter of credit, Policyholder shall deliver to Liberty Mutual a substitute Letter of Credit which fully complies with the requirements specified in ¶6 above. The substitute letter of credit shall take effect no later than the date of termination of the expiring letter of credit. The amount of the substitute Letter of Credit shall be at least equal to the amount shown on a substitute Schedule provided by Liberty Mutual and may adjusted from time to time pursuant to ¶7 above. If Liberty Mutual fails to deliver such substitute schedule at least sixty (60) days before the date of termination of a Letter of Credit, Policyholder shall nevertheless have the duty to deliver a substitute letter of credit based on the amounts indicated in the most recent schedule received by Policyholder. Policyholder's

duty to deliver a substitute letter of credit to replace an expiring letter of credit in accordance with this section shall continue until Policyholder has paid or liquidated all Obligations or until a date agreed upon by Policyholder and Liberty Mutual in writing.

9. **Drawing Upon the Letter of Credit.** Liberty Mutual agrees to draw upon any such letter of credit only if Policyholder fails to pay or reimburse Liberty Mutual, except that, in the event that Policyholder fails to either deliver an amended or additional letter of credit in compliance with ¶7, or a substitute letter of credit in compliance with ¶8, then Liberty Mutual may draw upon the full amount of the letter(s) of credit.

10. **Audit.** For the purposes of determining Policyholder's outstanding liability (or Potential Liability, defined as including, but not be limited to, all incurred reported claims and incurred but not reported claims) with respect to deductible reimbursements, owing to Liberty Mutual under the Insurance Policies or this Agreement, and for the purpose of preparing the Schedules contemplated in ¶¶ 6,7, and 8, above, Liberty Mutual, at reasonable times, shall from time to time be permitted to examine Policyholder's relevant books and records.

11. **Representations, Warranties, and Covenants of Policyholder.**

   (a)      Policyholder hereby represents and warrants that the execution, delivery and performance of this Agreement by Policyholder has been authorized by all necessary corporate actions. Policyholder executing this Agreement has full right and authority to execute and deliver this Agreement on behalf of all entities encompassed within the term "Policyholder."

   (b)      Policyholder covenants and agrees that so long as any Obligations under this agreement are outstanding, it will promptly execute and deliver all further instruments and documents and take all further action as may be necessary or as Liberty Mutual may request in order to perfect and protect any security interest granted hereby or to enable Liberty Mutual to exercise and enforce its rights and remedies hereunder.

12. **No Waiver; Cumulative Remedies; Amendment.** No failure on the part of Liberty Mutual to exercise nor any delay in exercising any right, power or remedy hereunder shall operate as a waiver hereof. No single or partial exercise by Liberty Mutual of any right, power, or remedy hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power, or remedy hereunder. Liberty Mutual shall not be deemed to have waived any of its rights or remedies hereunder by any act, delay, omission or otherwise or by any course of dealing ,and no waiver shall be valid unless in writing, signed by Liberty Mutual, and then only to the extent set forth therein. The remedies provided herein are cumulative and not exclusive. None of the provisions of this Agreement may be waived, altered, modified or amended other than by an instrument in writing signed by Liberty Mutual and Policyholder.

   No failure on the part of Policyholder to exercise nor any delay in exercising any right, power or remedy hereunder shall operate as a waiver hereof. No single or partial exercise by Policyholder of any right, power, or remedy hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power, or remedy hereunder. Policyholder shall not be deemed to have waived any of its rights or remedies hereunder by any act, delay, omission or otherwise or by any course of dealing ,and no waiver shall be valid unless in writing, signed by Policyholder, and then only to the extent set forth therein. The remedies provided herein are cumulative and not exclusive. None of the provisions of this Agreement may be waived, altered, modified or amended other than by an instrument in writing signed by Liberty Mutual and Policyholder.

13. **Merger and Integration; Severability.** This Agreement and all executed documents delivered pursuant hereto constitute the entire understanding and contract between the parties hereto pertaining to the subject matter hereof, and supersede any and all prior oral or written representations or communications with respect to the subject matter hereof, all of which communications are merged herein. This Agreement may be executed in one or more counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same instrument Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof.

14. **Termination.** This Agreement shall continue in full force and effect until Policyholder has no further Obligations to Liberty Mutual hereunder and under any and all policies of insurance issued by Liberty Mutual, including but not limited to the Insurance Policies.

15. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Texas.

IN WITNESS WHEREOF, Policyholder and Liberty Mutual have executed and delivered this Agreement under seal as of the date first set forth above.

Accepted for The Boy Scouts Of America

Title: Deputy Chief Scout Executive and Chief Financial Officer

June 9, 2000                    Dated

Accepted for Liberty Mutual Insurance Company

Title: SR. VICE PRESIDENT AND DIVISION MANAGER

June 13, 2000                    Dated

LM 0061