FILED

2022 APR 13  AM 9: 14

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

April 9, 2022

The Honorable Justice Silverstein
BSA Bankruptcy Case
824 Market Street
6th Floor
Wilmington, DE  19801

Dear Judge Silverstein,

I have been receiving weekly reports from Andrew Van Arsdale from day one. However it is still the same old crap.

I was in the 6th grade when I joined Troop 132 of the Boy Scouts in Boone, North Carolina, my home town.

I was abused double since the scout master _____ was also my school teacher. He would keep me after class to play with my penis. Then when we went camping, I was stuck in his sleeping bag while he again played with my penis. This went on for almost a year. Then out of the blue, he was gone from teaching and scouting. No one ever explained who turned him in.

I may be 68 years old, but I still remember the abuse like it was yesterday. My mental health took a toll too as I was a very mixed up kid. There were no counselors or anyone to help me get over the abuse.

From what I have read from Andrew Van Arsdale, there are 6 tiers in the settlement and I am on tier 4.

When all this started, I figured I would be dead before all this was settled. So recently, I started doing some investigating and I have attached only one page where _____ was given 10 years in prison because he had abused a child or children at the Federal Reservation Cherokee School in Cherokee, North Carolina back in 1987. Apparently, the school did not check his background.

Please, let's get this situation finished before I die.

██████████████ appeals a judgment sentencing him on his plea of guilty to ten years' imprisonment for taking indecent liberties with an eight-year old child for sexual purposes. Price, who is not an Indian, committed the offense against an Indian on the Cherokee Indian Reservation. He was convicted of violating North Carolina General Statute Sec. 14-202.1(a) (1), which was assimilated into federal law pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13. Price's assignments of error raise two issues: whether the North Carolina Fair Sentencing Act is applicable; and if the Act applies, whether the district court erred in its consideration of mitigating and aggravating factors.

The district court held that the Fair Sentencing Act was not applicable to prosecutions brought under the Assimilative Crimes Act. Nevertheless, it sentenced in accordance with the Fair Sentencing Act. We conclude that the Fair Sentencing Act is applicable and that the district court substantially complied with it. Accordingly, we affirm the judgment of the district court.

* North Carolina punishes any person taking indecent liberties with a child under 16 for the purpose of arousing or gratifying sexual desire as a class H felony. N.C.Gen.Stat. Sec. 14-202.1(a) (1) and (b). The maximum imprisonment for a class H felony is 10 years. Sec. 14-1.1(a) (8). North Carolina's Fair Sentencing Act specifies that the presumptive sentence for a class H felony is three years. Sec. 15A-1340.4(f) (6). The court, however, can depart from the presumptive sentence by weighing mitigating and aggravating factors that are proved by a preponderance of the evidence. If aggravating factors outweigh mitigating factors, the court may impose punishment up to the statutory maximum. Conversely, if mitigating factors preponderate, the court may impose a sentence less than the presumptive sentence. The court must explain its reasons for enhancing or reducing a sentence. Sec. 15A-1340.4(a) and (b).

We cannot accept the government's contention that the North Carolina Fair Sentencing Act is inapplicable. The Assimilative Crimes Act provides that a person who commits a crime at a place subject to federal jurisdiction which does not violate federal law but violates the law of a state where the place is situated "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13. Courts have long recognized that the plain language of this statute should be given effect. Speaking of an earlier version, the Supreme Court explained that an assimilated crime "although punished as an offense against the United States, was punishable only in the way and to the extent that it would have been punishable if the territory embraced by the reservation remained subject to the jurisdiction of the state." United States v. Press Publishing Co., 219 U.S. 1, 10, 31 S. Ct. 212, 214, 55 L. Ed. 65 (1911). The Court has also observed that while Congress could adopt a criminal code for federal